

MARK A. FINKELSTEIN (State Bar No. 173851)
mafinkelstein@jonesday.com
JONES DAY
3161 MICHELSON DRIVE
SUITE 800
IRVINE, CA 92612-4408
949.851.3939
949.553.7539 (Facsimile)

FILED
CLERK, U.S. DISTRICT COURT
MAY 1 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

SUSAN M. KAYSER (*pro hac vice* application pending)
skayser@jonesday.com
JESSICA D. BRADLEY (*pro hac vice* application pending)
jbradley@jonesday.com
JONES DAY
51 LOUISIANA AVE, NW
WASHINGTON, DC 20001
202.879.3939
202.626.1700 (Facsimile)

Attorneys for Plaintiffs Chloé SAS, Alfred Dunhill Limited,
Officine Panerai AG, and Montblanc-Simplo GmbH

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHLOE SAS, a French Corporation; ALFRED DUNHILL LIMITED, a UK Corporation; OFFICINE PANERAI AG, a Swiss Corporation; and MONTBLANC-SIMPLO GMBH, a German Corporation

Plaintiffs,

vs.

SAWABEH INFORMATION SERVICES CO.(d/b/a "SISCOM", tradekey.com, saudicommerce.com, and B2Bfreezone.com), a Saudi Arabian Corporation; TRADEKEY (PVT) LTD, a Pakistani Corporation; TRADEKEY, LLC, a Delaware Corporation; WALEED ABALKHAIL; JUNAID MANSOOR; BOSUN INTERNATIONAL TRADE CO.;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: CV11 04147 GAF (MANx)

VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION AND COUNTERFEITING

TO BE FILED UNDER SEAL[1]

LODGED
CLERK, U.S. DISTRICT COURT
MAY 1 3 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

---

[1] Plaintiffs request that this case be filed under seal so as not to alert the Defendants or other involved parties of the filing of this civil action. The Motion to file this action under seal, an Application seeking an ex parte seizure order, a temporary restraining order, and preliminary injunction, a motion seeking expedited discovery, an asset freeze as to Defendants' assets and a domain transfer order, and a motion to appoint counsel as substitute custodians are being filed concurrently herewith.

1

**COMPLAINT**

1  CCTRUE INTERNATIONAL TRADE )
   CO., LTD.; FANCYSALER )
2  TRADING CO.; FUZHOU )
   SUNSHINE TRADE CO., LTD; )
3  HENGTAI INTERNATIONAL; )
   JAMILAH MOUREH; KK FASHION )
4  LOVE ZONE; LOVE IN APPAREL )
   TRADE CO., LTD.; MELCHIC )
5  INTERNATIONAL TRADE )
   CO, .LTD; MYSTOCKWATCH CO., )
6  LTD; OFFRUNWAYBAGS.COM; )
   ORIENT-ONLINE CO., LTD; PARK )
7  CO. LTD; RICHEN-ONLINE CO., )
   LTD; SEASON-ONLINE CO., LTD; )
8  SEASONS-ONLINE CO. LTD- )
   ELAINE; SEVEN STAR REPLICASS; )
9  SHANGHAI TAOLAN )
   INTERNATIONAL TRADE LIMITED )
10 COMPANY; SHOP STAR STYLE; )
   SINOESTAR CO., LTD; )
11 SUPEROCEANS CO., LTD.; V52 )
   INTERNATIONAL TRADE CO., )
12 LTD; VERTEX ONLINE CO., LTD.; )
   WIN-WIN TRADE CO., LTD.; )
13 WWW.ECWATCH.NET; )
   YONGCHUANG TRADE CORP; )
14 ZHONGSHENG TRADE CO., LTD; )
   and JOHN DOES 1 through 5 )
15 inclusive, )

16          Defendants.

17      Plaintiffs Chloé SAS ("Chloé"), Alfred Dunhill Limited ("Alfred Dunhill"),

18 Officine Panerai AG ("Panerai"), and Montblanc-Simplo GmbH ("Montblanc"),

19 (collectively, the "Plaintiffs"), each an owner of an international luxury brand, seek

20 injunctive and monetary relief from defendants Sawabeh Information Services Co.

21 (d/b/a "SISCOM", tradekey.com, saudicommerce.com, and B2Bfreezone.com)

22 ("SISCOM"), TradeKey (Pvt) Ltd. ("TradeKey Pakistan"), TradeKey LLC

23 ("TradeKey US"), Waleed Abalkhail ("Abalkhail") and Junaid Mansoor

24 ("Mansoor") (collectively, the "TradeKey Defendants") for direct and contributory

25 trademark infringement, unfair competition, false designation of origin, trademark

26 dilution, and counterfeiting.  TradeKey.com, unlike eBay or other consumer auction

27 websites, is a business-to-business ("B2B") on-line website designed to attract and

28

                             2
                     _____
                          **COMPLAINT**

1  enable counterfeit luxury goods manufacturers, exporters, importers, and

2  distributors to traffic counterfeit luxury goods on a massive scale in over 200

3  countries worldwide.

4        By TradeKey's own admissions, counterfeit luxury goods is one of its

5  biggest "industries."  TradeKey is one of the few sites that allow their member

6  clients to offer for sale "replica" goods  – a term well understood to refer to

7  counterfeit goods.  Thousands of TradeKey members claim to offer Plaintiffs'

8  branded goods on TradeKey.com; yet none are authorized sellers, manufacturers,

9  suppliers, or distributors.  Tradekey.com's "luxury" goods market is counterfeit, not

10  genuine.

11        TradeKey.com makes its money by knowingly soliciting manufacturers,

12  exporters, importers, and distributors of counterfeit luxury goods to become paying

13  members of TradeKey.com ("GoldKey" or "SilverKey" members).  TradeKey then

14  enables and assists its GoldKey and SilverKey members to list counterfeit goods on

15  TradeKey.com and maximizes the reach and exposure of those listings.  TradeKey

16  manages and controls the member listings for counterfeit goods.  Among other

17  services provided to paying GoldKey and SilverKey members, TradeKey revises

18  descriptions of listings for counterfeit goods on TradeKey.com, including to mask

19  the unlawful activity, and inserts keywords and metadata into member listings to

20  direct Internet traffic searching for counterfeit goods to TradeKey's GoldKey and

21  SilverKey members on TradeKey.com.  GoldKey members (six times the annual

22  fee of a SilverKey member) are also provided a "dedicated relationship manager" to

23  ensure products and offerings for counterfeit luxury goods are provided maximum

24  exposure to anyone searching on the Internet or TradeKey.com for counterfeit

25  luxury goods.

26        TradeKey does not target individual consumers.  It is not a business-to-

27  consumer ("B2C") website or auction site targeted at consumers, such as eBay.  As

28  summarized above and set forth in more detail herein, for various fees, TradeKey

**COMPLAINT**

1   enables and assists its paying members to offer counterfeit products on a wholesale

2   scale.  The TradeKey Defendants also do business through two additional websites:

3   www.B2Bfreezone.com and www.saudicommerce.com and all TradeKey members'

4   listings are automatically cross-posted on these additional two websites owned

5   and/or managed by the TradeKey Defendants.  Searches for counterfeit listings of

6   Plaintiffs' branded goods on TradeKey.com, B2Bfreezone.com and

7   saudicommerce.com revealed identical results – the identical postings listed in the

8   exact same order.

9         Tradekey.com intentionally induces its members to promote and sell

10   counterfeit luxury goods in bulk and infringe Plaintiffs' valuable and well-known

11   trademarks CHLOÉ, ALFRED DUNHILL, PANERAI and MONTBLANC.

12   Tradekey.com recommends to its members to use and itself uses Plaintiffs' valuable

13   trademarks, as key terms to drive traffic to member's counterfeit listings on

14   Tradekey.com.  TradeKey knowingly allows and assists in listings for "replicas";

15   edits member listings to conceal counterfeit goods; cross-posts counterfeiters

16   listings on tradekey.com to other websites; and uses sophisticated search engine

17   optimization ("SEO") and common terms for counterfeit goods to drive Internet

18   traffic to Tradekey.com and members' counterfeit listings.  TradeKey also supplies

19   and continues to supply its website services to members it knows or has reason to

20   know are infringing Plaintiffs' trademarks and offering for sale counterfeit luxury

21   goods.

22         Plaintiff further brings this action seeking injunctive and monetary relief

23   against Bosun international trade corp, Cctrue International Trade Co., Ltd.,

24   Fancysaler Trading Co., Fuzhou Sunshine Trade Co, Ltd., HengTai International,

25   Jamilah Moureh, KK Fashion Love Zone, Love In Apparel Trade Co., ltd., Melchic

26   International Trade CO, .LTD, Mystockwatch Co., Ltd, OffRunwayBags.com,

27   Orient-online Co., Ltd, Park Co. Ltd, Richen-online Co., Ltd, Season-online Co.,

28   Ltd, Seasons-online CO. LTD-Elaine, Seven Star Replicass, Shanghai Taolan

1    International Trade Limited Company, Shop Star Style, Sinoestar Co., Ltd,

2    Superoceans Co., Ltd, V52 International Trade Co., Ltd, Vertex-online Co., Ltd,

3    Win-Win Trade Co., Ltd, www.ecwatch.Net, Yongchuang Trade Corp,

4    ZhongSheng Trade Co., Ltd, and JOHN DOES I-V ("John Does") (collectively,

5    "Individual Defendants") for trademark infringement, unfair competition, false

6    designation of origin, trademark dilution, and counterfeiting with respect to

7    Plaintiffs' famous marks CHLOÉ, ALFRED DUNHILL, PANERAI, and

8    MONTBLANC.  Each of the Individual Defendants is offering for sale counterfeit

9    goods infringing the marks owned by Plaintiffs as specified herein.

10          As alleged more fully below, the TradeKey Defendants and Individual

11   Defendants (collectively, the "Defendants") have violated, and continue to violate,

12   the Federal Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051, et seq. (the

13   "Federal Trademark Act"), and California law through the unauthorized sale, and

14   enabling and facilitating the unauthorized sale, of counterfeit CHLOÉ handbags,

15   clothing, footwear, jewelry and accessories (the "Counterfeit CHLOÉ Handbags"),

16   counterfeit ALFRED DUNHILL leather goods, watches, pens and men's

17   accessories (the "Counterfeit ALFRED DUNHILL Men's Goods"), counterfeit

18   PANERAI watches (the "Counterfeit PANERAI Watches"), and counterfeit

19   MONTBLANC writing instruments, watches, jewelry and leather goods (the

20   "Counterfeit MONTBLANC Goods").  The TradeKey Defendants intentionally

21   induce these Individual Defendants to infringe Plaintiffs' marks and continue to

22   supply its services on TradeKey.com to Individual Defendants it knows or has

23   reason to know are offering for sale and selling Counterfeit CHLOÉ Handbags,

24   Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches,

25   and Counterfeit MONTBLANC Goods (collectively, "Counterfeit Plaintiffs'

26   Branded Goods") on TradeKey.com, B2Bfreezone.com, and saudicommerce.com.

27

28

**COMPLAINT**

## PARTIES

1.     Chloé is a corporation organized and existing under the laws of the Republic of France, with its principal place of business located at 5/7 Avenue Percier, 75008 Paris, France. Chloé and its licensees and affiliates are the sole and exclusive distributors in the United States of handbags, clothing, footwear, jewelry, and accessories bearing the CHLOÉ Marks (as defined herein). Plaintiff does business in the United States as a division of Richemont North America, Inc., located at 645 Fifth Avenue, Fifth Floor, New York, New York 10022 and through boutiques, including the Chloé boutique located at 8448 Melrose Place, Los Angeles, California 90069, and authorized distributors.

2.     Alfred Dunhill Limited is a corporation organized and existing under the laws of England and Wales, with its registered office address at 15 Hill Street London, Westminster, London W1J 5QT, United Kingdom and a principal place of business at 5-7 Mandeville Place, London, SWIY 6DL, United Kingdom. Alfred Dunhill and its licensees, authorized distributors, and affiliates are the sole and exclusive distributors in the United States of menswear, leather goods, watches, men's jewelry, writing instruments, and gifts and accessories bearing the ALFRED DUNHILL Marks (as defined herein). Genuine Alfred Dunhill branded products are sold at 2347 S. Sepulveda Boulevard, West Los Angeles, CA 90064.

3.     Officine Panerai AG is a corporation organized and existing under the laws of the Switzerland, with its principal place of business located at Hinterbergstrasse 22, Postfach 61 Steinhausen 6312 Switzerland. Plaintiff Panerai crafts and distributes luxury watches, sport watches, and diving watches bearing the mark PANERAI. Panerai and its licensees, authorized distributors, and affiliates are the sole and exclusive distributors in the United States of luxury watches bearing the PANERAI Marks (as defined herein). A Panerai boutique is located at 9490A Brighton Way, Beverly Hills, CA 90210.

COMPLAINT

1      4.      Montblanc-Simplo GmbH is a limited liability company organized and

2   existing under the laws of Germany, with its principal place of business located at

3   Hellgrundweg 100, 22525 Hamburg, Germany.  Montblanc and its licensees,

4   authorized distributors, and affiliates are the sole and exclusive distributors in the

5   United States of luxury writing instruments, watches, jewelry,  and leather goods

6   bearing the MONTBLANC Marks (as defined herein).  A Montblanc boutique is

7   located at 8500 Beverly Boulevard, Suite 772, Los Angeles, CA 90048.

8      5.      Upon information and belief, Defendant SISCOM is a corporation

9   organized and existing under the laws of Saudi Arabia with its principal place of

10   business at P.O. Box 69088, Riyadh, Riyadh 11547, Saudi Arabia.  Upon

11   information and belief, Defendant SISCOM is the holding company for and owner

12   of 99.9% of the shares of TradeKey Pakistan and is also the owner of

13   Tradekey.com, B2Bfreezone.com, and saudicommerce.com enabling the sale of

14   Counterfeit Plaintiffs' Branded Goods, has the right and ability to control members'

15   offerings for counterfeit luxury goods on these websites and is receiving a direct

16   financial interest as a result of such infringing activities.

17      6.      Defendant TradeKey Pakistan is a corporation organized and existing

18   under the laws of Pakistan with its principal place of business at 10010-1002 10th

19   Floor Park Avenue Sharah-e-Faisal, Karachi, Pakistan.  Upon information and

20   belief, Defendant TradeKey Pakistan operates and controls the B2B e-commerce

21   portals Tradekey.com, B2Bfreezone.com, and saudicommerce.com enabling the

22   sale of Counterfeit Plaintiffs' Branded Goods, has the right and ability to control

23   members' offerings for counterfeit luxury goods on these websites and is receiving

24   a direct financial interest as a result of such infringing activities.

25      7.      Upon information and belief, Defendant TradeKey US is a Delaware

26   corporation with its principal place of business at 501 Silverside Road, Suite 105,

27   Wilmington, DE.  Upon information and belief, Defendant TradeKey US is

28

**COMPLAINT**

1    participating in and/or receiving a direct financial interest as a result of the

2    TradeKey Defendants' infringing activities as alleged herein.

3        8.    Defendant Junaid Mansoor, the CEO and a shareholder of TradeKey

4    Pakistan, is supplying, operates and/or controls the B2B e-commerce portals

5    Tradekey.com, B2Bfreezone.com, and saudicommerce.com enabling the sale of

6    Counterfeit Plaintiffs' Branded Goods.  Upon information and belief, Defendant

7    Mansoor operates and/or has the right and ability to control members' offerings for

8    counterfeit luxury goods on these websites and is receiving a direct financial

9    interest as a result of such infringing activities.

10        9.    Defendant Waleed Abalkhail, the Owner of SISCOM and

11    TradeKey.com and sole managing member of TradeKey US, is supplying the B2B

12    e-commerce portals Tradekey.com, B2Bfreezone.com, and saudicommerce.com

13    enabling the sale of Counterfeit Plaintiffs' Branded Goods.  Upon information and

14    belief, Defendant Abalkhail has the right and ability to control its members'

15    offerings on these websites and/or is receiving a direct financial interest as a result

16    of such infringing activities.

17        10.    Defendants Bosun international trade corp, Cctrue International Trade

18    Co., Ltd., Fancysaler Trading Co., Fuzhou Sunshine Trade Co, Ltd., HengTai

19    International, Jamilah Moureh, KK Fashion Love Zone, Love In Apparel Trade Co.,

20    ltd., Melchic International Trade CO, .LTD, Mystockwatch Co., Ltd,

21    OffRunwayBags.com, Orient-online Co., Ltd, Park Co. Ltd, Richen-online Co., Ltd,

22    Season-online Co., Ltd, Seasons-online CO. LTD-Elaine, Seven Star Replicass,

23    Shanghai Taolan International Trade Limited Company, Shop Star Style, Sinoestar

24    Co., Ltd, Superoceans Co., Ltd, Swiss Watch Collection, V52 International Trade

25    Co., Ltd, Vertex-online Co., Ltd, Win-Win Trade Co., Ltd, www.ecwatch.Net,

26    Yongchuang Trade Corp, and ZhongSheng Trade Co., Ltd  are consciously

27    engaging in the importation, promotion, distribution, advertisement, offering for

28    sale, and/or sale of the Counterfeit CHLOÉ Handbags, Counterfeit ALFRED

1   DUNHILL Men's Goods, Counterfeit PANERAI Watches, and/or Counterfeit

2   MONTBLANC Goods.

3      11. Upon information and belief, John Does I-V are individuals who are

4   also consciously engaging in the importation, promotion, distribution,

5   advertisement, offering for sale, and/or sale of the Counterfeit CHLOÉ Handbags,

6   Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches

7   and/or Counterfeit MONTBLANC Goods, but whose identity and number are

8   presently unknown.

9   **JURISDICTION AND VENUE**

10      12. This is an action arising under the Federal Trademark Act, 15 U.S.C. §

11   1051, *et seq.* and under the laws of the State of California.

12      13. This Court has jurisdiction under § 39 of the Federal Trademark Act,

13   15 U.S.C. § 1121(a), and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and

14   1338(b). This Court has supplemental jurisdiction over all other claims asserted

15   herein under 28 U.S.C. § 1367(a). The parties are diverse and the value of the

16   matter in controversy exceeds the sum or value of $75,000.

17      14. Personal jurisdiction is proper over all Defendants pursuant to Cal.

18   Code of Civ. Proc. § 410.10 because all Defendants have transacted and done

19   business in California, have solicited consumers in this Judicial District, have

20   specifically targeted customers in this Judicial District, have offered to sell and/or

21   have sold, or intentionally induced and enabled, and/or provided the means to offer

22   to sell and sell, Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL

23   Men's Goods, or Counterfeit PANERAI Watches, or Counterfeit MONTBLANC

24   Goods to consumers within this Judicial District.

25      15. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a

26   substantial part of the events giving rise to these claims arose in this Judicial

27   District.

28

9
**COMPLAINT**

## STATEMENT OF THE CLAIMS

16.     Plaintiffs manufacture and sell luxury goods distributed and marketed under their own trade names and trademarks, including the marks CHLOÉ, ALFRED DUNHILL, PANERAI, and MONTBLANC.  Plaintiffs sell their luxury goods in both their own boutiques and through limited authorized distributors established under strict contractual terms with Plaintiffs.  Plaintiffs' commitment to innovation in design and function, as well as the use of only the finest materials, has brought Plaintiffs renown as leading makers of luxury goods.

17.     TradeKey is profiting from the fees of its paying GoldKey and SilverKey members who use TradeKey.com as a safe haven to sell counterfeit luxury goods on a wholesale basis to other businesses.  The TradeKey members pay TradeKey fees for not only a platform to buy and sell their counterfeit luxury goods, but for the special and individualized attention TradeKey provides to ensure that its members post listings that will in fact attract persons seeking to buy and sell counterfeit goods on a wholesale basis.  TradeKey manages and controls its member listings, removing words and revising listings, embedding keywords of brand names and common terms used for counterfeit goods to ensure that Internet web traffic is directed to TradeKey.com and the member listings.

18.     Defendants, who have no affiliation with Plaintiffs or their affiliated companies, have attempted to capitalize on the popularity, reputation, and goodwill of the marks CHLOÉ, ALFRED DUNHILL, PANERAI, and MONTBLANC and, upon information and belief, have directly aided in the defrauding of consumers.  Upon information and belief, Individual Defendants import, manufacture, offer for sale, promote, advertise, sell, and/or distribute Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches, and/or Counterfeit MONTBLANC Goods to consumers in the United States, including California.

**COMPLAINT**

19.     Individual Defendants have imported, manufactured, offered for sale, promoted, advertised, sold and/or distributed the Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches, and Counterfeit MONTBLANC Goods without Plaintiffs' permission, authorization, or approval.  Individual Defendants' conduct is likely to cause, and has caused, consumers to mistakenly believe that the products sold and promoted by the Individual Defendants are endorsed by or affiliated with Plaintiffs and/or dilute the distinctive quality of the Plaintiffs' marks.

20.     Defendants SISCOM, TradeKey Pakistan, TradeKey US, Waleed Abalkhail, and Junaid Mansoor are enabling and facilitating the sale of Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches, and Counterfeit Montblanc Goods on the websites www.tradekey.com, www.B2Bfreezone.com and www.saudicommerce.com by knowingly encouraging and managing Individual Defendants postings to offer for sale and sale of said counterfeit products, and cross posting all listings from TradeKey.com on these two sites.

21.     Defendants SISCOM, TradeKey Pakistan, TradeKey US, Waleed Abalkhail, and Junaid Mansoor have actual knowledge of Individual Defendants offers to sell and sale of said counterfeit products, induce Individual Defendants to offer to sell and sell said counterfeit products, and control, manage, and manipulate member postings.  TradeKey is involved in determining the language used in the postings in the first instance, adds its own keywords and metadata using common terms for counterfeit goods, changes and manipulates the language of postings and controls the posting and content on its website which is infringing Plaintiffs' marks CHLOÉ, ALFRED DUNHILL, PANERAI, and MONTBLANC.

22.     For the above reasons, Defendants have caused, and unless enjoined, will continue to cause, Plaintiffs irreparable harm for which it has no adequate remedy at law and an incalculable loss of goodwill and damages.

11

**COMPLAINT**

# THE CHLOÉ BUSINESS AND MARKS

23.    Plaintiff Chloé has long distributed its handbags, clothing, footwear, jewelry and accessories under the mark CHLOÉ to its boutiques and authorized retailers in the United States.

24.    For decades, this famous, arbitrary and fanciful mark has received enormous exposure in the marketplace.  Over the years, millions of consumers have been exposed to the mark CHLOÉ through advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage.

25.    Plaintiff's mark CHLOÉ has been widely promoted, both in the United States and throughout the world, and is widely recognized.  Plaintiff displays the mark CHLOÉ in many advertising and promotional materials.  To date, Plaintiff Chloé has spent millions of dollars in advertising and promoting the mark CHLOÉ in connection with handbags, clothing, footwear, and accessories, and Plaintiff, its predecessors-in-interest and its affiliated companies have achieved hundreds of millions of dollars in sales of genuine CHLOÉ branded products.

26.    Luxury handbags bearing the mark CHLOÉ have come to be well-known by the purchasing public throughout the United States and world as products of the highest quality and exclusively originating from Plaintiff Chloé.  Plaintiff has experienced extensive sales and fame over the past five years as a result of the popularity of a number of "It" – meaning, highly sought after – handbags, including but not limited to the "Paddington" and "Bay" style CHLOÉ handbags that are enormously popular with the consuming public.

27.    As a result, Plaintiff's mark CHLOÉ is a widely-recognized trademark in the United States, and popular with consumers, which add enormous value to the officially manufactured handbags, clothing, footwear, jewelry and accessories that bear Plaintiff's mark CHLOÉ.

COMPLAINT

28.   Plaintiff Chloé is the owner of the right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks that are either federally registered or pending federal registration, the "Chloé Marks":

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| CHLOE | 1,491,810 | 18, 25 | **18:** handbags, purses,<br>**25:** bathrobes, bathing suits, coats, dresses, hats, jackets, shirts, blouses, trousers, skirts, scarves, shoes |
| CHLOE | 2,745,487 | 14 | Jewelry |
| **Chloé** | 3,291,996 | 18 | Goods made of leather and imitations of leather, namely, handbags, purses, traveling cases, traveling bags, luggage, backpacks, toiletry cases sold empty, credit card cases and holders, key cases, coin purses |
| **Chloé** | 1,182,862 | 14, 25 | **14:** jewelry-namely, dress jewelry<br>**25:** clothing-namely, belts, scarves, frocks, dresses, coats, costumes, suits, skirts, blouses, vests and pantsuits, hats, fur coats, jackets, stoles, capes |
| **Chloé** | 950,843 | 25 | Ladies' articles of clothing for outerwear-namely, frocks, dresses, coats, costumes, suits, skirts, blouses, vests and pant-suits; vests, hats and ties; and ladies' shoes |
| EDITH | 3,401,846 | 18 | Handbags purses, wallets |
| PADDINGTON | 3,398,517 | 18 | Handbags, purses, wallets, not intended for children |
| SEE BY CHLOE | 3,696,923 | 25 | Footwear |
| SEE BY CHLOE | 2,641,982 | 18, 25 | **18:** travelling bags, holdalls, tote bags, handbags, credit card case; purses, wallets, key cases, coin purses, parts and |

13

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | fittings for all the aforesaid goods |
| | | | **25:** clothing, namely, trousers, skirts, suits, dresses, jackets, blousons, shirts, coats, cardigans, sweaters, blouses, shorts, t-shirts, pullovers, scarves |
|  | 79/083,749 | 18, 25 | **18:** leather and imitations of leather; goods made of leather and imitations of leather, namely, wallets, coin purses, handbags, suitcases, travelling bags, credit card cases, key cases, backpacks, clutch bags, beach bags, shopping bags, briefcases, sling bags for carrying infants, travelling sets, namely, trunks, vanity cases sold empty, cosmetic bags sold empty; wallets, coin purses, handbags, suitcases, travelling bags, credit card cases, key cases, backpacks, clutch bags, beach bags, canvas, reusable, mesh and textile shopping bags, briefcases, sling bags for carrying infants, travelling sets, namely, trunks, vanity cases sold empty, cosmetic bags sold empty, umbrellas, parasols and walking sticks; hides, skins  **25:** clothing, namely, jackets, blouses, belts, cloaks, ponchos, jumpers, dresses, leggings, tights, shorts, scarves, jumpsuits, cardigans, suits, capes, jeans, coats, rompers; footwear; headwear |

29.    Attached hereto as collective Exhibit 1 are true and correct copies of the United States Patent and Trademark Office certificates of registration listed above that, in accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, constitute constructive notice of Plaintiff's ownership of these trademarks.  All of the registrations set forth in Exhibit 1 are valid, subsisting, and owned by Plaintiff Chloé SAS.

30.    Registration Nos. 1,491,810, 2,745,487, 1,182,862, and 950,843, have achieved incontestable status and accordingly are conclusive evidence of the validity of and Plaintiff's exclusive right to use the marks shown therein in

14

**COMPLAINT**

1   commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C.

2   §§ 1065 and 1115(b), respectively.

3       31.     Plaintiff Chloé also owns common law rights in the above-identified

4   marks for use in connection with handbags, clothing, footwear and jewelry among

5   other goods.

6       32.     Plaintiff Chloé is also the owner of the trade name "CHLOÉ," under

7   which it has offered for sale, promoted, and advertised Plaintiff's products in the

8   United States.

9       33.     Plaintiff Chloé's extensive and continuous use of the mark CHLOÉ

10  has enabled Plaintiff to achieve fame and celebrity in the handbag, clothing and

11  accessories market.  Plaintiff's reputation and goodwill in its marks is a direct result

12  of Plaintiff's quality standards, extensive advertising and promotion, sales, and

13  exclusive sales through boutiques and limited authorized distributors.

14      34.     Based on the extensive sales of Plaintiff Chloé's handbags and such

15  handbags' wide popularity, the mark CHLOÉ has developed significance in the

16  minds of the relevant purchasing public, and the products and services utilizing

17  and/or bearing this mark are singularly associated and identified by the purchasing

18  public as originating with Plaintiff Chloé.

19              **THE ALFRED DUNHILL BUSINESS AND MARKS**

20      35.     Since 1893, Plaintiff Alfred Dunhill has manufactured and distributed

21  formal and casual menswear, handcrafted leather goods, fine men's jewelry and

22  timepieces, pens, men's designer clothes and accessories bearing the mark

23  ALFRED DUNHILL.

24      36.     Luxury menswear and accessories bearing the mark ALFRED

25  DUNHILL have come to be well-known by the purchasing public throughout the

26  United States as products of the highest quality and exclusively originating from

27  Plaintiff Alfred Dunhill.  For over one hundred years, this well-known and famous

28  mark has received enormous exposure in the marketplace.

15

**COMPLAINT**

37.     Over the years, millions of consumers have been exposed to the mark ALFRED DUNHILL through advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage.  As a result, Plaintiff's mark ALFRED DUNHILL is a widely-recognized trademark in the United States, and popular with consumers, which add enormous value to the officially manufactured menswear, leather goods, watches and accessories that bear Plaintiff's mark ALFRED DUNHILL.

38.     Plaintiff Alfred Dunhill has long distributed its products under the mark ALFRED DUNHILL to its boutiques and authorized retailers in the United States.

39.     Plaintiff Alfred Dunhill is the owner of the right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks that are either federally registered or pending federal registration, collectively, the "Alfred Dunhill Marks":

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| DUNHILL | 1,172,665 | 42 | Retail store services featuring the sale of smokers' accessories, man's clothing, haberdashery, toiletries, jewelry, leather goods, gift items, and many other items of various descriptions |
| DUNHILL | 843,270 | 18 | Umbrellas |
| DUNHILL | 843,178 | 14 | Watches |
| DUNHILL | 858,928 | 14 | Men's jewelry-namely, cuff links, tie bars, tie clasps, key chains, key rings |
| DUNHILL | 858,964 | 16 | Pens and pencils |
| dunhill | 540,389 | 18 | Billfolds, document cases and wallets, all being goods made of leather |

16

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| dunhill | 1,799,883 | 14, 18 | **14:** Jewelry and watches<br><br>**18:** Luggage and small leather goods; namely, wallets, card cases, attaché cases |
| dunhill | 1,734,900 | 24, 25 | **24:** handkerchiefs<br><br>**25:** men's clothing, namely, ties, cravats, dress shirts, sport shirts, sweaters, belts, suspenders, gloves, hats, scarves, leather and suede coats and jackets, wool jackets, rainwear, underwear, sleepwear and robes |
| dunhill LINKS | 3,423,210 | 18, 24, 25, 28 | **18:** goods made of leather and imitations of leather, namely, luggage, trunks, traveling bags, bags, namely, carry-on bags, all purpose sports bags, flight bags, travel bags, tie bags for travel, shopping bags, holdalls, suit bags, backpacks, knapsacks, tote bags, shaving bags sold empty, duffle bags, overnight bags, shoe bags, cases, namely, suitcases, credit card cases, travel attaché cases designed to organize and hold passports, plane tickets and currency, and toiletry cases sold empty, attaché cases, briefcases, key cases, pouchettes, namely, a handheld carrying case with compartments for pens, notepads, calendars, money, credit cards and other personal items; suit bags, backpacks, knapsacks, wallets, purses, leather key fobs, notepad holders, umbrellas, walking sticks<br><br>**24:** textile fabrics for the manufacture of clothing, towels, golf towels, textile clothing labels, handkerchiefs, lap rugs<br><br>**25:** clothing, namely, shirts, jackets, blousons, trousers, pants, shorts, t-shirts, polo shirts, socks; knitwear, namely, sweaters, cardigans, fleece pullovers; waterproof clothing, namely, waterproof jackets and trousers; belts, gloves, training sneakers, scarves, ties, headwear, sun visors, hats, caps; footwear<br><br>**28:** Golf clubs, golf club covers, golf balls, golf tees, bags specifically adapted for sports equipment, golf club protectors, |

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | golf markers and golf gloves, golf score pads |
| **dunhill** LONDON | 3,629,424 | 14, 16, 18, 25, 34 | **14:** key rings and key chains of precious metals or coated therewith; jewelry, cufflinks, tie bars, tie clips, necktie clips, tie pins, lapel pins, and collar and shirt studs; precious stones; horological and chronometric instruments, watches, clocks, watch straps, watch bracelets; key holders of precious metal; parts and fittings for all the aforesaid goods<br><br>**16:** writing instruments, pouches for writing instruments; gift cases for writing instruments; ink and refills for writing instruments, stationery; writing utensil cases; personal organizers; desk sets; pens, pencils; pen and pencil holders; paperweights, diaries; inkwells and ink stands; passport holders, check book holders, check book covers; pen and pencil cases; document holders, photo albums; bookends; pen nibs; money clips; parts and fittings for all the aforesaid goods<br><br>**18:** trunks and traveling bags; umbrellas, collars for pets; luggage, bags, namely, tote bags, beach bags, satchels, toiletry bags sold empty; cases, namely, suitcases; briefcases, attaché cases, holdalls, pouchettes, garment bags for travel, backpacks, credit card cases, key cases, wallets, coin purses, handbags<br><br>**25:** clothing, namely, shirts, pants, trousers, jackets, evening jackets, tuxedos, blazers, windcheaters, blousons, fleece pullovers, quilted vests, suits, raincoats, coats, shorts, cardigans, sweaters, tank tops, waistcoats, t-shirts, polo shirts, casual shirts, business shirts, bathrobes, dressing gowns, socks, golf shirts, golf sweaters, golf trousers, golf shoes, swimwear, sleepwear, underwear, rainwear, waterproof jackets, sweat shirts, sweat pants, cummerbunds, gloves, footwear, hats, caps, sun visors, scarves, belts, ties |

18

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| DUNHILL FACET | 3,763,362 | 14, 18 | **14:** Goods in precious metals or coated therewith, namely, key fobs, key rings, and key chains; cufflinks; horological and chronometric instruments, watches, clocks, watch straps, watch bracelets; parts and fittings for all the aforesaid goods<br><br>**18:** Goods made of leather and imitations of leather, namely, key chains, key cases, pocket wallets, coin purses, luggage tags; trunks and traveling bags, umbrellas, parasols and walking sticks; shooting sticks, namely, a combined walking stick and seat; canes; collars for pets; luggage; tote bags, duffle bags, carry on bags, all purpose sports bags, flight bags, tie bags for travel, barrel bags, shaving bags sold empty, overnight bags, business card cases, beach bags, satchels, toiletry bags sold empty, suitcases; briefcases, attaché cases, aftershave cases sold empty, document cases, pochettes, namely, hand-held carrying cases for documents and personal items; garment bags for travel, knapsacks, backpacks, credit card cases, key cases not made of leather, key wallets, wallets, coin purses not made of leather, handbags |
|  | 3,763,494 | 14, 16, 18, 25 | **14:** Key fobs, key rings and key chains of precious metals or coated therewith; household containers of precious metals or coated therewith; jewellery; cufflinks; tie bars; tie clips; necktie clips; tie pins; lapel pins; collar and shirt studs; precious stones; horological and chronometric instruments, watches, clocks, watch straps, watch bracelets; key holders of precious metals; parts and fittings for all the aforesaid goods<br><br>**16:** Writing instruments, pouches for writing instruments; gift boxes for writing instruments; ink and refills for writing instruments, stationery; personal organisers, desk sets, pens, pencils; pen and pencil holders; paperweights, diaries; inkwells and ink stands; passport holders, cheque book holders, cheque book covers; pen and pencil cases; document |

19

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | holders and cases, albums for photographs; bookends; pen nibs; money clips; parts and fittings for all the aforesaid goods

**18:** Trunks and travelling bags; umbrellas, parasols and walking sticks; canes; collars for pets; luggage, bags and cases, tote bags, beach bags, satchels, toiletry bags sold empty; suitcases; briefcases, attaché cases, holdalls; pochettes, namely, hand-held carrying cases for documents and personal items; garment bags for travel, backpacks, credit card cases and holders, key cases, wallets, coin purses, handbags; parts and fittings for all the aforesaid goods

**25:** Clothing, namely, shirts, pants, trousers, jackets, evening jackets, tuxedoes, blazers, windcheaters, blousons, fleece pullovers, quilted vests, suits, raincoats, coats, shorts, cardigans, sweaters, tank tops, waistcoats, t-shirts, polo shirts, casual shirts, business shirts, bathrobes, dressing gowns, socks, golf shirts, golf sweaters, golf trousers, golf shoes, swimwear, sleepwear, underwear, rainwear, waterproof jackets, sweat shirts, sweat pants, cummerbunds, gloves, scarves, belts, ties; footwear and headgear, namely, hats, caps and sun visors |
|  | 1,322,065 | 14 | Men's jewelry, all made of precious metal-namely, cuff links, money clips, tie clasps |
|  | 3,748,138 | 14, 16, 18, 25 | **14:** goods in precious metals or coated therewith, namely, key rings and key chains of precious metals or coated therewith; jewelry; cufflinks; tie bars; tie clips; necktie clips; tie pins; lapel pins; collar and shirt studs; precious stones; horological and chronometric instruments, watches, clocks, watch straps, watch bracelets

**16:** writing instruments, pouches for writing instruments; gift cases for writing instruments; pen ink and refills, |

20

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | stationery; writing utensil cases; personal organizers; desk sets; pens; pencils; pen and pencil holders; paperweights; diaries; inkwells and ink stands; passport holders; check book holders; check book covers; pen and pencil cases; document holders and cases; picture albums; bookends; pen nibs; money clips<br><br>**18:** trunks and traveling bags; umbrellas; collars for pets; luggage; travel bags and travel cases; tote bags; beach bags; satchels; toiletry bags sold empty; suitcases; briefcases; attaché cases; holdalls; pouchettes, namely, hand held carrying cases for documents and personal items; garment bags for travel; backpacks; credit card cases and holders; leather key cases; wallets; coin purses; handbags<br><br><br>**25:** Clothing, namely, shirts, pants, trousers, jackets, evening jackets, tuxedos, blazers, windcheaters, blousons, fleece pullovers, quilted vests, suits, raincoats, coats, shorts, cardigans, sweaters, tank tops, waistcoats, t-shirts, polo shirts, casual shirts, business shirts, bathrobes, dressing gowns, sock, golf shirts, golf sweaters, golf trousers, golf shoes, swimwear, sleepwear, underwear, rainwear, waterproof jackets, sweat shirts, sweat pants, cummerbunds, gloves, footwear, hats, caps, sun visors, scarves, belts, ties |
| D-EIGHT | 3,053,189 | 14, 16, 18, 25, 34 | **14:** Goods, made all or in part of precious metals or coated therewith, namely, flasks, cups, key rings, key fobs and key chains, smokers' articles of precious metals or coated therewith, namely ashtrays, cigar and cigarette lighters, cigar cutters, cigar and cigarette cases; belt buckles of precious metals or coated therewith; jewelry, cufflinks; tie bars; tie clips; tie pins, lapel pins; horological and chronometric instruments, watches, clocks, watch straps, watch bracelets; parts and fittings for all the aforesaid |

21

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | goods |
| | | | **16:** Writing instruments, pouches for writing instruments, gift cases for writing instruments, ink and refills, stationery; personal organizers, fountain pens, ball-point pens and pencils, pen and pencil holders; paperweights, diaries, inkwells and ink stands; passport holders, checkbook holders, document holders; parts and fittings for all the aforesaid goods |
| | | | **18:** Goods made of leather and imitations of leather, namely, leather key fobs, satchels, suitcases and backpacks; trunks and traveling bags; umbrellas, walking sticks; luggage, flight bags, tie bags for travel, carrying cases, tote bags, toiletry bags sold empty; shooting sticks; briefcases, attaché cases, document cases, holdalls, pochettes in the nature of a hand held carrying case with compartments for pens, notepads, calendars, money, credit cards and other personal items; suit-carriers, namely garment bags, credit card cases and holders, key cases, wallets, coin purses, personal organizers, handbags; parts and fittings for all the aforesaid goods |
| | | | **25:** clothing, namely shirts, pants, trousers, suits, jackets, coats, shorts, cardigans, sweaters, waistcoats, t-shirts, polo shirts, dressing gowns, socks, swimwear, sleepwear, underwear, rainwear, raincoats, bandanas, footwear, and headgear in the nature of sun visors, hats and caps; braces, scarves, belts, ties, gloves, cravats |
|  | 2,852,116 | 14 | Watches |
| SENTRYMAN | 3,486,991 | 14, 16, 18, 28 | **14:** jewelry, cufflinks, tie bars<br><br>**16:** pens, writing instruments, desk accessories, namely, desk file trays, holders for desk accessories, and letter racks |

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | **18:** large and small leather goods namely, trunks and traveling bags, collars for pets, luggage, bags, and cases, tote bags, beach bags, satchels, toiletry bags sold empty, suitcases, briefcases, attaché cases, holdalls, pochettes, namely a handheld carrying case with compartments for pens, notepads, calendars, money, credit cards, and other personal items; garment bags for travel, backpacks, credit card cases, credit card holders, wallets, coin purses, handbags<br><br>**28:** gifts and games, namely, playing cards, back gammon sets, chess sets, dice sets, bridge card boxes, jigsaw puzzles, and a poker and roulette kit for use in travel or recreational settings comprising a mini-roulette wheel, a chip holder, betting chips, a chip sweeper, a printed roulette playing mat, playing mat, playing cards poker dice and a holding case for storing the same |
| SIDECAR | 2,893,171 | 18 | Umbrellas, briefcases, attaché cases, document cases; wallets, pochettes, namely, a hand held carrying case with compartments for pens, notepads, calendars, money, credit cards and other personal items; credit card cases; key cases; coin purses |

40.     Attached hereto as collective Exhibit 2 are true and correct copies of the United States Patent and Trademark Office certificates of registration listed above that, in accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, constitute constructive notice of Plaintiff Alfred Dunhill's ownership of these trademarks.  All of the registrations set forth in Exhibit 2 are valid, subsisting, and owned by Plaintiff.

41.     Registration Nos. 1,172,665, 843,178, 540,389, 1,799,883, 1,734,900, and 1,322,065, have achieved incontestable status and accordingly are conclusive evidence of the validity of and Plaintiff's exclusive right to use the marks shown

**COMPLAINT**

1  therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act,

2  15 U.S.C. §§ 1065 and 1115(b), respectively.

3      42.    Plaintiff Alfred Dunhill also owns common law rights in the above-

4  identified marks for use in connection with menswear and wallets among other

5  goods.

6      43.    Plaintiff is also the owner of the trade name "ALFRED DUNHILL,"

7  under which it has offered for sale, promoted, and advertised Plaintiff's products in

8  the United States.

9      44.    Plaintiff's mark ALFRED DUNHILL has been widely promoted, both

10 in the United States and throughout the world, and is widely recognized.  Plaintiff

11 displays the mark ALFRED DUNHILL in many advertising and promotional

12 materials.  To date, Plaintiff has spent millions of dollars in advertising and

13 promoting the mark ALFRED DUNHILL in connection with menswear and

14 accessories, and Plaintiff, its predecessors-in-interest and its affiliated companies

15 have achieved hundreds of millions of dollars in sales.

16     45.    Plaintiff's extensive and continuous use of the mark ALFRED

17 DUNHILL has enabled Plaintiff to achieve fame and celebrity in the menswear and

18 leather goods market.  Plaintiff's reputation is a direct result of Plaintiff's quality

19 standards, extensive advertising, promotion, widespread sales, and exclusive sale

20 through boutiques and limited authorized distributors.

21     46.    Based on the extensive sales and wide popularity of Plaintiff's

22 menswear and accessories, the mark ALFRED DUNHILL has developed

23 significance in the minds of the relevant purchasing public, and the products and

24 services utilizing and/or bearing this mark are singularly associated and identified

25 by the purchasing public as originating with Plaintiff.

26              **THE PANERAI BUSINESS AND MARKS**

27     47.    The PANERAI brand dates back to 1860 and is well-known for high

28 precision mechanisms and instruments and professional divers' instruments.

Panerai has for many years been the supplier of high precision underwater instruments to the Royal Italian Navy.  Certain Panerai brand timepieces can withstand pressure equivalent to depth of 1000 meters.  The well-known PANERAI brand includes such famous marks as Radiomir and Luminor.

48.    Panerai also produces limited and special editions of PANERAI brand timepieces.  A special edition called "Slytech" was created for Sylvestor Stallone, an admirer of the brand, which was used during the shooting of the movie Daylight.  Watches bearing the mark PANERAI have come to be well-known by the purchasing public throughout the United States and worldwide as products of high technical quality exclusively originating from Plaintiff Panerai.

49.    Over the years, millions of consumers have been exposed to the mark PANERAI through advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage.  As a result, Plaintiff's mark PANERAI is a widely-recognized trademark in the United States, and popular with consumers, which add enormous value to the officially manufactured and authorized watches that bear Plaintiff's luxury mark PANERAI.

50.    Plaintiff Panerai has long distributed its watches and timepieces under the mark PANERAI only through authorized retailers in the United States.

51.    Plaintiff Panerai is the owner of the right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks that are either federally registered or pending federal registration, collectively referred to as the "Panerai Marks":

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| PANERAI | 2,340,290 | 14 | Chronometers, watches |
| PANERAI | 2,673,704 | 16, 18, | **16:** pencils |

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | 25 | **18:** handbags<br><br>**25:** shirts, tee-shirts; belts, caps and hats |
| PANERAI COMPOSITE | 3,947,004 | 14 | Watches, chronometers, watch straps, watch bracelets, boxes of precious metal for watches |
| LUMINOR | 2,516,018 | 14 | Chronometers, watches and clocks |
| LUMINOR COMPOSITE | 3,889,408 | 14 | Watches, chronometers, clocks, watch straps, watch bracelets, boxes of precious metals for watches and jewellery |
| LUMINOR DAYLIGHT | 3,035,995 | 14 | Watches, chronometers, wall clocks, watchbands, boxes of precious metal for watches and jewelry |
|  | 3,178,943 | 14 | Watches |
| RADIOMIR | 2,418,830 | 14 | Chronometers; watches and clocks |
| RADIOMIR COMPOSITE | 3,882,739 | 14 | Watches, chronometers, clocks, watch straps, watch bracelets, boxes of precious metals for watches and jewellery |
|  | 3,756,691 | 14 | Watches |
| ARKTOS | 2,731,719 | 14 | Chronometers, watches, clocks |
| BLACK SEAL | 2,864,075 | 14 | Boxes and cases for watches; chronometers; watches and clocks |
|  | 2,323,571 | 14 | Chronometers; watches |
| L'ASTRONOMO | 3,947,005 | 14 | Watches, stopwatches, wall clocks, watch |

26

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | straps, boxes of precious metal for watches |
| LO SCIENZIATO | 3,927,967 | 14 | Watches, stopwatches, wall clocks, watch straps, boxes of precious metal for watches and jewelry |
| MARE NOSTRUM | 2,362,908 | 14 | Chronometers and watches |
| MARINA MILITARE | 3,174,281 | 14 | Watches, chronometers, clocks, watchbands, wristwatches, boxes of precious metal for watches and jewelry |
|  | 3,004,529 | 14 | Boxes and cases for watches; chronometers, watches and wall clocks |
| SEAL | 2,288,561 | 14 | Chronometers, and watches |
| SEALAND | 2,624,232 | 14 | Cases of precious metals for watches, chronometers, watches |
| SLYTECH | 3,046,425 | 14 | Watches, chronometers, wall clocks, watch straps, boxes of precious metal for watches and jewelry |
| ZEROGRAPH | 3,857,560 | 14 | Watches and chronometers |

52.    Attached hereto as collective Exhibit 3 are true and correct copies of the United States Patent and Trademark Office certificates of registration listed above that, in accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, constitute constructive notice of Plaintiff's ownership of these trademarks.  All of the registrations set forth in Exhibit 3 are valid, subsisting, and owned by Plaintiff.

COMPLAINT

53.     Registration Nos. 2,340,290, 2,516,018, 2,418,830, 2,731,719, 2,864,075, 2,323,571, 2,362,908, 2,288,561, and 2,624,232, have achieved incontestable status and accordingly are conclusive evidence of the validity of and Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b), respectively.

54.     Plaintiff Panerai also owns common law rights in the above-identified marks for use in connection with watches and timepieces among other goods.

55.     Plaintiff Panerai is also the owner of the trade name "PANERAI," under which it has offered for sale, promoted, and advertised Plaintiff's products in the United States.

56.     Plaintiff's mark PANERAI has been widely promoted, both in the United States and throughout the world, and is widely recognized.  Plaintiff displays the mark PANERAI in many advertising and promotional materials.  To date, Plaintiff has spent millions of dollars in advertising and promoting the mark PANERAI in connection with watches and timepieces, and Plaintiff, its predecessors-in-interest and its affiliated companies have achieved hundreds of millions of dollars in sales.

57.     Plaintiff's extensive and continuous use of the mark PANERAI has enabled Plaintiff to achieve fame and celebrity in the watches and timepieces market.  Plaintiff's reputation is a direct result of the robustness, high technical quality and craftsmanship of Plaintiff's timepieces and watches, Plaintiff's extensive advertising, promotion, sales, and exclusive sales through boutiques and authorized distributors.  Indeed, Plaintiff has experienced extensive sales and fame as a result of the popularity of a number of highly sought-after watches, including but not limited to the "Luminor" and "Radiomir" style PANERAI watches that are enormously popular with celebrities and the consuming public.

58.     Based on the foregoing, the mark PANERAI has developed significance in the minds of the relevant purchasing public, and the watches bearing the PANERAI mark are singularly associated with and identified by the purchasing public as originating with Plaintiff.

## THE MONTBLANC BUSINESS AND MARKS

59.     Since at least as early as 1913, Plaintiff Montblanc has manufactured and distributed writing instruments under the mark MONTBLANC, and over time has expanded the products offered under the mark MONTBLANC to include leather goods, jewelry and watches.  Montblanc has become well-known in the U.S. and worldwide for quality design, tradition and master craftsmanship in connection with luxury writing instruments, watches, jewelry, and leather goods bearing the mark MONTBLANC and as originating exclusively from Plaintiff.

60.     Over the years, this famous, arbitrary and fanciful mark has received enormous exposure in the marketplace.  Millions of consumers have been exposed to the mark MONTBLANC through advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage. Montblanc also produces special editions of its products associated with celebrities such as Ingrid Bergman and John Lennon.  As a result, Plaintiff's mark MONTBLANC is a widely-recognized trademark in the United States, and popular with consumers, which add enormous value to the officially manufactured fountain pens, writing instruments, watches, jewelry and leather goods that bear Plaintiff's mark MONTBLANC.

61.     Plaintiff Montblanc has long distributed its products under the mark MONTBLANC to its boutiques and authorized retailers in the United States.

62.     Plaintiff Montblanc is the owner of the right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks that are either federally

**COMPLAINT**

registered or pending federal registration, collectively referred to as the "Montblanc Marks":

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|------|---------|---------|-------|
| MONTBLANC | 776,208 | 16 | Fountain pens, cases for fountain pens, ball point pens, ball point cartridges, ball point paste, mechanical pencils, lead for mechanical pencils |
| MONTBLANC | 1,884,842 | 14, 18 | **14:** jewelry; watches and time pieces<br><br>**18:** purses, handbags, small leather articles and accessories, namely wallets and billfolds, and luggage |
| MONTBLANC | 2,820,561 | 37, 42 | **37:** maintenance and repair of writing instruments and accessories for writing instruments<br><br>**42:** retail store services for luxury items, namely, stationery, desk sets, jewelry, watches, eyewear, leather goods, writing instruments and parts and fittings therefor; design services for others for luxury items, namely, stationery, leather goods, writing instruments and parts and fittings therefor |
| MONTBLANC | 2,415,189 | 25 | Clothing accessories, namely, dress belts made of leather with belt buckles of precious and semi-precious metals distributed in channels of commerce where luxury articles are sold and promoted |
| MONT BLANC | 2,515,092 | 16 | Stationery, namely, envelopes, writing paper, writing cards |

30

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| MONT BLANC  | 3,059,776 | 6, 8, 9, 21, 25, | **6:** money clips, key rings, knife handles, all being made of metal<br><br>**8:** pocket-knives, razors; cases for pocket knives, cases for razors<br><br>**9:** graduated rulers, barometers<br><br>**21:** drinking flasks not of precious metal; serving trays, butlers trays, cups, all being not of precious metal; shaving brushes, shaving brush stand<br><br>**25:** clothing accessories, namely, neckties, scarves and shawls distributed in channels of commerce where luxury articles are sold and promoted |
| MONTBLANC NIGHTFLIGHT | 3,251,925 | 18 | Leather and imitation leather and goods made of these materials, namely, wallets, purses, credit card holders, briefcases, attaché cases, handbags, pouches and bags made of leather, travelling bags, key cases, backpacks, leather bands and shoulder straps for handbags and luggage, boxes made of leather; small leather goods, namely, name card cases, vanity cases sold empty, suitcases and school bags |
| MONTBLANC PROFILE | 2,717,140 | 14 | Watches, clocks |
| MONTBLANC SUMMIT | 2,738,532 | 14 | Watches and chronometers |
|  | 839,016 | 2, 16 | **2:** fountain pen ink<br><br>**16:** fountain pens, cases for fountain pens, ball point pens, ball point cartridges, mechanical pencils, lead for mechanical pencils, desk stands for pens |

31

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
|  | 1,878,584 | 14, 18 | **14**: jewelry; watches and timepieces<br><br>**18**: purses, handbags, small leather articles and accessories, namely wallets and billfolds, and luggage |
|  | 2,346,953 | 25 | Accessories for clothing, namely belts |
| SOLITAIRE | 1,347,728 | 16 | Writing instruments-namely, pens |
|  | 1,891,033 | 16 | Writing instruments; namely, pens and pencils |
|  | 1,723,665 | 16 | Writing instruments; namely, pens and pencils |
| BLACK MYSTERY | 3,752,471 | 16 | Writing instruments, in particular fountain pens, ball-point pens, pencils, felt-tip pens, document markers, pouches for writing instrument, gift cases for writing instruments, writing instrument inks and refills, stationery, diaries, paperweights, desk sets, desk stands for writing instruments and office implements, pen and pencil holders and parts and fittings for all the aforesaid goods |
| BOHÉME | 2,688,023 | 14, 16 | **14**: jewelry articles, namely, jewelry clips, brooches, pins, earrings, ear studs, rings, bracelets, chains, necklaces<br><br>**16**:Writing instruments, namely, fountain pens, ball-point pens, pencils, felt-tip pens; fountain pen ink cartridges and writing ink; ballpoint pen refills, felt tip |

32

**COMPLAINT**

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | pen refills |
| ETOILE DE MONTBLANC | 3,606,193 | 16 | Writing utensils, namely, fountain pens, ballpoint pens, pencils, felt-tipped pens, roller ball pens, and text markers; pouches for writing utensils; gift cases for writing utensils; inks and cartridges, namely, writing inks, pen ink refills, and pen ink cartridges; stationery, diaries, paperweights, desk sets; holders for writing and office utensils, namely, pen holders, pencil holders, and holders for desk accessories; and structural parts for all aforesaid goods included in this class |
| ETOILE SECRETE | 3,454,035 | 14 | Cufflinks; tiepins; jewelry, including rings, bracelets, earrings, necklaces, and brooches; wristwatches; chronometers; clocks and alarm clocks; watch straps; jewelry boxes and watch boxes made of precious metal for storing watches and jewellery |
| LA DAME BLANCHE | 3,366,186 | 14 | Watches and clocks; timekeepers, namely, chronometers; and jeweller's wares, namely, jewellery, and precious stones |
| LADYSTAR | 3,127,144 | 18 | Wallets, identity card and credit card cases, purses, briefcases, attaché cases; handbags, rucksacks, suitcases, travelling bags, walking sticks, whips, harness for horses, saddlery |
| LEONARDO | 2,875,587 | 16 | Pencils |
| MAGIE EN BLANC ET NOIR | 3,453,962 | 14 | Watches and clocks; timekeepers, namely, chronometers; and jeweller's wares, namely, jewellery, and precious stones |
| MEISTERSTUCK | 1,324,392 | 16 | Fountain pens, ballpoint pens and mechanical pencils including sets thereof, all made partially with precious metals |

33

COMPLAINT

| Mark | Reg. No. or App. No. | Int'l Class | Goods |
|---|---|---|---|
| | | | and sold in specialty stores |
| SIGNATURE FOR GOOD | 3,933,739 | 16, 18 | **16:** writing instruments, including fountain pens, ball-point pens, pencils, felt-tip pens, roller ball pens, document markers; pouches for writing instrument; gift boxes for writing instruments; writing inks and pen ink refills for writing instruments; stationery; diaries; paperweights; desk sets; desk stands in the nature of holders for writing instruments and office implements; pen and pencil holders; and parts and fittings for all of the aforesaid goods, namely, fountain pen nibs, pen and pencil clips, pen and pencil bodies, and pen and pencil caps<br><br>**18:** wallets, purses, credit card holders, pouches of leather, pouches for holding make-up, travel documents, business papers, monies, and keys and other personal items; briefcases, attaché cases, handbags, travelling bags and all purpose carrying bags |
| STARISMA | 2,788,900 | 18 | Wallets, purses, credit card holders, briefcases, attache-cases, handbags, pouches of leather, travelling bags |
| STARWALKER | 2,759,073 | 16 | Fountain pens, ball-point pens, pencils, felt-tip pens, rollerballs, gift cases for writing instruments |
|  | 3,659,753 | 16 | Writing instruments, namely, pens |
|  | 2,975,592 | 16 | Writing instruments |

63.   Attached hereto as collective Exhibit 4 are true and correct copies of the United States Patent and Trademark Office certificates of registration listed

34

**COMPLAINT**

1   above that, in accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15

2   U.S.C. §§ 7(b) and 1072, constitute constructive notice of Plaintiff's ownership of

3   these trademarks. All of the registrations set forth in Exhibit 4 are valid, subsisting,

4   and owned by Plaintiff.

5       64. Registration Nos. 776,208, 1,884,842, 2,820,561, 2,415,189, 2,515,092,

6   2,717,140, 2,738,532, 839,016, 1,878,584, 2,346,953, 1,891,033, 1,723,665,

7   2,688,023, 2,875,587, 1,324,392, 2,788,900, and 2,759,073 have achieved

8   incontestable status and accordingly are conclusive evidence of the validity of and

9   Plaintiff's exclusive right to use the marks shown therein in commerce as provided

10  by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b),

11  respectively.

12      65. Plaintiff Montblanc also owns common law rights in the above-

13  identified marks for use in connection with same goods.

14      66. Plaintiff is also the owner of the trade name "MONTBLANC," under

15  which it has offered for sale, promoted, and advertised Plaintiff's products in the

16  United States.

17      67. Plaintiff's extensive and continuous use of the mark MONTBLANC

18  has enabled Plaintiff to achieve fame and celebrity in the writing instrument market

19  and in connection with watches, jewelry and leather goods. Plaintiff's reputation

20  and association of the MONTBLANC brand with perfection, achievement and

21  quality is a direct result of Plaintiff's high quality standards, and extensive

22  advertising and promotion. Indeed, Plaintiff has experienced extensive sales and

23  fame as a result of the popularity of a number of highly sought-after writing

24  instruments, including but not limited to the "MEISTERSTÜCK" style

25  MONTBLANC fountain pen that is enormously popular with the consuming public.

26      68. Based on the extensive sales and wide popularity of Plaintiff

27  Montblanc's writing instruments, watches, jewelry, and leather goods with

28  celebrities and the consuming public the mark MONTBLANC has developed

35

COMPLAINT

1    significance in the minds of the relevant purchasing public, and the products

2    bearing the MONTBLANC mark are singularly associated with and identified by

3    the purchasing public as originating with Plaintiff.

**TRADEKEY.COM DESIGNED ITSELF FOR COUNTERFEITERS**

5        69.    The TradeKey Defendants designed TradeKey.com to attract, induce,

6    and assist the sale of counterfeit luxury goods, including Counterfeit CHLOÉ

7    Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI

8    Watches, and Counterfeit MONTBLANC Goods.

9        70.    TradeKey tells its GoldKey and SilverKey members that listing replica

10   products is not a problem on TradeKey and that replica products are one of

11   TradeKey's largest industries.

12       71.    In support of its platform to attract and assist in the wholesale sale of

13   counterfeit luxury goods, TradeKey offers "replica" as a product category when a

14   member attempts to post a sale or buy offer for branded products, such as Chloé

15   Handbags, for sale on TradeKey.com.  Further, when a member attempts to create a

16   posting for a branded product, TradeKey.com automatically suggests keywords,

17   including "replica."

18       72.    TradeKey.com does not remove listings for obviously counterfeit

19   products, rather, it will edit postings to remove the term "replica" from the title, but

20   leave the listing and all other information regarding the counterfeit luxury goods for

21   sale on its website.  TradeKey then provides search engine optimization services to

22   members who sell counterfeit goods.  This service helps direct Internet web traffic

23   to TradeKey.com and the TradeKey member listings so that members can increase

24   their sales of counterfeit goods.  As part of this service, the TradeKey Defendants'

25   authorized representatives suggest keywords, including terms that would be

26   commonly searched by seekers of counterfeit products.

27       73.    Upon information and belief, Defendants SISCOM, TradeKey

28   Pakistan, TradeKey US, Junaid Mansoor, and Waleed Abalkhail make profits by

1   increasing the number of members of TradeKey.com who pay for these services.

2   Upon information and belief, Defendants induce new members to join

3   TradeKey.com by offering services that specifically benefit counterfeiters and by

4   offering a safe haven where counterfeiters can market their services without

5   restriction.

6       74.   The sale of Counterfeit CHLOÉ Handbags, Counterfeit

7   MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and

8   Counterfeit PANERAI Watches facilitated and encouraged by Defendants SISCOM,

9   TradeKey Pakistan, TradeKey US, and Junaid Mansour is intended to cause and has

10  caused confusion, mistake, or deception of the trade and public, and is intended to

11  cause and is likely to cause the public to believe that counterfeit receipts made from

12  the templates and sold in connection with counterfeit goods are authorized,

13  sponsored, or approved by Plaintiff.

14      75.   Defendants SISCOM, TradeKey Pakistan, TradeKey US, and Junaid

15  Mansour and the counterfeiters that employ their services, including the Individual

16  Defendants, have intentionally used the marks CHLOÉ, ALFRED DUNHILL,

17  PANERAI and MONTBLANC knowing that, or willfully blind to the fact that, the

18  marks are identical to Plaintiffs' registered trademarks.

19  ### **INDIVIDUAL DEFENDANTS' WRONGFUL CONDUCT**

20      76.   Numerous TradeKey members, including the Individual Defendants,

21  offer for sale CHLOÉ, ALFRED DUNHILL, PANERAI and/or MONTBLANC

22  branded goods on Tradekey.com.

23      77.   On March 14, 2011, Plaintiffs, through a private investigator

24  purchased a blue face PANERAI watch direct from Defendant Win-Win Trade Co.,

25  Ltd. through a sell offer on Tradekey.com.  Plaintiff Panerai has confirmed that the

26  blue face PANERAI watch is a counterfeit reproduction of its product made from

27  inferior materials.

28

COMPLAINT

78. On March 16, 2011, Plaintiffs, through a private investigator purchased a red "CHLOÉ" handbag, a DUNHILL belt, and a PANERAI watch direct from Defendant Fuzhou Sunshine Trade Co, Ltd. through a sell offer on Tradekey.com. Plaintiff Chloé has confirmed that the red "CHLOÉ" handbag is a counterfeit reproduction of its product made from inferior materials. Plaintiff Alfred Dunhill has confirmed that the DUNHILL belt is a counterfeit reproduction of its product made from inferior materials. Plaintiff PANERAI has confirmed that the PANERAI watch is a counterfeit reproduction of its product made from inferior materials.

79. On March 21, 2011, Plaintiffs, through a private investigator purchased a white series PANERAI LUMINOR DAYLIGHT watch and a black DUNHILL dress watch direct from Defendant Vertex Online Co., Ltd. through a sell offer on Tradekey.com. Plaintiff Panerai has confirmed that the PANERAI LUMINOR DAYLIGHT watch is a counterfeit reproduction of its product made from inferior materials. Plaintiff Alfred Dunhill has confirmed that the black DUNHILL dress watch is a counterfeit reproduction of its product made from inferior materials.

80. On April 22, 2011, Plaintiffs, through a private investigator purchased a black MONTBLANC watch from Defendant Win Trade Co., Ltd. through a sell offer on Tradekey.com. Plaintiff Montblanc has confirmed that the black MONTBLANC watch is a counterfeit reproduction of its product made from inferior materials.

81. Also on April 22, 2011, Plaintiffs, through a private investigator purchased a MONTBLANC watch from Fuzhou Sunshine Trade Co, Ltd. through a sell offer on Tradekey.com. Plaintiff Montblanc has confirmed that the MONTBLANC watch is a counterfeit reproduction of its product made from inferior materials.

COMPLAINT

1    82.    Plaintiffs also purchased through a private investigator a "CHLOÉ"

2    olive green handbag direct from Defendant Moureh, identified as being with the

3    company "The Bag Lady," through a sell offer at Tradekey.com.  Plaintiff Chloé

4    has confirmed that the "CHLOÉ" olive green handbag the investigator purchased

5    from Defendant Moureh is a counterfeit reproduction of its product made from

6    inferior materials.

7    83.    Defendants Bosun international trade corp, Cctrue International Trade

8    Co., Ltd., Fancysaler Trading Co., Fuzhou Sunshine Trade Co., Ltd, HengTai

9    International, KK Fashion Love Zone, Love In Apparel Trade Co., ltd., Park Co.

10   Ltd, Season-online Co., Ltd, Seasons-online CO. LTD-Elaine, Shanghai Taolan

11   International Trade Limited Company, Sinoestar Co., Ltd, Superoceans Co., Ltd.,

12   V52 International Trade Co., Ltd, Vertex Online Co., Ltd., Yongchuang Trade Corp

13   and ZhongSheng Trade Co., Ltd offer Counterfeit CHLOÉ Handbags on

14   Tradekey.com.

15   84.    Even though the Counterfeit CHLOÉ Handbags sold by these

16   Defendants are of significantly inferior quality and design, they appear from the

17   website, and based on these Defendants' representations, to be substantially

18   indistinguishable from and substantially similar to Plaintiff Chloé's genuine

19   CHLOÉ goods.

20   85.    The design of the Counterfeit CHLOÉ Handbags, including the display

21   of the mark CHLOÉ, communicates to consumers that the Counterfeit CHLOÉ

22   Handbags originate from, were manufactured, licensed, approved, sponsored by, or

23   are otherwise affiliated with Plaintiff Chloé.  Accordingly, members of the

24   consuming public and others are likely to be confused or deceived into believing

25   that the Counterfeit CHLOÉ Handbags sold by these Defendants emanate from, are

26   sponsored or approved by, or are otherwise affiliated with Plaintiff Chloé.

27   86.    The Counterfeit CHLOÉ Handbags designed and offered for sale, sold,

28   and distributed by these Defendants are not genuine CHLOÉ goods.

**COMPLAINT**

87.     Defendants Bosun international trade corp, Cctrue International Trade Co., Ltd., Fancysaler Trading Co., Fuzhou Sunshine Trade Co., Ltd, Melchic International Trade CO, .LTD, Orient-online Co., Ltd, Richen-online Co., Ltd, Season-online Co., Ltd, Sinoestar Co., Ltd, Superoceans Co., Ltd., V52 International Trade Co., Ltd, Vertex Online Co., Ltd., www.ecwatch.net, and ZhongSheng Trade Co., Ltd offer Counterfeit ALFRED DUNHILL Men's Goods on Tradekey.com.

88.     Even though the Counterfeit ALFRED DUNHILL Men's Goods sold by these Defendants are of significantly inferior quality and design, they appear from the website, and based on these Defendants' representations, to be substantially indistinguishable from and substantially similar to Plaintiff Alfred Dunhill's genuine ALFRED DUNHILL goods.

89.     The design of the Counterfeit ALFRED DUNHILL Men's Goods, including the display of the mark ALFRED DUNHILL, communicates to consumers that the Counterfeit ALFRED DUNHILL Men's Goods originate from, were manufactured, licensed, approved, sponsored by, or are otherwise affiliated with Plaintiff Alfred Dunhill.  Accordingly, members of the consuming public and others are likely to be confused or deceived into believing that the Counterfeit ALFRED DUNHILL Men's Goods sold by these Defendants emanate from, are sponsored or approved by, or are otherwise affiliated with Plaintiff Alfred Dunhill.

90.     The Counterfeit ALFRED DUNHILL Men's Goods designed and offered for sale, sold, and distributed by these Defendants are not genuine ALFRED DUNHILL goods.

91.     Defendants Fuzhou Sunshine Trade Co., Ltd, HengTai International, Mystockwatch Co., Ltd, Orient-online Co., Ltd, Richen-online Co., Ltd, Season-online Co., Ltd, Seasons-online CO. LTD-Elaine, Sinoestar Co., Ltd, Superoceans Co., Ltd., V52 International Trade Co., Ltd, Vertex Online Co., Ltd., Win-Win

COMPLAINT

1    Trade Co., Ltd., and Yongchuang Trade Corp offer Counterfeit PANERAI Watches

2    on Tradekey.com.

3         92.    Even though the Counterfeit PANERAI Watches sold by these

4    Defendants are of significantly inferior quality and design, they appear from the

5    website, and based on these Defendants' representations, to be substantially

6    indistinguishable from and substantially similar to Plaintiff Panerai's genuine

7    PANERAI goods.

8         93.    The design of the Counterfeit PANERAI Watches, including the

9    display of the mark PANERAI, communicates to consumers that the Counterfeit

10   PANERAI Watches originate from, were manufactured, licensed, approved,

11   sponsored by, or are otherwise affiliated with Plaintiff Panerai.  Accordingly,

12   members of the consuming public and others are likely to be confused or deceived

13   into believing that the Counterfeit PANERAI Watches sold by these Defendants

14   emanate from, are sponsored or approved by, or are otherwise affiliated with

15   Plaintiff Panerai.

16        94.    The Counterfeit PANERAI Watches designed and offered for sale,

17   sold, and distributed by these Defendants are not genuine PANERAI goods.

18        95.    Defendants Cctrue International Trade Co., Ltd., Fancysaler Trading

19   Co., KK Fashion Love Zone, Love In Apparel Trade Co., ltd., Melchic International

20   Trade CO, .LTD, Mystockwatch Co., Ltd, Park Co. Ltd, Season-online Co., Ltd,

21   Seasons-online CO. LTD-Elaine, Shanghai Taolan International Trade Limited

22   Company, Sinoestar Co., Ltd, Superoceans Co., Ltd., V52 International Trade Co.,

23   Ltd, Vertex Online Co., Ltd., Win-Win Trade Co., Ltd., and Yongchuang Trade

24   Corp offer Counterfeit MONTBLANC Goods on Tradekey.com.

25        96.    Even though the Counterfeit MONTBLANC Goods sold by these

26   Defendants are of significantly inferior quality and design, they appear from the

27   website, and based on these Defendants' representations, to be substantially

28

COMPLAINT

1  indistinguishable from and substantially similar to Plaintiff Montblanc's genuine

2  MONTBLANC Goods.

3       97.   The design of the Counterfeit MONTBLANC Goods, including the

4  display of the mark MONTBLANC, communicates to consumers that the

5  Counterfeit MONTBLANC Goods originate from, were manufactured, licensed,

6  approved, sponsored by, or are otherwise affiliated with Plaintiff Montblanc.

7  Accordingly, members of the consuming public and others are likely to be confused

8  or deceived into believing that the Counterfeit MONTBLANC Goods sold by these

9  Defendants emanate from, are sponsored or approved by, or are otherwise affiliated

10  with Plaintiff Montblanc.

11       98.   The Counterfeit MONTBLANC Goods designed and offered for sale,

12  sold, and distributed by these Defendants are not genuine MONTBLANC Goods.

13       99.   Individual Defendants have offered for sale, sold, and distributed

14  Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods,

15  Counterfeit PANERAI Watches, and Counterfeit MONTBLANC Goods without

16  permission, authority, or license from Plaintiffs and, upon information and belief,

17  such actions were taken with full knowledge of Plaintiffs' ownership of and/or

18  exclusive rights to use and license the marks CHLOÉ, ALFRED DUNHILL,

19  PANERAI and MONTBLANC, and with the intent to benefit financially by trading

20  on the significant goodwill symbolized by the strong public recognition of the

21  marks CHLOÉ, ALFRED DUNHILL, PANERAI and MONTBLANC.

22       100.  Plaintiffs did not design or create the Counterfeit CHLOÉ Handbags,

23  Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI Watches,

24  or Counterfeit MONTBLANC Goods offered for sale, sold, and distributed by the

25  Individual Defendants, or authorize the manufacture of the Counterfeit CHLOÉ

26  Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI

27  Watches, or Counterfeit MONTBLANC Goods sold by Individual Defendants, nor

28  approve the Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL

**COMPLAINT**

1   Men's Goods, Counterfeit PANERAI Watches, or Counterfeit MONTBLANC

2   Goods.

3       101.   Upon information and belief, the Individual Defendants have made use

4   of the services of numerous financial institutions including, but not limited to

5   PayPal, in order to carry out, facilitate, complete, or ratify the unlawful transactions

6   complained of herein or used such entities to hold, transfer, transmit, relay,

7   maintain, or invest profits from the unlawful activities described herein.

8       102.   At all relevant times and in furtherance of their infringing activities,

9   the Individual Defendants have willfully and intentionally used and continue to use

10   Plaintiff  Chloé's CHLOÉ Marks on Counterfeit CHLOÉ Handbags, Plaintiff

11   Alfred Dunhill's ALFRED DUNHILL Marks on Counterfeit ALFRED DUNHILL

12   Men's Goods, Plaintiff Panerai's PANERAI Marks on Counterfeit PANERAI

13   Watches, and Plaintiff Montblanc MONTBLANC's Marks on Counterfeit

14   MONTBLANC Goods.

15       103.   As a result of the Individual Defendants' design, production,

16   manufacture, offering for sale, sale, advertisement, importation, and/or distribution

17   of Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods,

18   Counterfeit PANERAI Watches, and Counterfeit MONTBLANC Goods, the

19   consuming public is likely to be confused, deceived, and misled into believing that

20   the Individual Defendants' products emanate from and/or are authorized or

21   sponsored by Plaintiffs.

22   **TRADEKEY DEFENDANTS' FACILITATION OF COUNTERFEITING**

23       104.   The TradeKey Defendants allow the Individual Defendants, including

24   John Does 1-5, to advertise and highlight their counterfeit products on

25   TradeKey.com.  TradeKey.com advertises its members' counterfeit listings and

26   uses various techniques to guide internet traffic to its members' counterfeit listings.

27   Upon information and belief, at the direction of Defendants, TradeKey (Pvt.) Ltd.

28   provides extensive advice and support to members in order to help them increase

1   sales of Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's

2   Goods, Counterfeit PANERAI Watches and Counterfeit MONTBLANC Goods.

3        On TradeKey.com, there are thousands of sellers, both manufacturers and bulk

4   suppliers, offering for sale Counterfeit CHLOÉ Handbags, Counterfeit ALFRED

5   DUNHILL Men's Goods, Counterfeit PANERAI Watches and Counterfeit

6   MONTBLANC Goods.

7        105.   Plaintiff Chloé reviewed a list of sellers purporting to offer alleged

8   CHLOÉ-branded goods on the website Tradekey.com and determined that none of

9   the sellers offering CHLOÉ-branded goods on Tradekey.com were authorized by

10  Chloé or its related companies to sell CHLOÉ-branded goods, or are otherwise

11  authorized sellers, manufacturers, suppliers, dealers, or distributors of genuine

12  CHLOÉ-branded goods.

13       106.   Plaintiff Alfred Dunhill reviewed a list of sellers purporting to offer

14  alleged ALFRED DUNHILL-branded goods on the website Tradekey.com and

15  determined that none of the sellers offering ALFRED DUNHILL-branded goods on

16  Tradekey.com were authorized by Alfred Dunhill or its related companies to sell

17  ALFRED DUNHILL-branded goods, or are otherwise authorized sellers,

18  manufacturers, suppliers, dealers, or distributors of genuine ALFRED DUNHILL-

19  branded goods.

20       107.   Plaintiff Panerai reviewed a list of sellers purporting to offer alleged

21  PANERAI-branded goods on the website Tradekey.com and determined that none

22  of the sellers offering PANERAI-branded-goods on Tradekey.com were authorized

23  by Panerai or its related companies to sell PANERAI-branded goods, or are

24  otherwise authorized sellers, manufacturers, suppliers, dealers, or distributors of

25  genuine PANERAI-branded goods.

26       108.   Plaintiff Montblanc reviewed a list of sellers purporting to offer

27  alleged MONTBLANC-branded goods on the website Tradekey.com and

28  determined that none of the sellers offering MONTBLANC-branded goods on

**COMPLAINT**

1   Tradekey.com were authorized by Montblanc or its related companies to sell

2   MONTBLANC-branded goods, or are otherwise authorized sellers, manufacturers,

3   suppliers, dealers, or distributors of genuine MONTBLANC-branded goods.

4        109.   The TradeKey Defendants have knowledge that TradeKey.com is used

5   to sell Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's

6   Goods, Counterfeit PANERAI Watches and Counterfeit MONTBLANC Goods.

7        110.   Plaintiffs' Investigators informed the TradeKey Defendants'

8   employees and authorized representatives that they sold counterfeit branded goods,

9   including Counterfeit CHLOÉ Handbags and Counterfeit ALFRED DUNHILL

10  Men's Goods.

11       111.   The counterfeiters, including Individual Defendants, who employ

12  TradeKey's services through its website have offered for sale their Counterfeit

13  CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED

14  DUNHILL Men's Goods, and/or Counterfeit PANERAI Watches with the intent to

15  induce the public to purchase said products as genuine products that have been

16  made, sponsored, or approved by the producers of Plaintiffs' products.

17       112.   Investigators for Plaintiffs posted sell offers and product postings for

18  Chloé Handbags.  These sell offers and product postings state that they are for

19  "replica" Chloé Handbags.  None of these listings have ever been removed by

20  TradeKey.com.

21       113.   Investigators for Plaintiffs posted sell offers and product postings for

22  ALFRED DUNHILL Men's Goods.  These sell offers and product postings state

23  that they are for "replica" ALFRED DUNHILL Men's Goods.  None of these

24  listings have ever been removed by TradeKey.com.

25       114.   Investigators for Plaintiffs posted sell offers and product postings for

26  Panerai Watches.  These sell offers and product postings state that they are for

27  "replica" Panerai Watches.

28

**COMPLAINT**

115. Investigators for Plaintiffs posted sell offers and product postings for Montblanc Goods. These sell offers and product postings state that they are for "replica" Montblanc Goods.

116. Upon information and belief, Defendants SISCOM, TradeKey Pakistan, TradeKey US, and Junaid Mansour know about the continuing sale of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches and/or have been willfully blind to their members' sale of this unlawful merchandise using the services Defendants provide.

117. The activities of Defendant SISCOM, TradeKey Pakistan, TradeKey US, and Junaid Mansour and the counterfeiters that employ their services, including Individual Defendants, have resulted and are likely to result in the sale of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches being passed off as genuine merchandise.

118. The actions of Defendant SISCOM, TradeKey Pakistan, TradeKey US, and Junaid Mansour and their failure to act, have caused and will continue to cause immediate and irreparable harm to Plaintiffs and to the substantial goodwill embodied in Plaintiffs' registered trademarks and said harm will continue unless this Court enjoins the unlawful activities complained of herein.

119. Upon information and belief, Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in its marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI and with intent to trade off Plaintiffs' vast goodwill in its marks.

46

**COMPLAINT**

1

**FIRST CAUSE OF ACTION**
**DIRECT TRADEMARK INFRINGEMENT BY TRADEKEY DEFENDANTS**
**(Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

2

3    120.   As a cause of action and ground for relief, Plaintiffs allege that the

4    TradeKey Defendants jointly and severally are engaged in acts of trademark

5    infringement under the Lanham Act § 32(1), 15 U.S.C. § 1114(1), and incorporate

6    by reference ¶¶ 1 through 120 of the complaint as a part of this count.

7    121.   Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and

8    PANERAI and the goodwill of the businesses associated with the marks in the

9    United States and throughout the world are of great and significant value, are highly

10   distinctive and arbitrary, and have become associated in the public mind with the

11   products and services of the very highest quality and reputation.

12   122.   The TradeKey Defendants actions described above, including but not

13   limited to using Plaintiffs' marks to drive consumer traffic to the Individual

14   Defendants' listings, have caused and are likely to cause confusion and mistake and

15   to deceive potential customers and the general purchasing public as to the source,

16   origin, or sponsorship of Counterfeit CHLOÉ Handbags, Counterfeit

17   MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and

18   Counterfeit PANERAI Watches and are likely to deceive the public into believing

19   that the Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods,

20   Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI

21   Watches offered for sale or sold by the Individual Defendants with active assistance

22   and participation from the TradeKey Defendants originate from, are associated with,

23   or are otherwise authorized by Plaintiffs, thereby damaging Plaintiffs' reputation,

24   goodwill, and sales.

25   123.   The TradeKey Defendants unauthorized use of Plaintiffs' marks

26   CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI in the manner

27   herein above alleged constitutes trademark infringement in violation of the Lanham

28   Act § 32(1), 15 U.S.C. § 1114(1).

124.   The TradeKey Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in its marks and with intent to trade off Plaintiffs' vast goodwill in its marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

125.   As a result of the foregoing actions of the TradeKey Defendants, the TradeKey Defendants are being unjustly enriched and Plaintiffs are being injured and damaged.  Unless enjoined by this Court, the TradeKey Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing Plaintiffs irreparable injury for which it has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**DIRECT TRADEMARK INFRINGEMENT BY INDIVIDUAL SELLERS**
**(Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

126.   As a cause of action and ground for relief, Plaintiffs allege that the Individual Defendants jointly and severally are engaged in acts of trademark infringement under the Lanham Act § 32(1), 15 U.S.C. § 1114(1), and incorporates by reference ¶¶ 1 through 126 of the complaint as a part of this count.

127.   Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI and the goodwill of the businesses associated with the marks in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become associated in the public mind with the products and services of the very highest quality and reputation.

128.   The Individual Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches and are likely to deceive the public into believing that the Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches offered for sale or sold by the Individual

**COMPLAINT**

1   Defendants originate from, are associated with, or are otherwise authorized by

2   Plaintiffs, thereby damaging Plaintiffs' reputation, goodwill, and sales.

3       129.   The Individual Defendants unauthorized use of Plaintiffs' marks

4   CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI in the manner

5   hereinabove alleged constitutes trademark infringement in violation of § 32(1) of

6   the Federal Trademark Act, 15 U.S.C. § 1114(1).

7       130.   The Individual Defendants' acts complained of herein have been

8   deliberate, willful, and intentional, with full knowledge and in conscious disregard

9   of Plaintiffs' rights in its marks and with intent to trade off Plaintiffs' vast goodwill

10   in its marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

11       131.   As a result of the foregoing actions of the Individual Defendants, the

12   Individual Defendants are being unjustly enriched and Plaintiffs are being injured

13   and damaged.  Unless enjoined by this Court, the Individual Defendants will

14   continue to engage in the aforesaid acts of trademark infringement, thereby causing

15   Plaintiffs irreparable injury for which it has no adequate remedy at law.

16   **THIRD CAUSE OF ACTION**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**
17   **BY TRADEKEY DEFENDANTS**
**(Lanham Act § 32(1), 15 U.S.C. § 1114(1))**
18

19       132.   As a cause of action and ground for relief, Plaintiffs allege that the

20   TradeKey Defendants jointly and severally are engaged in acts of contributory

21   trademark infringement under the Lanham Act § 32(1), 15 U.S.C. § 1114(1), and

22   incorporates by reference ¶¶ 1 through 132 of the complaint as a part of this count.

23       133.   Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and

24   PANERAI and the goodwill of the businesses associated with the marks in the

25   United States and throughout the world are of great and significant value, are highly

26   distinctive and arbitrary, and have become associated in the public mind with the

27   products and services of the very highest quality and reputation.

28

**COMPLAINT**

1    134.   TradeKey Defendants intentionally induce the Individual Defendants

2  to offer Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods,

3  Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI

4  Watches through actions including but not limited to promoting Tradekey.com as a

5  forum for wholesale trade in counterfeit goods, offering advice on increasing web

6  traffic to counterfeit listings, using search engine optimization for Individual

7  Defendants' counterfeit product offerings and other techniques to direct counterfeit-

8  seekers to Individual Defendants' listings on TradeKey.com and offering Trust

9  Points to improve the Individual Defendants' credibility.

10    135.   TradeKey Defendants also continue to supply their website services on

11  Tradekey.com to the Individual Defendants with knowledge that the Individual

12  Defendants are using Tradekey.com to offer Counterfeit CHLOÉ Handbags,

13  Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods,

14  and Counterfeit PANERAI Watches.

15    136.   TradeKey Defendants' acts complained of herein have been deliberate,

16  willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs'

17  rights in its marks and with intent to trade off Plaintiffs' vast goodwill in its marks

18  CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

19    137.   As a result of the foregoing actions of TradeKey Defendants,

20  TradeKey Defendants are being unjustly enriched and Plaintiffs are being injured

21  and damaged.  Unless enjoined by this Court, the TradeKey Defendants will

22  continue to engage in the aforesaid acts of contributory trademark infringement,

23  thereby causing Plaintiffs irreparable injury for which it has no adequate remedy at

24  law.

**FOURTH CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN BY ALL DEFENDANTS**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

27    138.   As a cause of action and ground for relief, Plaintiffs allege that

28  Defendants jointly and severally are engaged in acts of trademark infringement,

1   unfair competition, and false designation of origin under the Lanham Act § 43(a),

2   15 U.S.C. § 1125(a), and incorporates by reference ¶¶ 1 through 138 of the

3   complaint as a part of this count.

4        139.  Defendants' use of Plaintiffs' marks CHLOÉ, MONTBLANC,

5   ALFRED DUNHILL, and PANERAI as alleged above, is likely to confuse, mislead,

6   or deceive customers, purchasers, and members of the general public as to the

7   origin, source, sponsorship, or affiliation of the Counterfeit CHLOÉ Handbags,

8   Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods,

9   and Counterfeit PANERAI Watches, and is likely to cause such people to believe,

10   contrary to fact, that the Counterfeit CHLOÉ Handbags, Counterfeit

11   MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and

12   Counterfeit PANERAI Watches originate from, or have been authorized, sponsored,

13   approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way

14   affiliated with or sponsored by Plaintiffs.

15        140.  Defendants' actions in the manner alleged above constitute a false

16   designation of origin, false and misleading descriptions of fact, and false and

17   misleading representations of fact, which have caused, and are likely to cause

18   confusion, mistake, and deception, in violation of the Lanham Act § 43(a), 15

19   U.S.C. § 1125(a).

20        141.  As a result of the foregoing actions of Defendants, Defendants are

21   being unjustly enriched and Plaintiffs are being injured and damaged.  Unless

22   enjoined by this Court, Defendants will continue to engage in the aforesaid acts of

23   contributory trademark infringement, thereby causing Plaintiffs irreparable injury

24   for which it has no adequate remedy at law.

25                   **FIFTH CAUSE OF ACTION**
          **TRADEMARK DILUTION BY ALL DEFENDANTS**
26               **(Lanham Act, 15 U.S.C. § 1125(c))**

27        142.  As a cause of action and ground for relief, Plaintiffs allege that

28   Defendants are jointly and severally engaged in acts of trademark dilution under

1    Lanham Act § 43(c), 15 U.S.C. § 1125(c), as amended, and incorporate by
2    reference ¶¶ 1 through 142 of the complaint as a part of this count.

3        143.   The marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and
4    PANERAI are widely recognized by the general consuming public in the United
5    States as a singular designation of the source of Plaintiffs' goods and thus are
6    famous and distinctive marks within the meaning of Lanham Act § 43(c)(2)(A), 15
7    U.S.C. § 1125(c)(2)(A).

8        144.   The marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and
9    PANERAI became famous within the meaning of Lanham Act § 43(c)(2)(A), 15
10   U.S.C. § 1125(c)(2)(A), long prior to the acts of the Defendants complained of
11   herein.

12       145.   Defendants' use of the marks CHLOÉ, MONTBLANC, ALFRED
13   DUNHILL, and PANERAI as alleged above in connection with the offering for sale
14   and sale of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods,
15   Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI
16   Watches is likely to blur and tarnish the distinctive qualities of the Plaintiffs'
17   famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI
18   respectively within the meaning of Lanham Act §§ 43(c)(2)(B) and 43(c)(2)(C), 15
19   U.S.C. § 1125(c)(2)(B) and 1125(c)(2)(C).

20       146.   Defendants' conduct has been undertaken with a willful intent to trade
21   on the reputation of Plaintiffs and to dilute the famous marks CHLOÉ,
22   MONTBLANC, ALFRED DUNHILL, and PANERAI, thereby entitling Plaintiffs
23   to damages and the other remedies available pursuant to Lanham Act § 43(c)(5), 15
24   U.S.C. § 1125(c)(2).

25
26
27
28

**COMPLAINT**

1

2

### SIXTH CAUSE OF ACTION
### COUNTERFEITING BY ALL DEFENDANTS
### (Lanham Act § 32(1) and 34(d)(1), 15 U.S.C. § 1114(1) and 1116(d)(1))

3

4

5

6

7

8

147.   As a cause of action and ground for relief, Plaintiffs allege that Defendants are jointly and severally engaged in acts of counterfeiting under Lanham Act § 32(1) and 34(D)(1), 15 U.S.C. § 1114(1) and 1116(d)(1), as amended, and incorporate by reference ¶¶ 1 through 147 of the complaint as a part of this count.

9

10

11

12

13

14

15

148.   Defendants are intentionally and knowingly using counterfeit marks in connection with the sale, offering for sale and/or distribution of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches which are identical to Plaintiffs' registered marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.   Defendants are using its counterfeit marks on goods identical to those covered by Plaintiffs' registrations for CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

16

17

18

19

20

21

22

23

24

25

26

149.   Defendants' unauthorized use of counterfeit versions of Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, and is likely to cause such people to believe, contrary to fact, that the Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches originate from, or have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

27

28

**COMPLAINT**

150.   As a result of the foregoing actions of Defendants, Defendants are being unjustly enriched and Plaintiffs are being injured and damaged. Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of counterfeiting, thereby causing Plaintiffs irreparable injury for which it has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## BY ALL DEFENDANTS
## (California Common Law )

151.   As a cause of action and ground for relief, Plaintiffs allege that Defendants jointly and severally are engaged in trademark infringement and unfair competition in violation of California common law and incorporates by reference ¶¶ 1 through 151 of the complaint as a part of this count.

152.   Defendants, with full knowledge of Plaintiffs' rights in the marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, and of the valuable goodwill associated therewith, have committed the acts alleged herein willfully, with the intent to trade on, or in complete disregard of, Plaintiffs' goodwill and the goodwill associated with Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

153.   As a result of the foregoing actions, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

154.   As a direct and proximate result of Defendants' acts of unfair competition, Defendants have obtained and continue to obtain gains, profits, and advantages which will be proven at trial.

COMPLAINT

### EIGHTH CAUSE OF ACTION
### UNFAIR COMPETITION BY ALL DEFENDANTS
(California Unfair Competition Statute,
Cal. Bus. & Prof. Code § 17200 et seq.)

155.    As a cause of action and ground for relief, Plaintiffs allege that Defendants jointly and severally are engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. and incorporates by reference ¶¶ 1 through 155 of the complaint as a part of this count.

156.    Defendants are assisting with the offering, offering, and/or selling Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches.

157.    Defendants are making unauthorized commercial use of Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI in a deliberate, willful, intentional and wrongful attempt to trade off of Plaintiffs' goodwill, reputation, and financial investment in these marks.

158.    By reason of the conduct described above, Defendants have engaged in unlawful, unfair and/or fraudulent ongoing business practices.

159.    As a direct result of Defendants' unfair competition, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged, and continue to engage, in wrongful business conduct to their advantage and to the detriment of Plaintiffs.

160.    The acts of Defendants complained of herein constitute unfair competition in violation of the California Unfair Competition Statute, Cal. Bus. & Prof. Code § 17200, as they are likely to deceive and mislead the public.

161.    As a result of the foregoing actions of Defendants, Defendants have been unjustly enriched, and Plaintiffs have been injured and damaged.  Unless enjoined by this Court, Defendants will continue said acts of unfair competition, thereby causing Plaintiffs immediate and irreparable injury for which there is no adequate remedy at law.

**COMPLAINT**

1
2

### NINTH CAUSE OF ACTION
### TRADEMARK DILUTION BY ALL DEFENDANTS
### (California Dilution Statute, Cal. Bus. & Prof. Code § 14247)

3
4
5
6

162.   As a cause of action and ground for relief, Plaintiffs allege that Defendants are jointly and severally engaged in acts of trademark dilution under Cal. Bus. & Prof. Code § 14247, and incorporate by reference ¶¶ 1 through 162 of the complaint as a part of this count.

7
8
9
10

163.   The marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI are widely recognized by the general consuming public in California as a singular designation of the source of Plaintiffs' goods and thus are famous and distinctive marks within the meaning of Cal. Bus. & Prof. Code § 14247(a).

11
12
13

164.   The marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI became famous within the meaning of Cal. Bus. & Prof. Code § 14247(a), long prior to the acts of the Defendants complained of herein.

14
15
16
17
18
19

165.   Defendants' use of the marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI as alleged above in connection with the offering for sale and sale of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches is likely to blur and tarnish the distinctive qualities of the Plaintiffs' famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI.

20
21
22
23
24
25
26

166.   Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Plaintiffs and to dilute the famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, thereby entitling Plaintiffs to damages and the other remedies available pursuant to Cal. Bus. & Prof. Code § 14250.  Unless enjoined by this Court, Defendants will continue said acts of dilution, thereby causing Plaintiffs immediate and irreparable injury for which there is no adequate remedy at law.

27
28

**COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

1.      Judgment be entered for Plaintiffs on each of their claims for relief.

2.      Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them be immediately and permanently enjoined from:

           (a)    using counterfeit reproductions of the trademarks CHLOÉ, MONTBLANC, ALFRED DUNHILL, or PANERAI, or any other colorable imitation thereof in designing, creating, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' products, that otherwise bear, contain, display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing Plaintiffs' famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, or facilitating, inducing, or assisting any of the activity set forth above;

           (b)    making or employing any other commercial use of Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or

1      tarnish Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED

2      DUNHILL, and PANERAI;

3      (c)   using any other false designation of origin, false description or

4      representation, or any other thing calculated or likely to cause

5      confusion or mistake in the mind of the trade or public or to

6      deceive the trade or public into believing that Defendants'

7      activities, including the sale of Counterfeit CHLOÉ Handbags,

8      Counterfeit MONTBLANC Goods, Counterfeit ALFRED

9      DUNHILL Men's Goods, and Counterfeit PANERAI Watches,

10     are in any way sponsored, licensed, endorsed, authorized,

11     affiliated, or connected with and/or originated from Plaintiffs;

12     (d)   doing any other acts or things calculated or likely to cause

13     confusion or mistake in the mind of the public or to lead

14     purchasers, consumers, or investors into the belief that the

15     products or services promoted, offered, or sponsored by

16     Defendants emanate from or originate with Plaintiffs or their

17     licensees, or are somehow sponsored, licensed, endorsed,

18     authorized, affiliated, or connected with Plaintiffs and/or

19     originate from Plaintiffs;

20     (e)   removing, returning, or otherwise disposing of, in any manner,

21     any Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC

22     Goods, Counterfeit ALFRED DUNHILL Men's Goods, and

23     Counterfeit PANERAI Watches, or any other products

24     confusingly similar to Plaintiffs' products, or that otherwise bear,

25     contain, display or utilize Plaintiffs' marks CHLOÉ,

26     MONTBLANC, ALFRED DUNHILL, and PANERAI, any

27     derivation or colorable imitations thereof, or any mark

28     confusingly similar thereto or likely to dilute or tarnish Plaintiffs'

58

**COMPLAINT**

1    famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL,

2    and PANERAI;

3    (f)    secreting, destroying, altering, removing, deleting all electronic

4          copies, or otherwise dealing with the unauthorized products or

5          means of making such marks and products, or any books,

6          documentation or records thereto (electronic or otherwise)

7          which contain any information relating to designing, creating,

8          importing, manufacturing, producing, distributing, circulating,

9          selling, marketing, offering for sale, advertising, promoting, or

10         displaying of all unauthorized products which infringe Plaintiffs'

11         marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and

12         PANERAI;

13   (g)    further diluting and infringing Plaintiffs' marks CHLOÉ,

14         MONTBLANC, ALFRED DUNHILL, and PANERAI and

15         damaging Plaintiffs' goodwill;

16   (h)    otherwise competing unfairly with Plaintiffs or any of their

17         authorized licensees in any manner; and

18   (i)    facilitating, inducing, assisting, aiding, abetting, or supplying

19         the means for any other person or business entity to engage in or

20         perform any of the activities referred to in the above

21         subparagraphs (a) through (h), or effecting any assignments or

22         transfers, forming new entities or associations or utilizing any

23         other device for the purpose of circumventing or otherwise

24         avoiding the prohibitions set forth in subparagraphs (a) through

25         (h).

26   3.    Direct Defendants to account for and pay to Plaintiffs their profits

27   attributable to the conduct complained of herein and order that Plaintiffs recover its

28   damages arising out of the acts of infringement, as well as unfair competition and

**COMPLAINT**

1    trademark dilution under §§ 32(1), 43(a), and 43(c) of the Federal Trademark Act,

2    15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), respectively, described above, and a

3    sum equal to three times such profits or damages (whichever is greater), pursuant to

4    §§ 35(a) and 35(b) of the Federal Trademark Act, 15 U.S.C. §§ 1117(a)and 1117(b).

5         4.     Defendants be required to pay to Plaintiffs the costs of this action and,

6    pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(b), enter

7    judgment for three times Defendants' profits or Plaintiffs' damages, whichever is

8    greater, together with reasonable attorneys' fees.

9         5.     Award Plaintiffs statutory damages of $2,000,000 per counterfeit mark

10   per type of goods or services sold, offered for sale, or distributed, pursuant to § 35(c)

11   of the Federal Trademark Act, 15 U.S.C. § 1117(c).

12        6.     Award Plaintiffs punitive damages pursuant to California State

13   common law (as preserved by Cal. Civ. Code § 3294) on account of Defendants'

14   gross, wanton, willful, and malicious conduct.

15        7.     Direct Defendants to permanently delete and remove and recall from

16   all websites, blogs, online auctions, stores, shops, markets, outlets, catalogues, or

17   other channels of commerce any Counterfeit CHLOÉ Handbags, Counterfeit

18   MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and

19   Counterfeit PANERAI Watches, or any other product confusingly similar to

20   Plaintiffs products, or that otherwise bear, contain, display or utilize Plaintiffs'

21   marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any

22   derivation or colorable imitations thereof, or any mark confusingly similar thereto

23   or likely to dilute or tarnish Plaintiffs marks CHLOÉ, MONTBLANC, ALFRED

24   DUNHILL, and PANERAI, including with respect to the TradeKey Defendants,

25   prior or old postings by terminated members, including but not limited to "want

26   ads," that are in Defendants' possession, custody, or control and all means of

27   making the same.

28

**COMPLAINT**

8.      In accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, direct Defendants to deliver up for destruction all Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, and/or any other products confusingly similar to Plaintiffs' products, or that otherwise bear, contain, display, or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, that are in Defendants' possession, custody, or control and all means of making the same.

9.      In accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising and promotional matter, electronic files, and other materials in the possession or control of Defendants bearing Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto.

10.     Direct Defendants to supply Plaintiffs with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, or any other products confusingly similar to Plaintiffs products, or that otherwise bear, contain, display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, including but not limited to any information that could lead to the entities' identities, such as bank account

**COMPLAINT**

1    information, corporate records, contact names, phone numbers and email addresses

2    or other forms of contact.

3           11.    Direct Defendants to supply Plaintiffs with a complete list of entities,

4    and any information that could lead to the entities' identities, such as bank account

5    information, corporate records, contact names, phone numbers and email addresses

6    or other forms of contact for whom they provided platform services and/or

7    optimization that are identified as entities distributing and/or selling Counterfeit

8    CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED

9    DUNHILL Men's Goods, and Counterfeit PANERAI Watches, or any other

10   products confusingly similar to Plaintiffs products, or that otherwise bear, contain,

11   display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL,

12   and PANERAI, any derivation or colorable imitations thereof, or any mark

13   confusingly similar thereto or likely to dilute or tarnish Plaintiffs' marks CHLOÉ,

14   MONTBLANC, ALFRED DUNHILL, and PANERAI.

15          12.    Direct Defendants to file with the Court and serve on counsel for

16   Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in

17   this action, a sworn written statement pursuant to § 34(a) of the Federal Trademark

18   Act, 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which

19   Defendants have complied with any injunction which the Court may enter in this

20   action.

21          13.    Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a),

22   award Plaintiffs reasonable attorneys' fees along with the costs and disbursements

23   incurred herein as a result of Defendants' intentional and willful infringement.

24          14.    Order that any of Defendants assets that are held by or within the

25   control of entities that are subject to the jurisdiction of this Court, be restrained and

26   frozen pending the outcome of this action so that Plaintiffs' right to the damages set

27   forth in this Complaint is not later rendered meaningless, including but not limited

28   to the domain names specified in paragraph 14 below, and all funds paid by

1    members to TradeKey through PayPal, credit cards, or direct deposits into banks

2    used by the TradeKey Defendants.

3         15.    Order that the domain names tradekey.com, saudicommerce.com and

4    B2Bfreezone.com be transferred by the domain registry, Network Solutions, or by

5    the individual registrars, which held the domain names, to a registrar of Plaintiffs'

6    selection to hold and disable the domain names until further order from this Court,

7    so that Plaintiffs' right to injunctive relief set forth in this Complaint is not later

8    rendered meaningless.

9         16.    Order that Defendants not communicate to third parties the subject

10   matter of this action to prevent Defendants from informing suppliers, customers, or

11   others involved in the illegal and infringing activities alleged herein.

12        17.    Award Plaintiffs such other and further relief as the Court deems just

13   and proper.

14

15   Dated:  May 13, 2011                     JONES DAY

16                                            By:

17                                               Mark A. Finkelstein
                                                 (State Bar No. 173851)
18                                               Jones Day
                                                 3161 Michelson Drive
19                                               Suite 800
                                                 Irvine, CA 92612-4408
20                                               949.851.3939
                                                 949.553.7539 (Facsimile)
21
                                                 Susan M. Kayser
22                                               (*pro hac vice* application pending)
                                                 Jessica D. Bradley
23                                               (*pro hac vice* application pending)
                                                 Jones Day
24                                               51 Louisiana Ave, NW
                                                 Washington, DC 20001
25                                               202.879.3939
                                                 202.626.1700 (Facsimile)
26
                                                 *Attorneys for Plaintiffs Chloé SAS,*
27                                               *Alfred Dunhill Limited, Panerai AG*
                                                 *and Montblanc-Simplo GmbH*
28

**COMPLAINT**

## VERIFICATION

I, Stacey H. King, declare as follows:

    1.    I am Senior Digital and IP Counsel for the Richemont Group, which provides legal services for its Group companies, including the Plaintiffs Chloe SAS, Alfred Dunhill Limited, Officine Panerai AG, and Montblanc-Simplo GmbH (collectively, "the Plaintiffs") and if called upon to testify I would competently testify as to the matters stated herein.

    2.    As part of my regular duties, I have personal knowledge of the trademarks owned and used by the Plaintiffs Chloe SAS, Alfred Dunhill Limited, Officine Panerai AG, and Montblanc-Simplo GmbH in connection with the sale of goods bearing the trademarks for each of the companies set forth above.  Part of my regular duties involve anti-counterfeiting efforts in connection with the Internet and combating counterfeiting of these brands worldwide.

    3.    I have personal knowledge of the Plaintiffs' businesses and trademarks owned and used in commerce by Plaintiffs Chloe SAS, Alfred Dunhill Limited, Officine Panerai AG, and Montblanc-Simplo GmbH, the goodwill associated with said trademarks and the harm of counterfeit goods to the brand image and goodwill associated with the trademarks, including the facts set out in the foregoing Complaint.

    4.    As to facts and allegations stated to be on information and belief, I believe said facts to be true and correct.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2011

 

Stacey H. King

# EXHIBIT 1

**Exhibit 1**
**Page 65**

Int. Cls.: 3, 9, 18, 24, 25 and 26

Prior U.S. Cls.: 1, 3, 21, 26, 39, 40, 41, 42, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,491,810
Registered June 14, 1988

## TRADEMARK
### PRINCIPAL REGISTER

### CHLOE

CHLOE SOCIETE ANONYME (FRANCE COR-
PORATION)
71 AVENUE FRANKLIN ROOSEVELT
PARIS, FRANCE

FOR: PERFUME, TOILET WATER, CO-
LOGNE, BATH AND SHOWER GEL, TALCUM
POWDER, BODY LOTION, BODY CREAM,
PERSONAL DEODORANT, BEAUTY OR BATH
SOAP, BATH SALTS, ALL PURPOSE CLEAN-
ING PREPARATIONS, MAKEUP, HAIR SHAM-
POO, TOOTHPASTE AND HAIR LOTION, IN
CLASS 3 (U.S. CLS. 51 AND 52).

FOR: EYEGLASSES, SUNGLASSES, CALCU-
LATORS, DRESSMAKER'S MEASURES, ELEC-
TRIC FLATIRONS AND OPTICAL LENSES, IN
CLASS 9 (U.S. CLS. 21 AND 26).

FOR: FUR AND PELTS SOLD IN BULK,
HANDBAGS, PURSES, TRAVEL CASES, TRAV-
ELLING BAGS, PARASOLS, UMBRELLAS
AND WALKING STICKS, IN CLASS 18 (U.S.
CLS. 1, 3 AND 41).

FOR: TEXTILE FABRICS FOR USE IN THE
MANUFACTURE OF CLOTHING, LINING MA-
TERIAL FOR USE IN THE MANUFACTURE
OF CLOTHING, BED LINEN, BATH LINEN,
HANDKERCHIEFS AND CLOTH LABELS, IN
CLASS 24 (U.S. CL. 42).

FOR: APRONS, BATHROBES, BATHING
SUITS, BERETS, WAISTS OF LADIES
DRESSES, COATS, COLLARS, CUFFS,
DRESSES, FUR STOLES, FUR JACKETS AND
COATS, HATS, HOSIERY, JACKETS, GLOVES,
TIES, SHIRTS, BLOUSES, TROUSERS, SKIRTS,
LINGERIE, VEILS, SCARVES, SHAWLS,
BOOTS, SHOES AND SLIPPERS, IN CLASS 25
(U.S. CL. 39).

FOR: ARTIFICIAL FLOWERS AND FRUIT,
HAIRBANDS, BRAIDS, BUCKLES AND
CORDS, NEEDLES, PINS, LACE, EMBROI-
DERY, RIBBONS, HAIR ORNAMENTS, BUT-
TONS, HOOKS AND EYES, IN CLASS 26 (U.S.
CL. 40).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 813907, FILED
9-12-1986, REG. NO. 1370314, DATED 9-12-1986,
EXPIRES 9-12-1996.

OWNER OF U.S. REG. NOS. 950,843, 1,447,853
AND OTHERS.

SER. NO. 648,744, FILED 3-10-1987.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY

Exhibit 1
Page 66

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**United States Patent and Trademark Office**

Corrected

Reg. No. 2,745,487

Registered Aug. 5, 2003

OG Date Dec. 2, 2003

## TRADEMARK
## PRINCIPAL REGISTER

### CHLOE

CHLOE SOCIETE ANONYME (FRANCE SOCIETE ANONYME),
54-56 RUE DU FAUBOURG SAINT HON-ORE
75008 PARIS, FRANCE
    OWNER OF FRANCE REG. NO. 1428213, DATED 9-23-1987, EXPIRES 9-23-2007.
    OWNER OF U.S. REG. NOS. 1,020,289, 1,182,862 AND 1,491,810.

FOR: JEWELRY; HOROLOGICAL AND CHRONOMETRIC INSTRUMENTS, NAMELY, WATCHES AND CLOCKS; WATCH STRAPS; PARTS AND FITTINGS FOR ALL THE AFORESAID GOODS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50). .

SER. NO. 75-611,908, FILED 12-24-1998.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 2, 2003.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Exhibit 1
Page 67

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22, and 41

**United States Patent and Trademark Office**

Reg. No. 3,291,996
Registered Sep. 11, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# Chloé

CHLOE S.A.S. (FRANCE CORPORATION)
5-7 AVENUE PERCIER
75008 PARIS, FRANCE

FOR: GOODS MADE OF LEATHER AND IMITA-TIONS OF LEATHER, NAMELY, HANDBAGS, PUR-SES, TRAVELING CASES, TRAVELING BAGS, LUGGAGE, BACKPACKS, TOILETRY CASES SOLD EMPTY, CREDIT CARD CASES AND HOLDERS, KEY CASES, COIN PURSES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1986; IN COMMERCE 0-0-1994.

OWNER OF U.S. REG. NOS. 1,491,810 AND 2,641,982.

SN 78-761,371, FILED 11-28-2005.

DEZMONA MIZELLE, EXAMINING ATTORNEY

Exhibit 1
Page 68

Int. Cls.: 14, 18, 24 and 25

Prior U.S. Cls.: 3, 28, 39 and 42

## United States Patent and Trademark Office

Reg. No. 1,182,862

Registered Dec. 22, 1981

## TRADEMARK
### Principal Register

# Chloé

Chloe, Societe Anonyme (France corporation)
71 Avenue Franklin Roosevelt
Paris, France 8

For: JEWELRY—NAMELY, DRESS JEWEL-RY, in CLASS 14 (U.S. Cl. 28).

First use Dec. 31, 1974; in commerce Dec. 31, 1974.

For: LEATHER GOODS—NAMELY, HAND-BAGS, SUITCASES AND LUGGAGE, in CLASS 18 (U.S. Cl. 3).

First use Sep. 30, 1973; in commerce Sep. 30, 1973.

For: FABRICS—NAMELY, DRAPERY AND UPHOLSTERY FABRIC AND LINING FOR HANDBAGS, in CLASS 24 (U.S. Cl. 42).

First use Jun. 30, 1977; in commerce Jun. 30, 1977.

For: CLOTHING—NAMELY, BELTS, SCARVES, FROCKS, DRESSES, COATS, COS-TUMES, SUITS, SKIRTS, BLOUSES, VESTS AND PANTSUITS, HATS AND TIES AND LA-DIES SHOES, FUR COATS, JACKETS, STOLES, HATS, MUFFS, CAPES, FUR-LINED RAIN-COATS AND SAID GARMENTS MADE OF SKIN, LINGERIE, in CLASS 25 (U.S. Cl. 39).

First use Sep. 30, 1970; in commerce Sep. 30, 1970.

Owner of U.S. Reg. Nos. 950,843 and 1,143,167.

Ser. No. 242,506, filed Dec. 11, 1979.

PAUL F. GAST, Primary Examiner

TERESA M. RUPP, Examiner

Exhibit 1
Page 69

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 950,843

Registered Jan. 16, 1973

10 Year Renewal

Renewal Term Begins Jan. 16, 1993

## TRADEMARK
## PRINCIPAL REGISTER

# Chloé

CHLOE SOCIETE ANONYME (FRANCE
   CORPORATION)
71 AVENUE FRANKLIN ROOSEVELT
75008 PARIS, FRANCE

   OWNER OF FRANCE REG. NO. 464837,
DATED 5-10-1957.

   FOR: LADIES' ARTICLES OF CLOTH-
ING FOR OUTERWEAR—NAMELY,

FROCKS, DRESSES, COATS, COS-
TUMES, SUITS, SKIRTS, BLOUSES,
VESTS AND PANT-SUITS; [FUR
COATS,] VESTS, HATS AND TIES; AND
LADIES' SHOES, IN CLASS 39 (INT. CL.
25).

   SER. NO. 72-392,040, FILED 5-14-1971.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on May 11, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Exhibit 1
Page 70

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

Reg. No. 3,401,846

## United States Patent and Trademark Office

Registered Mar. 25, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# EDITH

CHLOE S.A.S. (FRANCE CORPORATION)
5-7 AVENUE PERCIER
PARIS, FRANCE 75008

FOR: HANDBAGS, PURSES, WALLETS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF ERPN CMNTY TM OFC REG. NO. 005006713, DATED 4-12-2007, EXPIRES 4-7-2016.

SER. NO. 78-863,569, FILED 4-18-2006.

COLLEEN KEARNEY, EXAMINING ATTORNEY

Exhibit 1
Page 71

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

**United States Patent and Trademark Office**

Reg. No. 3,398,517
Registered Mar. 18, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# PADDINGTON

CHLOE S.A.S. (FRANCE CORPORATION)
5-7 AVENUE PERCIER
75008 PARIS, FRANCE

FOR: HANDBAGS, PURSES, WALLETS NOT IN-TENDED FOR CHILDREN, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON ERPN CMNTY TM OFC APPLICATION NO. 5006853, FILED 4-7-2006, REG. NO. 005006853, DATED 7-17-2007, EXPIRES 4-7-2016.

SER. NO. 78-863,562, FILED 4-18-2006.

COLLEEN KEARNEY, EXAMINING ATTORNEY

**Exhibit 1**
**Page 72**



# United States of America

## United States Patent and Trademark Office

# SEE BY CHLOE

**Reg. No. 3,696,923**
Registered Oct. 13, 2009

CHLOE S.A.S. (FRANCE CORPORATION)
5/7 AV. PERCIER
75008 PARIS, FRANCE

**Int. Cl.: 25**

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-0-2009; IN COMMERCE 1-0-2009.

**TRADEMARK
PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,641,982.

SN 77-597,199, FILED 10-21-2008.

THEODORE MCBRIDE, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

**Exhibit 1
Page 73**

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

Reg. No. 2,641,982

## United States Patent and Trademark Office

Registered Oct. 29, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## SEE BY CHLOE

CHLOE SOCIETE ANONYME (FRANCE COMPA-NY)
54/56 RUE DU FAUBOURG SAINT HONORE
75008 PARIS, FRANCE

FOR: JEWELRY, PRECIOUS GEM STONES, HOR-OLOGICAL AND CHRONOMETRIC INSTRU-MENTS, NAMELY WATCHES AND CLOCKS; GOODS MADE FROM PRECIOUS METALS AND SEMIPRECIOUS METALS, NAMELY BELT BUCK-LES; GOODS COATED WITH PRECIOUS METALS AND SEMI-PRECIOUS METALS, NAMELY, BELT BUCKLES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: LUGGAGE TRUNKS, TRAVELLING BAGS, UMBRELLAS, PARASOLS AND WALKING STICKS; RUCKSACKS, SUITCASES, HOLDALLS, DUFFEL BAGS, TOTE BAGS, TRAVEL CASES, BACKPACKS, HANDBAGS, CREDIT CARD CASE; BRIEFCASES; ATTACHE CASES, PURSES, WALLETS, KEY CASES,

COIN PURSES, PARTS AND FITTINGS FOR ALL THE AFORESAID GOODS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING, NAMELY, TROUSERS, SKIRTS, SUITS, DRESSES, JACKETS, BLOUSONS, SHIRTS, COATS, CARDIGANS, SWEATERS, BLOU-SES, SHORTS, T-SHIRTS, PULLOVERS, LINGERIE, TIES, SCARVES, FOOTWEAR, HEADWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. 2251157, FILED 11-2-2000, REG. NO. 2251157, DATED 11-2-2000, EXPIRES 11-2-2010.

SER. NO. 76-228,096, FILED 3-20-2001.

ANNE ENDIEVERI, EXAMINING ATTORNEY

Exhibit 1
Page 74

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2011-05-12 00:39:54 ET

**Serial Number:** 79083749 Assignment Information          Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**



**(words only):** C

**Standard Character claim:** No

**Current Status:** Application has been published for opposition. The opposition period begins on the date of publication.

**Date of Status:** 2011-03-08

**Filing Date:** 2010-03-24

**The Information will be/was published in the Official Gazette on** 2011-03-08

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 107

**Attorney Assigned:**
HOFFMAN DAVID AARON

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2011-02-03

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. CHLOE; Société par Actions Simplifiée

**Address:**
CHLOE; Société par Actions Simplifiée
5/7, Avenue Percier F-75008 Paris

**Exhibit 1**
**Page 75**

France
**Legal Entity Type:** SAS
**State or Country Where Organized:** France

---

## GOODS AND/OR SERVICES

---

**International Class:** 003
**Class Status:** Active
Perfumery, perfumes, essential oils, soaps, cosmetic preparations for skin, face creams, body creams, face lotions, body lotions, personal deodorants
**Basis:** 66(a)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 018
**Class Status:** Active
Leather and imitations of leather; goods made of leather and imitations of leather, namely, wallets, coin purses, handbags, suitcases, travelling bags, credit card cases, key cases, backpacks, clutch bags, beach bags, shopping bags, briefcases, sling bags for carrying infants, travelling sets, namely, trunks, vanity cases sold empty, cosmetic bags sold empty; wallets, coin purses, handbags, suitcases, travelling bags, credit card cases, key cases, backpacks, clutch bags, beach bags, canvas, reusable, mesh and textile shopping bags, briefcases, sling bags for carrying infants, travelling sets, namely, trunks, vanity cases sold empty, cosmetic bags sold empty, umbrellas, parasols and walking sticks; hides, skins
**Basis:** 66(a)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 025
**Class Status:** Active
Clothing, namely, jackets, blouses, belts, cloaks, ponchos, jumpers, dresses, leggings, tights, shorts, scarves, jumpsuits, cardigans, suits, capes, jeans, coats, rompers; footwear; headwear
**Basis:** 66(a)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

---

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Description of Mark:** The mark consists of the letter "C" in stylized format.

---

## MADRID PROTOCOL INFORMATION

---

**International Registration Number:** 1042019
**International Registration Date:** 2010-03-24
**Priority Claimed:** Yes
**Date of Section 67 Priority Claim:** 2009-12-16
**International Registration Status:** Request For Extension Of Protection Processed
**Date of International Registration Status:** 2010-07-09
**International Registration Renewal Date:** 2020-03-24
**Notification of Designation Date:** 2010-07-08

**Exhibit 1**
**Page 76**

**Date of Automatic Protection:** 2012-01-08
**Date International Registration Cancelled:** (DATE NOT AVAILABLE)
**First Refusal:** Yes

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2011-03-22 - Attorney Revoked And/Or Appointed

2011-03-22 - TEAS Revoke/Appoint Attorney Received

2011-03-08 - Published for opposition

2011-02-17 - Notification Of Possible Opposition Sent To IB

2011-02-17 - Notice Of Start Of Opposition Period Created, To Be Sent To IB

2011-02-16 - Notice of publication

2011-02-03 - Law Office Publication Review Completed

2011-02-03 - Assigned To LIE

2011-01-06 - Approved for Pub - Principal Register (Initial exam)

2011-01-04 - Teas/Email Correspondence Entered

2011-01-03 - Communication received from applicant

2011-01-03 - TEAS Response to Office Action Received

2010-12-16 - Attorney Revoked And/Or Appointed

2010-12-16 - TEAS Revoke/Appoint Attorney Received

2010-08-13 - Refusal Processed By IB

2010-07-16 - Application Filing Receipt Mailed

2010-07-15 - Non-Final Action Mailed - Refusal Sent To IB

2010-07-15 - Refusal Processed By MPU

2010-07-15 - Non-Final Action (Ib Refusal) Prepared For Review

2010-07-14 - Non-Final Action Written

2010-07-12 - Assigned To Examiner

2010-07-12 - New Application Office Supplied Data Entered In Tram

**Exhibit 1**
**Page 77**

2010-07-09 - Sn Assigned For Sect 66a Appl From IB

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

**Attorney of Record**
Lawrence E. Apolzon

**Correspondent**
Lawrence E. Apolzon
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York NY 10017
Phone Number: 212-813-5900
Fax Number: 212-813-5901

**Domestic Representative**
Fross Zelnick Lehrman & Zissu, P.C.
Phone Number: 212-813-5900
Fax Number: 212-813-5901

---

**Exhibit 1**
**Page 78**