1  MARK A. FINKELSTEIN (State Bar No. 173851)
   mafinkelstein@jonesday.com
2  JONES DAY
   3161 MICHELSON DRIVE
3  SUITE 800
   IRVINE, CA 92612-4408
4  949.851.3939
   949.553.7539 (Facsimile)
5
   SUSAN M. KAYSER (*pro hac vice* app. pending)
6  skayser@jonesday.com
   JESSICA D. BRADLEY (*pro hac vice* app. pending)
7  jbradley@jonesday.com
   JONES DAY
8  51 LOUISIANA AVE, NW
   WASHINGTON, DC 20001
9  202.879.3939
   202.626.1700 (Facsimile)
10
   Attorneys for Plaintiffs Chloé SAS, Alfred Dunhill
11 Limited, Officine Panerai AG, and Montblanc-
   Simplo GMBH
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15
16 CHLOÉ SAS, a French Corporation;        Case No. CV11 04147 GAF (MANx)
   ALFRED DUNHILL LIMITED, a UK
17 Corporation; OFFICINE PANERAI           MEMORANDUM OF POINTS
   AG, a Swiss Corporation; and            AND AUTHORITIES IN SUPPORT
18 MONTBLANC-SIMPLO GMBH, a                OF PLAINTIFFS' *EX PARTE*
   German Corporation,                     APPLICATION TO SEAL FILE
19                                         TEMPORARILY UNDER 15 U.S.C.
              Plaintiffs,                   § 1116(d)(8)
20
21       v.
22 SAWABEH INFORMATION
   SERVICES CO.(d/b/a "SISCOM",
23 tradekey.com, saudicommerce.com,
   and b2bfreezone.com), a Saudi Arabian
24 Corporation; TRADEKEY (PVT)
   LTD, a Pakistani Corporation;
25 TRADEKEY, LLC, a Delaware
   Corporation; WALEED
26 ABALKHAIL; JUNAID MANSOOR;
   BOSUN INTERNATIONAL TRADE
27 CO.; CCTRUE INTERNATIONAL
   TRADE CO., LTD.; FANCYSALER
28 TRADING CO.; FUZHOU
   SUNSHINE TRADE CO., LTD;

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | HENGTAI INTERNATIONAL; KK FASHION LOVE ZONE; LOVE IN APPAREL TRADE CO., LTD.; MELCHIC INTERNATIONAL TRADE CO, .LTD; MYSTOCKWATCH CO., LTD; OFFRUNWAYBAGS.COM; ORIENT-ONLINE CO., LTD; PARK CO. LTD; RICHEN-ONLINE CO., LTD; SEASON-ONLINE CO., LTD; SEASONS-ONLINE CO. LTD-ELAINE; SEVEN STAR REPLICASS; SHANGHAI TAOLAN INTERNATIONAL TRADE LIMITED COMPANY; SHOP STAR STYLE; SINOESTAR CO., LTD; SUPEROCEANS CO., LTD.; V52 INTERNATIONAL TRADE CO., LTD; VERTEX ONLINE CO., LTD.; WIN-WIN TRADE CO., LTD.; WWW.ECWATCH.NET; YONGCHUANG TRADE CORP; ZHONGSHENG TRADE CO., LTD; and DOES 1 through 5 inclusive,<br><br>Defendants. |

Plaintiffs Chloé SAS, Alfred Dunhill Limited, Officine Panerai AG, and Montblanc-Simplo GMBH (collectively, the "Plaintiffs") submit this memorandum of points and authorities in support of their *ex parte* application temporarily sealing the Court's file in this action pursuant to 15 U.S.C. § 1116(d)(8) until Plaintiffs have fully executed the Seizure Order and Asset Freeze Order, both of which are being simultaneously requested with Plaintiffs' application, and until a hearing on the Order to Show Cause for Preliminary Injunction, as mandated by the statutory scheme under 15 U.S.C. Section 1116(d)(8).

## I.   SUMMARY OF ACTION

Plaintiffs sell luxury goods under the well-known and famous trademarks CHLOÉ, ALFRED DUNHILL, PANERAI, and MONTBLANC. Plaintiffs' genuine goods are distributed and marketed in their own boutiques and through limited authorized distributors established under strict contractual terms. Plaintiffs' commitment to innovation in design and function, as well as the use of only the

1  finest materials has brought Plaintiffs worldwide renown as leading makers of
2  luxury goods.
3      Sawabeh Information Services Co. (d/b/a "SISCOM", tradekey.com,
4  saudicommerce.com, and b2bfreezone.com) ("SISCOM"), TradeKey (Pvt) Ltd.
5  ("TradeKey Pakistan"), TradeKey LLC ("TradeKey US"), Waleed Abalkhail
6  ("Abalkhail") and Junaid Mansoor ("Mansoor") (collectively, the "TradeKey
7  Defendants") are the owners and/or operators of three Business to Business
8  ("B2B") websites actively encouraging the wholesale trade of counterfeit luxury
9  goods.  Nearly all of the luxury goods offered for sale on TradeKey.com are
10 counterfeit and TradeKey admits that counterfeiting is one of its biggest industries
11 from which it derives substantial revenue.  TradeKey controls its member listings,
12 assists its members with trading counterfeit goods on a massive scale, matches
13 buyers with sellers, inserts common counterfeiting terms as metadata to drive
14 Internet traffic to Tradekey and its members' counterfeit listings, and uses
15 Plaintiffs' federally registered trademarks to attract business to TradeKey.com and
16 its members' listings.
17     The individual defendants, Bosun international trade corp, Cctrue
18 International Trade Co., Ltd., Fancysaler Trading Co., Fuzhou Sunshine Trade Co,
19 Ltd., HengTai International, KK Fashion Love Zone, Love In Apparel Trade Co.,
20 ltd., Melchic International Trade CO, .LTD, Mystockwatch Co., Ltd,
21 OffRunwayBags.com, Orient-online Co., Ltd, Park Co. Ltd, Richen-online Co.,
22 Ltd, Season-online Co., Ltd, Seasons-online CO. LTD-Elaine, Seven Star
23 Replicass, Shanghai Taolan International Trade Limited Company, Shop Star Style,
24 Sinoestar Co., Ltd, Superoceans Co., Ltd, V52 International Trade Co., Ltd,
25 Vertex-online Co., Ltd, Win-Win Trade Co., Ltd, www.ecwatch.Net, Yongchuang
26 Trade Corp, ZhongSheng Trade Co., Ltd and DOES 1-5 (collectively, the
27 "Individual Defendants"), import, manufacture, offer for sale, promote, advertise,
28 sell, and/or distribute counterfeits of Plaintiffs' goods to consumers in the United

2

1  States using Plaintiffs' valuable trademarks. The TradeKey Defendants further
2  enable and assist the Individual Defendants illegal activities to traffic counterfeit
3  luxury goods on a massive scale in over 200 countries worldwide.
4      Collectively and individually, the Tradekey Defendants' and the Individual
5  Defendants' unlawful activities are causing Plaintiffs' substantial and irreparable
6  harm that must be immediately enjoined. Moreover, the Tradekey Defendants and
7  the Individual Defendants must be held accountable for their actions. Plaintiffs
8  respectfully seek the Court's assistance in addressing these serious issues.
9  **II.   ARGUMENT**
10     Good cause exists for temporarily sealing the Court's file in this action, as
11 the act of notifying Defendants of Plaintiffs' applications for a temporary
12 restraining order, seizure order, and asset freeze order would, as a practical matter,
13 deprive Plaintiffs of any opportunity to obtain effective relief in this action. That is,
14 where infringers are trafficking in counterfeit goods, it is necessary to take special
15 precautions to ensure that they cannot move, secrete, destroy or otherwise dispose
16 of their unlawful means of counterfeiting, records and related files, and assets
17 thereby preventing the court from providing plaintiffs any relief at all. *Reno Air
18 Racing Ass'n., Inc. v. McCord.*, 452 F.3d 1126, 1131 (9th Cir. 2006) (explaining
19 that *ex parte* orders are proper in a trademark matter when "an alleged infringer is
20 likely to dispose of the infringing goods before the hearing."); *see also In the
21 Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) ("In [counterfeiting]
22 situations, giving the defendant notice of the application of the application for an
23 injunction could result in an inability to provide any relief at all.")
24     The nature and size of the infringing activity, records and related files, and
25 assets (such as domain names and funds in Paypal or bank accounts) at issue in this
26 action are such that Defendants can rapidly and easily move, destroy, or conceal
27 them. Sealing the file will drastically reduce, if not eliminate, the risk that
28 Defendants, upon learning that Plaintiffs have filed this action and are seeking

1  preliminary relief, will move, destroy, or conceal the infringing means of
2  counterfeiting, records and related files, and assets thereby irreparably prejudicing
3  Plaintiffs' ability to prosecute their claims and obtain redress for the damages
4  caused by Defendants' illegal activities.

5  In addition, an order temporarily sealing the court file is wholly consistent
6  with the expedited nature of these proceedings and the relief requested by Plaintiffs.
7  It is Plaintiffs' experience that the busy schedules of the United States Marshals and
8  other law enforcement officials having jurisdiction may not permit them to execute
9  and serve the Seizure Order and Asset Freeze Order before Defendants could learn
10 of this action against them. Again, if the identity of the parties and the nature of the
11 relief sought by Plaintiffs is publicized, the Court may be denied the opportunity of
12 granting effective relief.

13 **III. CONCLUSION**

14 Accordingly, Plaintiffs respectfully request that the Court temporarily seal
15 the file in this case until Plaintiffs have fully executed the Seizure Order and Asset
16 Freeze Order and until the Court conducts a hearing on the Order to Show Cause

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

for Preliminary Injunction, as mandated by the statutory scheme under 15 U.S.C. Section 1116(d)(8).

Dated: May 13, 2011

JONES DAY

By: _____
Mark A. Finkelstein
(State Bar No. 173851)
Jones Day
3161 Michelson Drive
Suite 800
Irvine, CA 92612-4408
949.851.3939
949.553.7539 (Facsimile)

Susan M. Kayser
(*pro hac vice* application pending)
Jessica D. Bradley
(*pro hac vice* application pending)
Jones Day
51 Louisiana Ave, NW
Washington, DC 20001
202.879.3939
202.626.1700 (Facsimile)

*Attorneys for Plaintiffs Chloé SAS, Alfred Dunhill Limited, Panerai AG and Montblanc-Simplo GmbH*

Memorandum in Support of Plaintiffs' *Ex Parte* Application