

MARK A. FINKELSTEIN (State Bar No. 173851)
mafinkelstein@jonesday.com
JONES DAY
3161 MICHELSON DRIVE
SUITE 800
IRVINE, CA 92612-4408
949.851.3939
949.553.7539 (Facsimile)

FILED
CLERK, U.S. DISTRICT COURT

MAY 17 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

SUSAN M. KAYSER (*pro hac vice* application pending)
skayser@jonesday.com
JESSICA D. BRADLEY (*pro hac vice* application pending)
jbradley@jonesday.com
JONES DAY
51 LOUISIANA AVE, NW
WASHINGTON, DC 20001
202.879.3939
202.626.1700 (Facsimile)

Attorneys for Plaintiffs Chloé SAS, Alfred Dunhill Limited,
Officine Panerai AG, and Montblanc-Simplo GmbH

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHLOE SAS, a French Corporation;
ALFRED DUNHILL LIMITED, a UK
Corporation; OFFICINE PANERAI AG,
a Swiss Corporation; and
MONTBLANC-SIMPLO GMBH, a
German Corporation

　　　　　　　　Plaintiffs,

　　v.

SAWABEH INFORMATION
SERVICES CO.(d/b/a "SISCOM",
tradekey.com, saudicommerce.com,
and b2bfreezone.com), a Saudi Arabian
Corporation; TRADEKEY (PVT) LTD,
a Pakistani Corporation; TRADEKEY,
LLC, a Delaware Corporation;
WALEED ABALKHAIL; JUNAID
MANSOOR; BOSUN

Case No: CV11-04147 GAF (MAN)

**PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, SUBSTITUTE CUSTODIAN ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

TO BE FILED UNDER SEAL[1]

**Date:**
**Time:**
**Courtroom:**
**Judge:**

---

[1] Plaintiffs request that this case be filed under seal so as not to alert the Defendants or other involved parties of the filing of this civil action. The Motion to file this action under seal, an Application seeking an ex parte seizure order, a temporary restraining order, and preliminary injunction, a motion seeking expedited discovery, an asset freeze as to Defendants' assets and a domain transfer order, and a motion to appoint counsel as substitute custodians are being filed concurrently herewith.

1  INTERNATIONAL TRADE CO.;
2  CCTRUE INTERNATIONAL TRADE
   CO., LTD.; FANCYSALER
3  TRADING CO.; FUZHOU
   SUNSHINE TRADE CO., LTD;
4  HENGTAI INTERNATIONAL;
   JAMILAH MOUREH; KK FASHION
5  LOVE ZONE; LOVE IN APPAREL
   TRADE CO., LTD.; MELCHIC
6  INTERNATIONAL TRADE
   CO, .LTD; MYSTOCKWATCH CO.,
7  LTD; OFFRUNWAYBAGS.COM;
   ORIENT-ONLINE CO., LTD; PARK
8  CO. LTD; RICHEN-ONLINE CO.,
   LTD; SEASON-ONLINE CO., LTD;
9  SEASONS-ONLINE CO. LTD-
   ELAINE; SEVEN STAR REPLICASS;
10 SHANGHAI TAOLAN
   INTERNATIONAL TRADE LIMITED
11 COMPANY; SHOP STAR STYLE;
   SINOESTAR CO., LTD;
12 SUPEROCEANS CO., LTD.; V52
   INTERNATIONAL TRADE CO.,
13 LTD; VERTEX ONLINE CO., LTD.;
   WIN-WIN TRADE CO., LTD.;
14 WWW.ECWATCH.NET;
   YONGCHUANG TRADE CORP;
15 ZHONGSHENG TRADE CO., LTD;
   and JOHN DOES 1 through 5
16 inclusive,

17         Defendants.

18     Plaintiffs, Chloé SAS ("Chloé"), Alfred Dunhill Limited ("Alfred Dunhill"),

19 Officine Panerai AG ("Panerai"), and Montblanc-Simplo GmbH ("Montblanc"),

20 (collectively, the "Plaintiffs"), in accordance with Rule 65 Fed. R. Civ. P. and §

21 34(d) of the Federal Trademark Act, 15 U.S.C. § 1116(d), as amended, hereby

22 makes *ex parte* application for the issuance of (1) a Temporary Restraining Order,

23 Seizure and Substitute Custodian Order, and Order to Show Cause for Preliminary

24 Injunction against Defendants Sawabeh Information Services Co. (d/b/a "SISCOM",

25 tradekey.com, saudicommerce.com, and b2bfreezone.com) ("SISCOM"), TradeKey

26 (Pvt) Ltd. ("TradeKey Pakistan"), TradeKey LLC ("TradeKey US"), Waleed

27 Abalkhail ("Abalkhail"), and Junaid Mansoor ("Mansoor")   (collectively, the

28
                                    1

"TradeKey Defendants"), and (2) a Temporary Restraining Order and An Order to Show Cause for Preliminary Injunction as to Defendants Bosun international trade corp, Cctrue International Trade Co., Ltd., Fancysaler Trading Co., Fuzhou Sunshine Trade Co, Ltd., HengTai International, Jamilah Moureh, KK Fashion Love Zone, Love In Apparel Trade Co., ltd., Melchic International Trade CO, .LTD, Mystockwatch Co., Ltd, OffRunwayBags.com, Orient-online Co., Ltd, Park Co. Ltd, Richen-online Co., Ltd, Season-online Co., Ltd, Seasons-online CO. LTD-Elaine, Seven Star Replicass, Shanghai Taolan International Trade Limited Company, Shop Star Style, Sinoestar Co., Ltd, Superoceans Co., Ltd, V52 International Trade Co., Ltd, Vertex-online Co., Ltd, Win-Win Trade Co., Ltd, www.ecwatch.Net, Yongchuang Trade Corp, ZhongSheng Trade Co., Ltd, and JOHN DOES 1-5 ("John Does") (collectively, "Individual Defendants") setting a date for an evidentiary hearing as to whether Plaintiffs are entitled to the preliminary injunctive relief requested and permitting expedited discovery in advance of that hearing.

The *Ex Parte* Seizure Order directs the U.S. Marshal Service, assisted by Plaintiffs' counsel, to seize and impound all data, documents, records, and/or information electronic or otherwise relating to: the identity (including contact names, phone numbers, and email addresses or other forms of contact) of the TradeKey members offering for sale any counterfeit goods bearing the trademarks CHLOÉ, MONTBLANC, ALFRED DUNHILL or PANERAI; the services provided by TradeKey to said members; the design, manufacture, purchase, importation, distribution, offering for sale and/or sale of products under counterfeit reproductions of the trademarks CHLOÉ, MONTBLANC, ALFRED DUNHILL or PANERAI on Tradekey.com, b2bfreezone.com, and saudicommerce.com, including but not limited to publicly posted Internet content evidencing offers made of CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI merchandise; traffic logs evidencing the volume of underlying counterfeit activity; bank account

2

1    information for TradeKey and said members referenced above; documents and/or
2    corporate records said members referenced above provided to TradeKey; member
3    data, email communications and/or payment records for said members referenced
4    above, which are in the possession, custody or control of the TradeKey Defendants.
5        The grounds for this application are as follows:
6        (1)    The civil action for trademark infringement, contributory trademark
7    infringement, unfair competition, false designation of origin, trademark dilution and
8    counterfeiting was filed on May 13, 2011.  In this action, Plaintiffs seek, *inter alia*,
9    a preliminary and permanent injunction enjoining all Defendants from using
10   counterfeit reproductions of the trademarks CHLOÉ, MONTBLANC, ALFRED
11   DUNHILL or PANERAI, or any other colorable imitations thereof, in the design,
12   creation, manufacture, distribution, delivery, shipment, import, export, advertising,
13   marketing, promotion, sale, or otherwise offering for sale counterfeit CHLOÉ
14   handbags, clothing, footwear, jewelry and accessories (the "Counterfeit CHLOÉ
15   Handbags"), counterfeit ALFRED DUNHILL leather goods, watches, pens and
16   men's accessories (the "Counterfeit ALFRED DUNHILL Men's Goods"),
17   counterfeit PANERAI watches (the "Counterfeit PANERAI Watches"), and
18   counterfeit MONTBLANC writing instruments, watches, jewelry and leather goods
19   (the "Counterfeit MONTBLANC Goods") or any other products produced by
20   Plaintiffs or confusingly similar to Plaintiffs' products, that otherwise bear, contain,
21   display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL,
22   and PANERAI, any derivation or colorable imitations thereof, or any mark
23   confusingly similar thereto or likely to dilute by blurring and/or tarnishing Plaintiffs'
24   famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, or
25   facilitating, inducing, or assisting any of the activity set forth above;
26       (2)    Plaintiffs right to the relief requested in this application is based on the
27   facts set forth in the Verified Complaint, and Declarations of Allesandro Ficarelli
28   ("Ficarelli Decl."), Jean Sebastian Gerondeau ("Gerondeau Decl."), Dr. Volker

3

1   Hillebrand ("Hillebrand Decl."), Jason Holmes ("J. Holmes Decl."), Rob Holmes
2   (First, Second, Third and Fourth) (respectively "R. Holmes First Decl.", "R.
3   Holmes Second Decl.", "R. Holmes Third Decl.", and "R. Holmes Fourth Decl."),
4   Sebastian Huber ("Huber Decl."), Tim King ("King Decl."), Catherine Lebrun
5   ("Lebrun Decl."), Carol Pierce ("Pierce Decl."), Sandra Milde-Rümke ("Milde-
6   Rümke Decl."), and Max Summerskill ("Summerskill Decl."), which are filed
7   concurrently herewith, and the points and authorities set forth in Plaintiffs'
8   supporting Memorandum of Law which is filed concurrently herewith.

9   (3)   The TradeKey Defendants are the owners and/or operators of three
10  Business to Business ("B2B") websites actively engaged in, inducing, and
11  facilitating the wholesale trade of counterfeit luxury goods.  Nearly all of the luxury
12  goods offered for sale on TradeKey.com are counterfeit and TradeKey admits that
13  counterfeiting is one of its biggest industries from which it derives substantial
14  revenue.  TradeKey controls its member listings, assists its members with trading
15  counterfeit goods on a massive scale, matches buyers with sellers, inserts common
16  counterfeiting terms as metadata to drive Internet traffic to Tradekey and its
17  members' counterfeit listings, and uses Plaintiffs' federally registered trademarks to
18  attract business to TradeKey.com and its members' listings.

19  (4)   The Individual Defendants have imported, manufactured, offered for
20  sale, promoted, advertised, sold and/or distributed the Counterfeit CHLOÉ
21  Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit PANERAI
22  Watches, and Counterfeit MONTBLANC Goods without Plaintiffs' permission,
23  authorization, or approval.  The Individual Defendants' conduct is likely to cause,
24  and has caused, consumers to mistakenly believe that the products sold and
25  promoted by the Individual Defendants are endorsed by or affiliated with Plaintiffs
26  and/or dilute the distinctive quality of the Plaintiffs' marks.

27  (5)   Upon information and belief, the TradeKey Defendants' and the
28  Individual Defendants' actions were taken with full knowledge of Plaintiffs'

4

1  ownership of and/or exclusive rights to use and license the marks CHLOÉ,
2  ALFRED DUNHILL, PANERAI and MONTBLANC, and with the intent to
3  benefit financially by trading on the significant goodwill symbolized by the strong
4  public recognition of the marks CHLOÉ, ALFRED DUNHILL, PANERAI and
5  MONTBLANC.   These actions were taken to deceive purchasers in believing,
6  contrary to fact, that the products on TradeKey.com using counterfeit reproductions
7  of Plaintiffs' marks emanate from, or are otherwise sponsored or approved by
8  Plaintiffs.

9      (6)   Defendants SISCOM, TradeKey Pakistan, TradeKey US, Waleed
10  Abalkhail, and Junaid Mansoor enable, induce, and facilitate the sale of Counterfeit
11  CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods, Counterfeit
12  PANERAI Watches, and Counterfeit Montblanc Goods on the websites
13  www.tradekey.com, www.b2bfreezone.com and www.saudicommerce.com by
14  knowingly encouraging, assisting, managing and controlling Individual Defendants
15  postings to offer for sale and sell said counterfeit products.

16      (7)   Defendants SISCOM, TradeKey Pakistan, TradeKey US, Waleed
17  Abalkhail, and Junaid Mansoor have actual knowledge of Individual Defendants
18  offers to sell and sale of said counterfeit products, induce Individual Defendants to
19  offer to sell and sell said counterfeit products, and control, manage, and manipulate
20  member postings.   TradeKey is involved in determining the language used in the
21  postings in the first instance, adds its own keywords and metadata using common
22  terms for counterfeit goods, changes and manipulates the language of postings and
23  controls the posting and content on its website which is infringing Plaintiffs' marks
24  CHLOÉ, ALFRED DUNHILL, PANERAI, and MONTBLANC.

25      (8)   Defendants SISCOM, TradeKey Pakistan, TradeKey US, and Junaid
26  Mansour and the counterfeiters that employ their services, including the Individual
27  Defendants, have intentionally used the marks CHLOÉ, ALFRED DUNHILL,

28

5

1   PANERAI and MONTBLANC knowing that, or willfully blind to the fact that, the

2   marks are identical to Plaintiffs' registered trademarks.

3       (9)    Defendants' conduct has caused, and unless enjoined by this Court,

4   will continue to cause, immediate and irreparable harm to Plaintiffs and to the

5   substantial goodwill embodied in Plaintiffs' registered marks CHLOÉ, ALFRED

6   DUNHILL, PANERAI and MONTBLANC for which it has no adequate remedy at

7   law and an incalculable loss of goodwill and damages.

8       (10)  As supported by Plaintiffs' supporting Memorandum of Law and the

9   Verified Complaint and declarations submitted herewith, Plaintiffs will be

10  immediately and irreparably injured unless Defendants are temporarily restrained

11  from using counterfeit reproductions of the trademarks CHLOÉ, MONTBLANC,

12  ALFRED DUNHILL or PANERAI, or any other colorable imitations thereof, in

13  designing, creating, manufacturing, distributing, delivering, shipping, importing,

14  exporting, advertising, marketing, promoting, selling, or otherwise offering for sale

15  Counterfeit CHLOÉ Handbags, Counterfeit ALFRED DUNHILL Men's Goods,

16  Counterfeit PANERAI Watches, and Counterfeit MONTBLANC Goods, or any

17  other products produced by Plaintiffs or confusingly similar to Plaintiffs' products,

18  that otherwise bear, contain, display or utilize Plaintiffs' marks CHLOÉ,

19  MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable

20  imitations thereof, or any mark confusingly similar thereto or likely to dilute by

21  blurring and/or tarnishing Plaintiffs' famous marks CHLOÉ, MONTBLANC,

22  ALFRED DUNHILL, and PANERAI.  The harm to Plaintiffs if this Application is

23  not granted will outweigh the harm to any legitimate interests of Defendants if this

24  application is granted.

25      (11)  Plaintiff is informed and believes that the TradeKey Defendants have

26  records and information that could lead to the identities of the Individual

27  Defendants and others offering for sale and/or selling Counterfeit CHLOÉ

28  Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL

6

1   Men's Goods, and Counterfeit PANERAI Watches, such as bank account
2   information, corporate records, contact names, phone numbers and email addresses
3   or other forms of contact for whom the TradeKey Defendants provide platform
4   services and/or optimization for the sale of Counterfeit CHLOÉ Handbags,
5   Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods,
6   and Counterfeit PANERAI Watches.  The Third Declaration of Rob Holmes,
7   submitted herewith, shows that the matter to be seized is believed to be located on
8   servers rented from Liquid Web, Inc. located at 4210 S. Creyts Rd., Lansing, MI
9   48917, 4428 S. Creyts Rd., Lansing, MI 48917, and 2703 Ena Dr., Lansing, MI
10  48917.[2]  The Third Declaration of Rob Holmes also shows that matter to be seized
11  is believed to be located at USA Box, 8345 NW 66th St., #6759 and #2568, Miami,
12  FL.[3]

13      (12)  It is well known that once a trafficker in counterfeit goods comes
14  under suspicion with respect to counterfeit products, all such counterfeit
15  merchandise and related business records immediately disappear.  Moreover, if a
16  trafficker in counterfeit goods receives prior notice of an application for a
17  temporary restraining order and an order directing seizure of counterfeit
18  merchandise, such counterfeiters immediately attempt to secrete or otherwise
19  dispose of all such goods and records.  Traffickers in counterfeit goods are aware
20  that their actions are subject both to civil and criminal prosecution and accordingly
21  take all possible steps to avoid detection.

22      (13)  Plaintiffs submit that _any_ prior notice to Defendants in this instance
23  will result in the immediate disappearance, deletion and/or destruction of all of the
24  Individual Defendants' Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC
25  Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI

26

27  [2] ¶¶ 6-7.
28  [3] ¶¶ 5, 13.

7

1  Watches and all related business records which may presently exist on the

2  TradeKey Defendants' servers and at their USA Box mailboxes.  It is essential for

3  the preservation of evidence and the granting of effective relief in this case that

4  Plaintiffs be allowed to serve a Temporary Restraining, Seizure, and Substitute

5  Custodian Order on the TradeKey Defendants promptly and without any prior

6  notice.

7  (14)   The inadvertent disclosure of the filing of this civil action by the press

8  or others is likely to result in sufficient notice to the TradeKey Defendants to permit

9  them to sell, move, secrete, delete, or otherwise dispose of the business records for

10  the counterfeit products and records identifying the individuals and entities selling

11  counterfeit products on Tradekey.com, b2bfreezone.com, and saudicommerce.com,

12  thereby rendering ineffective the relief which Plaintiffs seek.  In recognition of the

13  risk resulting from inadvertent notice to Defendants, § 34(d)(8) of the Federal

14  Trademark Act, 15 U.S.C. § 1116(d)(8), provides that a seizure order granted under

15  § 34(d), together with the supporting documents, should be sealed until after the

16  TradeKey Defendants are served with the Order and the seizure has been carried

17  out.

18  (15)   On May 13, 2011, as required by § 34(d)(2) of the Federal Trademark

19  Act, 15 U.S.C. § 1116(d)(2), as amended, Plaintiff gave reasonable notice of this

20  Application to the United States Attorney for the Central District of California.

21  (16)   Plaintiffs have not publicized the requested seizure.

22  For the foregoing reasons, Plaintiff accordingly requests that Defendants,

23  their officers, directors, agents, representatives, successors or assigns, and all

24  persons acting in concert or in participation with any of them be temporarily

25  restrained, pending a hearing on Plaintiffs' entitlement to a preliminary injunction

26  from:

27  (A)   using counterfeit reproductions of the trademarks CHLOÉ,

28  MONTBLANC, ALFRED DUNHILL or PANERAI, or any other colorable

8

imitations thereof, in designing, creating, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' products, that otherwise bear, contain, display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing Plaintiffs' famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, or facilitating, inducing, or assisting any of the activity set forth above;

(B)    making or employing any other commercial use of Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, or facilitating, inducing, or assisting any of the activity set forth above;

(C)    using any other false designation of origin, false description or representation, or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' activities, including the sale of Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, are in any way sponsored, licensed, endorsed, authorized, affiliated, or connected with and/or originated from Plaintiffs, or facilitating, inducing, or assisting any of the activity set forth above;

(D)    doing any other acts or things calculated or likely to cause

9

confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants emanate from or originate with Plaintiffs or their licensees, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with Plaintiffs and/or originate from Plaintiffs;

(E)     removing, returning, or otherwise disposing of, in any manner, any Counterfeit CHLOÉ Handbags, Counterfeit MONTBLANC Goods, Counterfeit ALFRED DUNHILL Men's Goods, and Counterfeit PANERAI Watches, or any other products confusingly similar to Plaintiffs' products, or that otherwise bear, contain, display or utilize Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiffs' famous marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI;

(F)     secreting, destroying, altering, removing, deleting all electronic copies, or otherwise dealing with the unauthorized products or means of making such marks and products, or any books, documentation or records thereto (electronic or otherwise) which contain any information relating to designing, creating, importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI;

(G)     further diluting and infringing Plaintiffs' marks CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI and damaging Plaintiffs' goodwill;

(H)     otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

10

(I)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (A) through (H), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H).

Plaintiffs further request that:

(A)     The Court direct the United States Marshal, his or her deputy and/or persons acting under his or her supervision, or any other Federal, state or local law enforcement officer, assisted by one or more of Plaintiffs' attorneys and agents, to seize and impound (using whatever reasonable force may be necessary to carry out the provisions of this Order, including utilizing the services of a locksmith), all data, documents, records, and/or information electronic or otherwise relating to: the identity (including contact names, phone numbers, and email addresses or other forms of contact) of the TradeKey members offering for sale any counterfeit goods bearing the trademarks CHLOÉ, MONTBLANC, ALFRED DUNHILL or PANERAI; the services provided by TradeKey to said members; the design, manufacture, purchase, importation, distribution, offering for sale and/or sale of products under counterfeit reproductions of the trademarks CHLOÉ, MONTBLANC, ALFRED DUNHILL or PANERAI on Tradekey.com, b2bfreezone.com, and saudicommerce.com, including but not limited to publicly posted Internet content evidencing offers made of CHLOÉ, MONTBLANC, ALFRED DUNHILL, and PANERAI merchandise; traffic logs evidencing the volume of underlying counterfeit activity; bank account information for TradeKey and said members referenced above; documents and/or corporate records said members referenced above provided to TradeKey; member data, email

11

communications and/or payment records for said members referenced above, which are in the possession, custody or control of the TradeKey Defendants:

    a) on the servers for Tradekey.com (IP address: 69.16.197.36), B2BfreeZone.com (IP address: 69.16.197.247), Saudicommerce.com (IP address: 69.16.197.74), and Siscom.com.sa (IP address: 67.255.156.222), which servers are located at 4210 S. Creyts Rd., Lansing, MI 48917, 4428 S. Creyts Rd., Lansing, MI 48917, and 2703 Ena Dr., Lansing, MI 48917; and/or

    b) at mailbox #6759 and #2568 located at USA Box, 8345 NW 66th St., Miami, FL,

and to allow Plaintiffs' attorneys and agents immediately to inspect, photograph, videotape, photocopy, download and copy electronic files, and inventory the same. The United States Marshal, or other law enforcement officer, assisted by one or more of Plaintiffs' attorneys and agents, is further empowered and directed to search the aforesaid premises to identify all such merchandise and related documents, records and materials and is further empowered to instruct any security officers at Liquid Web and USA Box to refrain from informing the TradeKey Defendants of the impending execution of the Seizure Order.

    (B)    The Court appoint Plaintiffs' counsel, Mark A. Finkelstein, Susan M. Kayser, Jessica D. Bradley, Eric M. Kennedy, and Mr. Wright, as substitute custodian(s) to take custody of all items seized by the Office of the United States Marshal pursuant to the Seizure Order entered by the Court concurrently herewith.

    (C)    The Clerk of Court maintain the file of the above-captioned civil action in its entirety under seal temporarily pending service of the Summons, Complaint and Temporary Restraining, Seizure and Substitute Custodian

12

1    Order on all Defendants, or further order of the Court.

2           (D)    An Order to Show Cause to be served on Defendants setting a

3    date for an evidentiary hearing as to whether Plaintiffs are entitled to the

4    preliminary injunctive relief requested and permitting expedited discovery in

5    advance of that hearing.

6    A proposed Temporary Restraining, Seizure, and Substitute Custodian Order,

7    supporting Declarations, and Memorandum of Law, and proposed Order to Show

8    Cause are submitted concurrently herewith.

9
     Dated:  May 13, 2011                          JONES DAY
10
                                                   By:
11
                                                   Mark A. Finkelstein
12                                                 (State Bar No. 173851)
                                                   Jones Day
13                                                 3161 Michelson Drive
                                                   Suite 800
14                                                 Irvine, CA 92612-4408
                                                   949.851.3939
15                                                 949.553.7539 (Facsimile)

16                                                 Susan M. Kayser
                                                   (*pro hac vice* application pending)
17                                                 Jessica D. Bradley
                                                   (*pro hac vice* application pending)
18                                                 Jones Day
                                                   51 Louisiana Ave, NW
19                                                 Washington, DC 20001
                                                   202.879.3939
20                                                 202.626.1700 (Facsimile)

21                                                 *Attorneys for Plaintiffs Chloé SAS,*
                                                   *Alfred Dunhill Limited, Panerai AG*
22                                                 *and Montblanc-Simplo GmbH*

23

24

25

26

27

28
                                           13