1   MARK A. FINKELSTEIN (State Bar No.  173851)
    mafinkelstein@jonesday.com
2   JONES DAY
    3161 MICHELSON DRIVE
3   SUITE 800
    IRVINE, CA 92612-4408
4   949.851.3939
    949.553.7539 (Facsimile)
5
    SUSAN M. KAYSER (admitted *pro hac vice*)
6   skayser@jonesday.com
    JESSICA D.  BRADLEY (admitted *pro hac vice*)
7   jbradley@jonesday.com
    JONES DAY
8   51 LOUISIANA AVE, NW
    WASHINGTON, DC 20001
9   202.879.3939
    202.626.1700 (Facsimile)
10
    Attorneys for Plaintiffs Chloé SAS, Alfred Dunhill Limited,
11  Officine Panerai AG, and Montblanc-Simplo GmbH
12  LAURENCE F. PULGRAM (CSB NO. 115163)
    lpulgram@fenwick.com
13  TYLER G. NEWBY (CSB NO. 205790)
    tnewby@fenwick.com
14  LESLIE A. KRAMER (CSB NO. 253313)
    lkramer@fenwick.com
15  DAVID MARTY (CSB NO. 273417)
    dmarty@fenwick.com
16  FENWICK & WEST LLP
    555 California Street, 12th Floor
17  San Francisco, California  94104
    Telephone:  (415) 875-2300
18  Facsimile:   (415) 281-1350
19  Attorneys for Defendants
    Sawabeh Information Services Co., TradeKey (Pvt) Ltd.,
20  TradeKey LLC, Waleed Abalkhail, and Junaid Mansoor
    (appearing specially)
21
                        UNITED STATES DISTRICT COURT
22              FOR THE CENTRAL DISTRICT OF CALIFORNIA
23  CHLOÉ SAS et al.,                    )   Case No: 11-cv-04147 GAF (MANx)
                                         )
24              Plaintiffs,              )   Assigned for all purposes to:
                                         )   Honorable Gary A.  Feess
25  vs.                                  )
                                         )
26  SAWABEH INFORMATION                  )   **PROTECTIVE ORDER**
    SERVICES CO. et al.,                 )   **ENTERED PURSUANT TO THE**
27                                       )   **PARTIES' STIPULATION**
                Defendants.
28

PROTECTIVE ORDER

1       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

2 the parties' Joint Stipulation Regarding Proposed Protective Order and [Proposed]

3 Protective Order ("Stipulation") filed on October 21, 2011, the terms of the

4 protective order to which the parties have agreed are adopted as a protective order

5 of this Court (which generally shall govern the pretrial phase of this action) except

6 to the extent, as set forth below, that those terms have been substantively modified

7 by the Court's amendment of paragraphs 5, 12, 16, 21, 22, 23, 26, and 31 of, and

8 Exhibit A to, the Stipulation.

9       The parties are expressly cautioned that the designation of any information,

10 document, or thing as "Confidential," "Attorney's Eyes Only," "Outside Counsel's

11 Eyes Only," or other designation(s) used by the parties, does not, in and of itself,

12 create any entitlement to file such information, document, or thing, in whole or in

13 part, under seal.  Accordingly, reference to this Protective Order or to the parties'

14 designation of any information, document, or thing as "Confidential," "Attorney's

15 Eyes Only," "Outside Counsel's Eyes Only," or other designation(s) used by the

16 parties, is wholly insufficient to warrant a filing under seal.

17       There is a strong presumption that the public has a right of access to judicial

18 proceedings and records in civil cases.  In connection with non-dispositive motions,

19 good cause must be shown to support a filing under seal.  The parties' mere

20 designation of any information, document, or thing as "Confidential," "Attorney's

21 Eyes Only," "Outside Counsel's Eyes Only," or other designation(s) used by

22 parties, does not -- **without the submission of competent evidence, in the form of**

23 **a declaration or declarations, establishing that the material sought to be filed**

24 **under seal qualifies as confidential, privileged, or otherwise protectable** --

25 constitute good cause.

26       Further, if sealing is requested in connection with a dispositive motion or

27 trial, then compelling reasons, as opposed to good cause, for the sealing must be

28 shown, and the relief sought shall be narrowly tailored to serve the specific interest

PROTECTIVE ORDER

to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## TERMS OF PROTECTIVE ORDER

1. The following procedures shall govern the production of all materials (whether in electronic, hard copy, or computer readable form) during discovery and

1   presentation to the Court of pleadings in this action, including, but not limited to,

2   answers to interrogatories, requests for admissions, all documents produced by

3   parties or nonparties, responses to subpoenas duces tecum, deposition testimony,

4   information contained therein, information provided during any settlement

5   discussions, and all information and documents already provided by the producing

6   or authoring party (collectively, "Discovery Material").

7          2.      The following definitions shall apply to this Protective Order

8   ("Order"):

9                  a.      The "**Designating Party**" shall mean the producing or authoring

10  party of the Discovery Material.

11                 b.      "**Confidential Information**" shall mean and include any

12  Discovery Material, which contains non-public, confidential, or proprietary

13  information, whether personal or business related, including information that must

14  be redacted under Central District of California Local Rule 79-5.4.  Certain limited

15  types of "Confidential Information" may be further designated, as defined and

16  detailed below, as "Attorney's Eyes Only Information" or "Outside Counsel's Eyes

17  Only Information."

18                 c.      "**Attorney's Eyes Only Information**" shall mean documents

19  or information that the Designating Party deems in good faith to constitute or refer

20  to trade secrets[1] (as defined above) and sensitive financial or competitive

21  information or Sensitive Customer Information;

22                 d.      "**Outside Counsel's Eyes Only Information**" shall mean:

23  (1) documents or information that the Designating Party deems in good faith to

24  constitute or refer to highly confidential details regarding Plaintiffs' methodology

25  _____

26  [1] Cal.  Civil Code § 3426.1 provides that trade secret "means information,
    including a formula, pattern, compilation, program, device, method, technique, or
27  process, that: (1) Derives independent economic value, actual or potential, from not
    being generally known to the public or to other persons who can obtain economic
28  value from its disclosure or use; and (2) Is the subject of efforts that are reasonable
    under the circumstances to maintain its secrecy.

PROTECTIVE ORDER

1    for detecting counterfeit goods and manufacturing and distribution channels, that

2    could cause material harm to the Designating Party if revealed to inside counsel for

3    the party receiving the information ("Receiving Party"); and (2) highly confidential

4    documents or information, including computer code and associated comments and

5    revision histories, formulas, engineering specifications, or schematics, that define or

6    otherwise describe in detail the algorithms or structure of software designs or

7    search engine optimization techniques and methods that could cause material harm

8    to the Designating Party if revealed to inside counsel for the party receiving the

9    information.

10          e.     "**Protected Information**" shall mean Confidential Information,

11   Attorney's Eyes Only Information, and Outside Counsel's Eyes Only Information.

12          f.     "**Sensitive Customer Information**" shall mean confidential,

13   non-public financial account information about a Designating Party's customer.

14      3.     The following instructions shall apply:

15          a.     All "Confidential," "Attorney's Eyes Only," and "Outside

16   Counsel's Eyes Only" designations shall be made in good faith by the Designating

17   Party and made at the time of disclosure, production, or tender to the Receiving

18   Party, or at such other time as permitted by this Order, provided that the inadvertent

19   failure to so designate does not constitute a waiver of such claim, and a party may

20   so designate Discovery Material after such inadvertent failure, subject to the

21   protections of this Order.  Designations of "Confidential," "Attorney's Eyes Only,"

22   or "Outside Counsel's Eyes Only" shall constitute a representation that such

23   Discovery Material has been evaluated by an attorney for the Designating Party,

24   that there is a valid and good faith basis for such designation, and that disclosure of

25   such information to persons other than those permitted access to such material

26   hereunder would cause injury to the Designating Party or non-party.

27          b.     The designation of Discovery Material in the form of

28   documents, responses to admissions and interrogatories, or other tangible materials

(including, without limitation, CD-ROMs and tapes), other than depositions or other pre-trial testimony, as Protected Information shall be made by the Designating Party in the following manner, and shall not be disclosed to anyone else.

        i.      Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL," "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Confidential Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall be identified by Bates number.  To the extent practical, the Confidential legend shall be placed near the Bates number.

        ii.      Documents designated "Attorney's Eyes Only" shall be so marked by conspicuously affixing the legend "ATTORNEY'S EYES ONLY," "ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Attorney's Eyes Only Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall be identified by Bates number.  To the extent practical, the Attorney's Eyes Only legend shall be placed near the Bates number.

        iii.      Documents designated "Outside Counsel's Eyes Only" shall be so marked by conspicuously affixing the legend "OUTSIDE COUNSEL'S EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Outside Counsel's Eyes Only Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall be identified by Bates number.  To the extent practical, the Outside Counsel's Eyes Only legend shall be placed near the Bates number.

        c.      If a document has more than one designation, the more

1  restrictive or higher confidentiality designation applies.

2  d.  Only information or material that the Designating Party shall, in

3  good faith, deem Protected Information shall be so designated, but an entire

4  document or materials may be designated as Protected Information if any part of it

5  contains Protected Information, unless the Designating Party elects to designate

6  only portions of the document or material as Protected Information.  The attorneys

7  of record for such Designating Party shall be deemed to have certified that such

8  counsel believes that the designation has been made in good faith and that there are

9  substantial grounds in law and fact to support the designation.

10  4.  Protected Information shall not include any Discovery Materials

11  which:

12  a.  have been or become lawfully in the possession of the Receiving

13  Party without obligations of confidentiality through other litigation or

14  communications other than production or disclosure in this action; or

15  b.  are or have been publicly available **on** website pages; or

16  c.  have been or become publicly available not due to any

17  unauthorized act or omission on the part of the Receiving Party.

18  Nothing herein shall impose any restriction on the use or disclosure by a party of its

19  own documents or information.

20  5.  Subject to sections 8 and 9 of this Order, "Qualified Persons" having

21  access to Discovery Material designated "Outside Counsel's Eyes Only

22  Information" under this Order, in this action are the following and no one else:

23  a.  retained outside counsel of record for Plaintiffs, their

24  stenographic, clerical, and paralegal employees whose duties and responsibilities

25  require access to such materials, and employees or agents of counsel of record

26  (including reputable litigation support firms) to the extent reasonably necessary to

27  render professional services in this action and provided that such persons are

28  actively engaged in the prosecution or defense of this action;

PROTECTIVE ORDER

1    b.    retained outside counsel of record for Tradekey Defendants,

2  including their stenographic, clerical, and paralegal employees whose duties and

3  responsibilities require access to such materials; and employees or agents of

4  counsel of record (including reputable litigation support firms) to the extent

5  reasonably necessary to render professional services in this action and provided that

6  such persons are actively engaged in the prosecution or defense of this action;

7    c.    the Court, **Court personnel,** or any other court having

8  jurisdiction over discovery procedure in this action (if filed under seal) or any

9  special master or mediator appointed in this action;

10    d.    (i) retained outside independent consultants and/or retained

11  independent experts who are employed to furnish expert or technical services in

12  connection with discovery or preparation for trial and/or (ii) independent jury

13  consultants or mock juries for Plaintiffs or Tradekey Defendants and (iii) document

14  coding or computerization services and/or litigation support services (as well as

15  their respective staff and stenographic and clerical employees whose duties and

16  responsibilities require access to such material) and who are, respectively not

17  otherwise affiliated in any way with either party and who have complied with the

18  provisions in section 8, including the completion of Exhibit A;

19    e.    stenographic and video reporters engaged in proceedings

20  incident to this action; and

21    f.    outside document copying services.  Notwithstanding any other

22  provision of this Order, access to Protected Information shall be permitted to such

23  vendors, without need for the completion of Exhibit A.  The outside counsel

24  providing Protected Information to outside document copying services shall be

25  responsible for that service's compliance with the provisions of this Order.

26    6.    "Qualified Persons" having access to Discovery Material designated

27  "Attorney's Eyes Only Information" under this Order, in this action are the

28  following:

PROTECTIVE ORDER

a.      persons entitled to receive Outside Counsel's Eyes Only Information pursuant to section 5; and

b.      the parties' inside counsel (limited to a total number of persons equal to the number of corporate parties of record, for example, four in-house counsel for four corporate plaintiffs), and his or her stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such materials for the prosecution or defense of this litigation, who have complied with the provisions in section 8 including the completion of Exhibit A;

7.      "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Order, in this action are the following:

a.      persons entitled to receive Attorney's Eyes Only Information pursuant to section 6; and

b.      party representatives equal to the number of corporate Plaintiffs and a party representative for each of the Tradekey Defendants, respectively, assigned to and necessary to assist in the conduct of this action and who have complied with the provisions in section 8, including the completion of Exhibit A.  If a party representative is (i) no longer employed by a party or (ii) is no longer responsible for the conduct of this action due to a change in job responsibilities or reorganization of a party, then that party may assign another person as its representative.

8.      Before any person described in Section 5(d)(i) is given access to Protected Information, the individual to whom disclosure is to be made shall first read this Order and then sign and date a declaration substantially in the form of Exhibit A attached hereto.  A copy of such declarations shall be held by counsel of record for the party disclosing the Protected Information.  At least three (3) business days prior to disclosing Attorney's Eyes Only or Outside Counsel's Eyes Only Information to any person described in section 5(d)(i), the person or party making such disclosure shall provide counsel for the Designating Party with a copy

1   of the declaration signed by the expert or consultant to whom disclosure is being

2   made.   Providing the Designating Party with a copy of the declaration signed by

3   the expert or consultant does not, in itself, render that expert or consultant subject to

4   any discovery, including a deposition.

5        9.      A party designating documents or information as Confidential,

6   Attorney's Eyes Only, or Outside Counsel's Eyes Only may object to the disclosure

7   of such documents to any person described in section 5(d)(i) whose identity has

8   been disclosed pursuant to section 8 by giving written notice to the producing party

9   and to all other parties.  If such dispute cannot be resolved within 5 business days

10   of receipt of such notice, the objecting party may file a motion with the Court

11   within the next 5 business days for a ruling seeking to prevent such disclosure.  No

12   disclosure shall be made to the attorney, expert, or consultant until the objecting

13   party's timely motion has been decided.

14        10.     Qualified Persons defined in section 6(b) or 7(b) shall be allowed

15   access to Protected Information only after complying with the following procedure:

16             a.      Before receiving access to any Protected Information, the person

17   shall be furnished with a copy of this Order and shall acknowledge, by executing

18   the acknowledgment form attached hereto as Exhibit A, that he or she has read this

19   Order, understands it, and agrees to be bound by it, and also expressly consents to

20   the jurisdiction of this Court in connection with any proceeding or hearing relating

21   to the enforcement of this Order.

22             b.      Outside counsel for each Receiving Party shall retain a copy of

23   each such acknowledgment form (Exhibit A).

24        11.     Protected Information and the substance or content thereof, including

25   any notes, memoranda, or other similar documents relating thereto, shall be used by

26   a Receiving Party solely for the purpose of this action and any appeals therefrom,

27   and shall not be made available, or disclosed, or summarized to any persons,

28   including the parties, their affiliates, parents, or related entities, other than as

PROTECTIVE ORDER

1  permitted by the terms of this Order.  However, nothing in this Order shall bar or

2  otherwise restrict any trial counsel from rendering advice to his client with respect

3  to this litigation and, in the course thereof, relying generally upon his examination

4  of documents or information designated as Confidential Information, Attorney's

5  Eyes Only Information, or Outside Counsel's Eyes Only Information; provided,

6  however, that in rendering such advice and in otherwise communicating with his

7  clients, the trial counsel shall not disclose any content or the source of such

8  information or documents contrary to the terms of this Order.  Confidential

9  Information shall be maintained by the Receiving Party under the overall

10  supervision of outside counsel, and Attorney's Eyes Only Information shall be

11  maintained by outside counsel only, which may provide access to inside counsel

12  through hosting a password protected share-site limited to use by specified inside

13  counsel and which complies with the terms of this Order.  Outside Counsel's Eyes

14  Only Information shall be maintained by outside counsel only and appropriately

15  secured to prevent access by unauthorized individuals.

16          12.    The Receiving Party may assert that documents, information, and

17  materials produced by the Designating Party contain or reflect the Receiving

18  Party's own trade secrets and, confidential and proprietary business and financial

19  information or Sensitive Customer Information.  The Receiving Party must make

20  such assertions within twenty-one (21) business days of receipt of such documents

21  or any subsequent event that would render publicly available documents previously

22  produced confidentially or under seal.  The Designating Party shall then make all

23  reasonable efforts to determine whether such documents, information, and materials

24  contain or reflect the Receiving Party's own trade secrets and confidential and

25  proprietary business and financial information or Sensitive Customer Information,

26  and if it disagrees, ~~agrees~~ the parties shall proceed on the schedule and in

27  accordance with the procedures provided in Paragraph 24 for judicial resolution,

28  with the materials retaining its protection pending such resolution.

PROTECTIVE ORDER

13.     Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Information in order to ensure that the Confidential, Attorney's Eyes Only, or Outside Counsel's Eyes Only nature of the same is maintained and that it is not shared with any person or used for any purpose not expressly authorized by this Order.

14.     If Protected Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Protected Information and make every reasonable effort to retrieve such Information and to prevent further disclosure.

15.     When Protected Information is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by sections 5-7 of this Order have access to such Protected Information are present.  Nothing in this Order shall limit or restrict any party's right to inquire about, or show Protected Information to, a deponent that is an officer, director, employee, or agent of the party or non-party that produced the Protected Information.  In connection with any deposition, the witness may, at deposition or its preparation, be examined about or shown a document or thing containing designated Protected Information with the consent of the party producing the same (which consent shall not be unreasonably withheld), or if it appears from the face of the document that the witness authored or received a copy of it.

16.     Nothing in this Order shall prevent a party from using any Discovery Materials designated as Protected Information at depositions, but the party using such Information or material must request that the portion of the **deposition** be **separately bound** with access thereto limited to persons entitled to access under this Order.  **If filing of the separately bound portion of the deposition transcript is required, the provisions of paragraph 21 below must be followed.**  If any

PROTECTIVE ORDER

party intends to disclose Protected Information in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may **seek appropriate handling and protection of the Protected Information.**

17.   Nothing herein shall prevent disclosure if each party designating Information as Confidential Information, Attorney's Eyes Only Information, or Outside Counsel's Eyes Only Information consents to such disclosure.

18.   Any deposition transcript containing Protected Information shall be marked on the cover, as appropriate, and shall indicate within the transcript what Information has been so designated.  Whenever possible, the stenographic reporter shall be requested, prior to the deposition (where the attorneys have reason to believe the testimony will contain Protected Information) or when the Protected Information is disclosed (when not previously anticipated), to separate those portions of the transcript containing said Protected Information and separately bind it from the non-confidential portions.  However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information, Attorney's Eyes Only Information, or Outside Counsel's Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall, accordingly, indicate in the deposition transcript what portions of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within ten (10) business days after receipt of the transcript.  Until ten (10) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Outside Counsel's Eyes Only Information.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Confidential," "Attorney's Eyes Only," or "Outside Counsel's Eyes Only," whichever protection is being sought, until this Court rules otherwise.

19.   If a party, through inadvertence, produces any Confidential Information, Attorney's Eyes Only Information, or Outside Counsel's Eyes Only

PROTECTIVE ORDER

1    Information without labeling, marking, or otherwise designating it as such in

2    accordance with the provisions of this Order, the producing party may give written

3    notice to the Receiving Party that the document or thing produced is deemed

4    Confidential Information, Attorney's Eyes Only Information, or Outside Counsel's

5    Eyes Only Information and should be treated as such in accordance with the

6    provisions of this Order, along with a replacement copy properly marked.  The

7    Receiving Party shall treat such documents and things as Confidential Information,

8    Attorney's Eyes Only Information, or Outside Counsel's Eyes Only Information

9    from the date such notice is received.  Disclosure, prior to the receipt of such

10   notice, of such Confidential Information, Attorney's Eyes Only Information, or

11   Outside Counsel's Eyes Only Information to persons not authorized to receive

12   Confidential Information, Attorney's Eyes Only Information, or Outside Counsel's

13   Eyes Only Information shall not be deemed a violation of this Order.

14        20.   In the event the producing party elects to produce documents and

15   things for inspection, no marking need be made by the producing party in advance

16   of the initial inspection.  For purposes of the initial inspection, all documents within

17   the produced files shall be considered as marked "Outside Counsel's Eyes Only."

18   Thereafter, upon selection of specified documents for copying by the inspecting

19   party, the producing party shall mark the copies of such documents as may contain

20   Protected Information with the appropriate confidentiality marking at the time the

21   copies are produced to the inspecting party.  This accommodation to convenience,

22   however, does not imply that a requesting party may not request and be entitled to

23   copies of all the documents produced for inspection or that the producing party may

24   bury responsive material among voluminous non-responsive material, and may not

25   be used by the producing party to delay production of copies of requested

26   documents or things.  Bound copies of multi-paged documents may be stamped on

27   the cover page only.

28        21.   **If any party seeks to file any document or transcript that**

PROTECTIVE ORDER

**constitutes, contains, or reflects Protected Information, that party shall seek to file the Protected Information under seal in accordance with the requirements of Local Rule 79-5.1.**  Any Discovery Material or other information that a Designating Party had designated "Confidential," "Attorney's Eyes Only," or "Outside Counsel's Eyes Only" and that such Designating Party **does not seek to file under seal with the Court** shall no longer be deemed designated as either "Confidential," "Attorney's Eyes Only," or "Outside Counsel's Eyes Only" and therefore may be freely disclosed.

      22.    In the event that any **party seeks to file a** pleading under seal in this action, the party filing that document will also file a public, redacted version of the document deleting information that is not subject to **a** confidentiality designation. **If** any party **contends** that any document or portion of any document**, which was** filed while the entire action was under seal**, must remain under seal, that party** shall supply to the Court's clerk a redacted version of the document initially filed under seal, along with **competent evidence that there is** appropriate justification for filing materials under seal within five (5) court days of the order indicating the seal will be lifted, during which time all documents will remain sealed unless otherwise instructed by the Court.  Upon receipt of such **redacted** document, the Clerk shall make publicly available the redacted, public version.

      23.    Entering into **the Stipulation**, agreeing to and/or producing or receiving Protected Information or otherwise complying with the terms of this Order shall not:

        a.    operate as an admission by any party that any Discovery Material designated as Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law or this Order;

        b.    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an

PROTECTIVE ORDER

1   admission to any party that the restrictions and procedures set forth herein

2   constitute adequate protection for any particular information deemed by any party

3   to be Protected Information;

4          c.     prejudice in any way the rights of any party to object to the

5   authenticity or in evidence of any document, testimony or the evidence subject to

6   this Order;

7          d.     prejudice in any way the rights of any party to seek a

8   determination by the Court whether any Discovery Material or Protected

9   Information should be subject to the terms of **this** Order;

10          e.     prejudice in any way the rights of any party to petition the Court

11   for a further protective order relating to any purportedly Protected Information;

12          f.     prejudice in any way the rights of any party to petition the Court

13   for permission to disclose or use particular Protected Information more broadly than

14   would otherwise be permitted by the terms of this Order;

15          g.     prevent any Designating Party from agreeing to alter or waive

16   the provisions or protection provided for herein with respect to any particular

17   Discovery Material designated as Protected Information by that party;

18          h.     prevent Plaintiffs from acting on and using Protected

19   Information to investigate and/or take action against a member/customer, and/or

20   amend the complaint to include a member/customer as a defendant based on

21   Plaintiffs' good faith belief that such member/customer is offering for sale and/or

22   selling counterfeit goods or engaged in other unlawful activity;

23          i.     if Plaintiffs believe Protected Information reveals or is likely to

24   lead to information relating to counterfeit or other unlawful or illegal activity,

25   prevent Plaintiffs from providing such information to a governmental entity;

26   provided that, before providing such information regarding a member/customer of

27   the TradeKey Defendants to a governmental entity, Plaintiffs shall first request said

28   information to be de-designated, **in** which **case** consent shall not be unreasonably

1   withheld.  The TradeKey Defendants shall not disclose Plaintiffs' request to anyone.

2   If the TradeKey Defendants provide consent, then Plaintiffs may make such

3   disclosure.  If the TradeKey Defendants do not consent within five business days,

4   Plaintiffs may seek authorization of the Court for such de-designation; or

5             j.      prejudice in any way the rights of any party to assert, or resist

6   the assertion of, any claim or defense, including a procedural defense or challenge.

7         24.    The signing of this Order or failure of a party, at the time it receives

8   Discovery Materials designated as Protected Information, to challenge or object to

9   the Protected Information designation shall not be deemed a waiver of its right to

10  challenge or object to the Protective Information designation at any later time.  Any

11  party may, at any time, request permission to use or disclose information with

12  Confidential, Attorney's Eyes Only, or Outside Counsel's Eyes Only designations

13  other than as permitted, or may request a change in the designation of Protected

14  Information pursuant to this section, by serving (by e-mail and facsimile with

15  confirmed transmission) a written request upon counsel for the Designating Party.

16  Such request shall specifically identify the Protected Information sought to be

17  disclosed, including the Bates number of the document(s), and if (a) the party seeks

18  to disclose the information to a person, then the party must include that person's

19  name, title, and function and notice that the person has complied with the

20  provisions in section 8, including the completion of Exhibit A; or (b) the party

21  seeks to modify the designation of the document, then the party must provide a

22  justification for change in designation of the document.  The Designating Party

23  shall thereafter respond to the request in writing within ten (10) business days after

24  receipt of same.  Absent good cause shown, a failure to respond within such time

25  shall constitute consent to the request.  If, where consent has been withheld, the

26  parties are subsequently unable to agree on either the terms and conditions of

27  disclosure or the proposed change in designation within five (5) business days

28  thereafter, the matter may be submitted to the Court for resolution upon motion by

1   the party seeking either the disclosure or the changed designation, and such

2   disclosure or change shall be postponed until a ruling has been obtained from the

3   Court.

4        25.    Notwithstanding any default provisions of this Order providing for

5   confidential treatment, in the event of disagreement, the party asserting

6   confidentiality shall have the burden of proving that the information at issue is

7   entitled to the protection of this Order.

8        26.    All provisions of this Order restricting the use of information obtained

9   during discovery shall continue to be binding on the parties and all persons who

10  have received information under this Order, after the conclusion of this action,

11  including all appeals, unless the parties agree otherwise in writing.  Any and all

12  original and copies of Discovery Material designated as Protected Information

13  shall, at the request of the Designating Party, be returned to the party within sixty

14  (60) calendar days after a final judgment herein or settlement of this action, or, at

15  the option of the Receiving Party, destroyed in that time frame, except that outside

16  counsel for each party may maintain in its files (in paper copies and/or

17  electronically) pleadings filed with the Court, written discovery responses served on

18  the parties, each deposition transcript, together with the exhibits marked at the

19  deposition, the trial transcript together with trial exhibits, and documents

20  constituting work product which were internally generated based upon or which

21  include Protected Information.  In the event that outside counsel maintains such

22  documents, it shall not disclose material containing any type of Protected

23  Information to another party absent subpoena or court order.  Upon receipt of any

24  subpoena for such Protected Information, the party receiving the subpoena shall

25  immediately notify outside counsel for the Designating Party of the subpoena so

26  that the latter may protect its interests.  In the event that documents are returned to

27  or destroyed at the request of the producing or Receiving Party, the other party or

28  its outside counsel shall certify, in writing, that all such documents have been

PROTECTIVE ORDER

returned or destroyed, as the case may be.  **The provisions of this paragraph do not apply to the Court and Court personnel.**

27.    This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.  The inadvertent production of any privileged or otherwise protected or exempted Information, as well as the inadvertent production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such Information, provided that the Designating Party shall immediately notify the Receiving Party, in writing, when inadvertent production is discovered.  If prompt notification is made and the Designating Party describes in detail the circumstances surrounding the document's alleged inadvertent production, then the Receiving Party shall, upon request:

a.    return or destroy all such inadvertently produced documents and all copies thereof, or

b.    place all such inadvertently produced documents and all copies thereof in a sealed envelope and move the Court for an order on this issue.  Counsel for the Receiving Party shall not use such Information for any purpose until further order of the Court.

Any analyses, memoranda or notes which are internally generated based upon such inadvertently produced Discovery Materials shall immediately be treated in conformance with either subparagraph (a) or (b) hereof.

28.    Any party to this Order may move the Court for relief deemed appropriate based upon a violation of the terms of this Order pursuant to the procedures provided for by the Federal Rules of Civil Procedure and this Court's

PROTECTIVE ORDER

Local Rules.

29.     Until such time as this Order or an alternative protective order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

30.     Third parties who produce Information in this action may avail themselves of the provisions of this Order, and Discovery Material produced by third parties shall be treated by the parties in conformance with this Order.  As necessary or appropriate, a party may request that a non-party execute Exhibit A to this Order.

31.     Any Protected Information filed with the Court **while the entire action is under seal** shall remain under seal until further order of the Court.

32.     In the event that anyone shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order.  The parties and any other persons subject to the terms of this Order agree that the Court shall have and retain jurisdiction over it and them limited to the purpose of enforcing this Order.

33.     The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Order.


        **IT IS SO ORDERED.**

Dated:  February 3, 2012

_Margaret A. Nagle_

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury

5

that I have read in its entirety and understand the Protective Order ("Order") that

6

was issued by the United States District Court for the Central District of California

7

on February 3, 2012, in Case No. 11-cv-04147 GAF (MANx).  I agree to comply

8

with and to be bound by all the terms of this Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

11

any manner any information or item that is subject to this Order to any person or

12

entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court

14

for the Central District of California solely for the purpose of enforcing the terms of

15

this Order, even if such enforcement proceedings occur after termination of this

16

action.

17

I further agree to service of process by first-class mail at the address listed

18

above and waive any objections to service of process by first-class mail.

19

20

DATED: _____

21

_____

22

23

24

25

26

27

28

PROTECTIVE ORDER