LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
DAVID C. MARTY (CSB No. 273417)
dmarty@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendants and Counterclaimants
Sawabeh Information Services Co. and
TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail
and Junaid Mansoor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHLOE SAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAWABEH INFORMATION SERVICES CO., et al.,<br><br>　　　　　Defendants. | Case No. 11-CV-04147 GAF (MANx)<br><br>**FENWICK & WEST'S MOTION TO WITHDRAW AS COUNSEL**<br><br>Date:　　　February 25, 2013<br>Time:　　　9:30 a.m.<br>Courtroom: 740 – Roybal<br>Judge:　　　Hon. Gary A. Feess |
| SAWABEH INFORMATION SERVICES CO., TRADEKEY (PVT) LTD.,<br><br>　　　　　Counterclaimants,<br><br>　v.<br><br>RICHEMONT INTERNATIONAL LIMITED; CHLOE SAS; ALFRED DUNHILL LIMITED; OFFICINE PANERAI AG, and MONTBLANC-SIMPLO GMBH; LANCE ELIOT SLOVES; COMPUTER FORENSIC SERVICES, INC.; JONES DAY; and Does 1 Through 10, inclusive,<br><br>　　　　　Counterclaim Defendants. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 25, 2013 at 9:30 a.m., or as soon thereafter as counsel may be heard, Fenwick & West LLP, including attorneys Laurence F. Pulgram, Tyler Newby, Sebastian Kaplan, Leslie Kramer, and David Marty ("Fenwick" or "Counsel"), will and hereby do move to withdraw from the representation of Defendants Sawabeh Information Services Co. ("SISCOM"), TradeKey (Pvt.) Ltd. (both as Defendants and Counterclaimants), and Waleed Abalkhail, and Junaid Mansoor (the four collectively the "Defendants"), in the above-captioned action, Chloe SAS v. TradeKey, Civil Action No. 11-CV-04147 GAF (MANx).

This Motion is made on the grounds that these Defendants have not fulfilled their obligations for the engagement of Counsel, specifically, Defendants have not timely paid the amounts due under their representation agreement. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Laurence Pulgram filed in support hereof, the pleadings and papers on file in this action, and upon such other matters and argument as may be presented to the Court at or prior to the hearing on this Motion.

This motion does not seek relief from opposing parties (Plaintiffs and Cross-Defendants) in this action, but from the Defendants, Fenwick's client. In an effort to avoid the necessity of a hearing, as directed by Local Rule 7-3, Counsel has communicated with the TradeKey Defendants in an effort to avoid this motion since at least December 15, 2012. No resolution has been reached, requiring Fenwick to file this motion. Fenwick served a copy of this motion on the TradeKey Defendants by email (our usual method of communication) and air delivery on January 18, 2013.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Fenwick & West LLP moves for leave to withdraw because the Defendants are in default of the terms of their agreement for payment for services. Fenwick entered this representation pursuant to an engagement agreement that requires the regular and timely payment of invoices on receipt, and which further provides the right to withdraw on written notice. 2013 01 18 Declaration of Laurence Pulgram ("Pulgram Decl.") ¶ 2. Defendants have failed to pay outstanding invoices for Fenwick's services provided in September, October, and November 2012. *Id*. ¶ 3.[1] Despite Fenwick's multiple attempts to resolve their outstanding balance with Defendants, extending back to early November 2012, Defendants have continued to not pay Fenwick's fees. Fenwick has fulfilled and will continue to fulfill its duties to represent Defendants until withdrawal is approved, including the preparation of the papers through the date hereof and the pending paper now scheduled in this action—a report on compliance with this Court's Contempt Order. Because Defendants have not consented to Fenwick's motion to withdrawal, Fenwick respectfully requests that its withdrawal be approved at this time, when there are no other presently pending motions or scheduled proceedings in this action.

## DISCUSSION

Courts generally consider four factors when deciding a motion for withdrawal, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, 09-CV-1301-IEG POR, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010) (granting counsel's

---

[1] Invoices are transmitted monthly in the month following services, and have not yet been submitted for December. Pulgram Decl. ¶ 4

FENWICK & WEST'S MOTION TO WITHDRAW     1     CASE NO. 11-cv-04147 GAF (MANx)

motion to withdraw from representing party who would not pay agreed fees). In addition, some courts consider whether (5) counsel has warned the client a reasonable time before filing the motion that it would withdraw if the client did not pay the outstanding fees; (6) the demand for fees was coercive; and (7) withdrawal would severely prejudice the client. *See* SCHWARZER AND TASHIMA, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, CALIF. & 9TH CIR. EDITIONS § 12:193 (*citing Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009) (reversing district court's denial of leave to withdraw for client's failure to pay fees following firm's warning to client)).

Fenwick's reason to withdraw is simple and constitutes good cause—Defendants are in substantial breach of their agreement to pay Fenwick for services provided. It is well settled that "the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw." *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986), cited with approval in *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992) and SCHWARZER AND TASHIMA, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, CALIF. & 9TH CIR. EDITIONS § 12:192–93; *see also Waters v. E.P. Architectural Builders, Inc.*, C 10-03193 LB, 2011 WL 482769 (N.D. Cal. Feb. 7, 2011) (granting motion to withdraw for failure to pay attorney retainer). Under the California Rules of Professional Conduct, an attorney may request permission to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." Cal. R. of Prof. Conduct 3–700(C)(1)(f). Such a breach has occurred here.

As several other circuits have held, "compelling attorneys to continue representing clients who refuse to pay imposes a severe burden." *Brandon*, 560 F.3d at 538. "It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a

FENWICK & WEST'S MOTION TO WITHDRAW   2   CASE NO. 11-cv-04147 GAF (MANx)

substantial sum and the client has violated the written fee agreement." *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39–40 (1st Cir. 2001) (holding district court abused its discretion in refusing to let attorney withdraw for nonpayment).

Moreover, in the present case, Fenwick's withdrawal would not unfairly prejudice Defendants or Plaintiffs, harm the administration of justice, or unduly delay these proceedings. First, Defendants have had ample time to seek alternative counsel since Fenwick first began discussing this possibility in November, and then formally advised Defendants of its intent to withdraw on December 15, 2012. By the time of the hearing of this motion, Defendants will have had many weeks to locate additional counsel.

Second, there are no imminent deadlines in this case that will be affected by Fenwick's withdrawal. The only scheduled deadlines are (i) the hearing on Defendants' motion for reconsideration, scheduled for February 4, 2013, and (ii) the report on compliance with this Court's order on contempt, which is also due February 4th. These deadlines occur before the date that this motion is scheduled to be heard, and Fenwick intends to respond and appear on February 4th, if this motion is not decided before that time. After February 4th, however, there are no deadlines. This Court has not yet held a Rule 16 scheduling conference or entered a scheduling order. There is no trial date. Because Plaintiffs have declined, to date, to participate in a Rule 26(f) conference, the discovery period is not yet open, with only limited jurisdictional discovery having commenced and concluded. In any event, to the extent that Fenwick's withdrawal could cause some limited delay pending appointment of new counsel, this Court should still grant Fenwick's motion on a showing of good cause. *See* C.D. Local R. 83-2.7.2.4. Defendants' failure to pay Fenwick is more than sufficient good cause to obtain leave of this Court to withdraw.

Fenwick has sufficiently warned Defendants of its intent to move to withdraw. Although this subject has been discussed since November, 2012,

| FENWICK & WEST'S MOTION TO WITHDRAW | 3 | CASE NO. 11-cv-04147 GAF (MANx) |

Fenwick provided written notice via email to Defendants no later than December 15, 2012 that it would move to withdraw if Defendants failed to pay. Pulgram Decl. ¶ 5. Fenwick again provided notice to Defendants and an opportunity to cure on January 5, 11, 15, and 18, 2013. *Id.* No cure or payment occurred, and no response has been received since January 9, 2013. *Id.*. Pursuant to C.D. Local R. 83-2.9.2.3, Fenwick also informed Sawabeh Information Services Co. ("SISCOM") and TradeKey (Pvt.) Ltd., in writing, that corporations cannot appear *pro se* in this Court. Pulgram Decl. ¶ 7. Fenwick's acts provided reasonable notice to Defendants that they needed to cure their breach of their obligations to Fenwick or, as the parties had agreed at the time of the engagement, locate alternate counsel.

Finally, Fenwick has made no coercive demand for its fees. Fenwick has merely demanded payment of its outstanding monthly bills under the terms of its engagement agreement with Defendants. It has not strategically waited for a time in the case at which it was essential to meet deadlines in order to make its demand. *See Brandon*, 560 F.3d 536, 538; *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002). To the contrary, Fenwick makes this motion at a time of relative inactivity.

According to California Rule of Professional Conduct 3–700(A)(2), Fenwick has taken reasonable steps to avoid prejudicing Defendants. It has provided them with ample time to pay its bills or find alternative counsel following Fenwick's warning. Furthermore, Fenwick intends to continue to represent Defendants until this motion is granted, including by appearing at any hearing on the motion for reconsideration. Finally, Fenwick will fully comply with its requirement to return the client file to Defendants, pursuant to California Rule of Professional Conduct 3–700(D).

## CONCLUSION

In light of Defendants' failure to pay their attorneys' bills, Fenwick respectfully requests this Court's leave to withdraw.

| | |
|---|---|
| Dated: January 18, 2013 | FENWICK & WEST, LLP |
| | By: */s/ Laurence F. Pulgram*<br>Laurence F. Pulgram |
| | Attorneys for Defendants and Counterclaimants Sawabeh Information Services Co., TradeKey (Pvt) Ltd. and Defendants Waleed Abalkhail and Junaid Mansoor |