LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
DAVID C. MARTY (CSB No. 273417)
dmarty@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants and Counterclaimants
Sawabeh Information Services Co. and
TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail
and Junaid Mansoor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHLOE SAS, et al.,<br>Plaintiffs,<br>v.<br>SAWABEH INFORMATION SERVICES CO., et al.,<br>Defendants. | Case No. 11-CV-04147 GAF (MANx)<br><br>**FENWICK & WEST LLP'S REPLY IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Hearing Date: February 25, 2013<br>Time: 9:30 a.m.<br>Courtroom: 740 – Roybal<br>Judge: Hon. Gary A. Feess |
| SAWABEH INFORMATION SERVICES CO., TRADEKEY (PVT) LTD.,<br>Counterclaimants,<br>v.<br>RICHEMONT INTERNATIONAL LIMITED; CHLOE SAS; ALFRED DUNHILL LIMITED; OFFICINE PANERAI AG, and MONTBLANC-SIMPLO GMBH; LANCE ELIOT SLOVES; COMPUTER FORENSIC SERVICES, INC.; JONES DAY; and Does 1 Through 10, inclusive,<br>Counterclaim Defendants. | |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................... 1

DISCUSSION ................................................................................................................. 2

I.  DEFENDANTS' NONPAYMENT AND REFUSAL TO PROVIDE A RETAINER CONSTITUTE GROUNDS FOR FENWICK'S WITHDRAWAL ............................................................................... 2

II. DEFENDANTS' NON-PAYMENT OF ANY FEES FOR MONTHS IS NOT EXCUSED BY PURPORTED, AND UNQUANTIFIED, "DISPUTES" OVER COUNSEL'S CHARGES. ............................................................................................... 5

    A.  Defendants' Unspecified Dispute of Fees Does Not Preclude Withdrawal. .......................................................................................... 5

    B.  The Arbitration Clause Does Not Preclude Withdrawal. ..................... 9

III. THE PRESENT SCHEDULE IN THIS ACTION DOES NOT WEIGH AGAINST WITHDRAWAL. ....................................................................... 10

IV. CONCLUSION ................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arch Ins. Co. v. Allegiant Prof'l Bus. Services, Inc.*,
   CV 11-1675 CAS PJWX, 2012 WL 1745585
   (C.D. Cal. May 16, 2012) ...................................................................................... 2

*Coleman-Adebayo v. Johnson*,
   668 F. Supp. 2d 29 (D.D.C. 2009) ........................................................................ 5

*F.T.C. v. Pac. Med. Clinics Mgmt., Inc.*,
   90-1277-GT(CM), 1992 WL 121677
   (S.D. Cal. Apr. 8, 1992) ........................................................................................ 6

*Garnica v. Fremont Inv. & Loan*,
   SA CV 12-1366-DOC, 2012 WL 5830078
   (C.D. Cal. Nov. 14, 2012) ................................................................................. 2, 3

*Hamilton v. Willms*,
   CVF 02-6583 AWI SMS, 2007 WL 1174434
   (E.D. Cal. Apr. 19, 2007) ................................................................................ 8, 11

*HyLoft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd.*,
   CV075819AHMPJWX, 2008 WL 4184633 (C.D. Cal. Sept. 8, 2008) ................. 3

*McElroy v. Cox*,
   1:08-CV-01221-LJO, 2011 WL 3678147
   (E.D. Cal. Aug. 22, 2011) ..................................................................................... 6

*Vesta Strategies, LLC v. Estupinian*,
   C07-06216 JW, 2009 WL 793741 (N.D. Cal. Mar. 20, 2009) .............................. 6

**STATUTES**

Cal. Bus. & Profs. Code §§ 6200–6206 ...................................................................... 10

Cal. Bus & Profs. Code § 6200(c) .............................................................................. 10

**RULES**

ABA Model Rules of Professional Responsibility, Rule 1.16 ................................. 3, 4

Cal. Rule P. Conduct 3-700(C)(1) ........................................................................... 3, 4

Case 2:11-cv-04147-GAF-MAN   Document 509   Filed 02/11/13   Page 4 of 15   Page ID #:15578

## INTRODUCTION

Moving counsel, Fenwick & West LLP ("Fenwick"), submits this reply primarily to address the letter opposition ("Opposition" or "Opp.") sent by Sawabeh Information Services Co., TradeKey (PVT) Ltd., Waleed Abalkhail, and Junaid Mansoor (collectively "Defendants") to Fenwick's Motion to Withdraw. The Opposition essentially demands that Fenwick continue indefinitely as Defendants' counsel in this matter at a time when it is not being paid and has not been provided a source for future payment or commitment to make any future payments. This request is unjustified and unsupported by law or Defendants' Engagement Agreement with Fenwick, which they attach to their Opposition ("Engagement Agreement").



██████████████████████████████████████

This Reply will also respond to Plaintiffs' Response to Fenwick & West's Motion to Withdraw as Counsel ("Response"), Dkt. No. 506. Plaintiffs' Response does not oppose withdrawal, but notes their intention to file a motion for partial summary judgment on or about February 25, the date set for the hearing on Fenwick's Motion to Withdraw (if the Court does not decide it sooner). Plaintiffs' potential motion should have no effect on this Court's decision on Fenwick's withdraw. Plaintiffs describe their motion as limited to two of Plaintiffs' 12 causes of action, against two of four defendants, and as excluding the counterclaims. Addressing that motion, including its propriety before discovery, is just one step as this case moves forward from the pleadings stage into Rule 26(f) case planning, discovery, and further litigation. Not only does it make sense for Defendants to obtain new counsel before entering this phase, but Plaintiffs' explicit willingness to negotiate a reasonable briefing schedule once Defendants appoint new counsel (Response at 2) alleviates any concern about the timing of Fenwick's withdrawal.

Fenwick respectfully requests that the Court grant its Motion, approve Fenwick's immediate withdrawal, and provide Defendants with a reasonable period to engage new counsel.

## DISCUSSION

**I.  DEFENDANTS' NONPAYMENT AND REFUSAL TO PROVIDE A RETAINER CONSTITUTE GROUNDS FOR FENWICK'S WITHDRAWAL**

Defendants have not paid Fenwick for any time worked during September 2012 through the present, despite Fenwick providing regular monthly invoices to Defendants that are due on receipt. Defendants' failure to pay Fenwick, in breach of their Engagement Agreement, constitutes good cause for Fenwick to withdraw from this case. *See Garnica v. Fremont Inv. & Loan*, SA CV 12-1366-DOC, 2012 WL 5830078 (C.D. Cal. Nov. 14, 2012) (granting withdrawal after client failed to pay balance of retainer and two months of bills); *Arch Ins. Co. v. Allegiant Prof'l*

*Bus. Services, Inc.*, CV 11-1675 CAS PJWX, 2012 WL 1745585 (C.D. Cal. May 16, 2012) (granting withdrawal after client failed to pay monthly bills despite attorneys' repeated requests); *HyLoft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd.*, CV075819AHMPJWX, 2008 WL 4184633, *2 (C.D. Cal. Sept. 8, 2008) (granting withdrawal where client "failed to timely remit payment of over $85,000 for legal fees and costs incurred in this litigation, despite repeated requests for payment").

California Rule of Professional Conduct, Rule 3-700(C)(1) permits counsel to seek withdrawal if "the client . . . breaches an agreement or obligation to the member as to expenses or fees." ABA Model Rules of Professional Responsibility, Rule 1.16 contemplates withdrawal where "the client fails substantially to fulfill an obligation to the lawyer" or where "the representation will result in an unreasonable financial burden on the lawyer." *See Garnica,* 2012 WL 5830078 at * 1 (citing both rules in granting leave for counsel to withdraw). Here, Defendants have breached their Engagement Agreement and failed to fulfill their obligations to Fenwick by entirely failing to pay the last four of Fenwick's invoices upon receipt (Agreement at 3).

These unpaid invoices involve a substantial amount of substantive legal work, as reflected by some 125 entries in the Court's docket since September, 2012. Fenwick's intense activity during that period, at the behest of Defendants, included, *inter alia*:

- litigation of Counterdefendants' motion to dismiss counterclaims for failure to state a claim (and related motion for reconsideration);
- litigation of certain Counterdefendants' motion to dismiss counterclaims for lack of personal jurisdiction;
- litigation of jurisdictional discovery disputes relating to Mr. Abalkhail and Mr. Mansoor, motions to compel, and compliance with discovery orders;
- litigation of a contempt motion, and compliance with the Court's orders;
- litigation of the motion to disqualify Plaintiffs' counsel, based on Mr. Abalkhail and SISCOM's assertion of Jones Day's conflict of interest.

*See* Dkt. Nos. 377–500. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In addition, after exhausting their initial retainer, Defendants have breached their obligations under the Engagement Agreement by refusing to post an additional retainer to cover the extensive future services this case will demand—as required by the Engagement Agreement.[2] Especially in view of past non-payments, the absence of a retainer during the continuation of this representation will result in an unreasonable financial burden on Fenwick. Thus, under both the California and Model Rules for Professional Conduct, Fenwick is fully justified to seek leave to withdraw. *See* Cal. Rule P. Conduct 3-700 (C)(1); ABA Model Rule 1.16.

Although a court may, in extreme circumstances, deny a motion to withdraw for nonpayment if withdrawal would substantially prejudice the parties, here there is no claim of prejudice by the either Defendants or Plaintiffs. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not oppose Fenwick's withdrawal and expressed their willingness to confer with new counsel to establish a reasonable schedule going forward. Response at 2.

With this Court's permission, Fenwick should be allowed to withdraw based

---

[1] This is an expensive litigation. Jones Day recently submitted a declaration acknowledging that Plaintiffs have spent $3.2 million in this case through September 2012. Kayser Declaration Opposing Motion to Disqualify, Dkt. No. 420-4, ¶ 13.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1 on good cause and the absence of any showing of prejudice to the parties.

## II. DEFENDANTS' NON-PAYMENT OF ANY FEES FOR MONTHS IS NOT EXCUSED BY PURPORTED, AND UNQUANTIFIED, "DISPUTES" OVER COUNSEL'S CHARGES.

[Lines 4–28 redacted]







F&W REPLY ISO MOTION TO WITHDRAW   8   CASE NO. 11-cv-04147 GAF (MANx)

1 █
2 █
3 █
4 █
5 █
6 █
7 █
8 █

**B.     The Arbitration Clause Does Not Preclude Withdrawal.**

Defendants' second point—that the Engagement Agreement requires the parties to resolve fee disputes through arbitration—also does not preclude withdrawal.  The implication that attorneys must continue to represent clients while arbitrating fee disputes, with months of prior invoices entirely unpaid and without required retainers, finds no support in the law or common sense.

Moreover, the Engagement Agreement dispels any notion that Fenwick's motion to withdraw must await arbitration.  █
█
█
█
█

The "Arbitration of Disputes" provision certainly does not purport to limit the right to terminate the relationship and withdraw.  █
█
█
█
█

Fenwick & West LLP
Attorneys at Law
Mountain View

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
2 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
3 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

5 ▬▬  The fact that the exact amount that Defendants owe to Fenwick may ultimately be determined in arbitration does not preclude Fenwick from withdrawing when its clients breach their agreement to pay.  Nor does it preclude withdrawal when a retainer is not posted.  Indeed, if that were the case, the effect would be to convert California's requirement of mandatory arbitration of fee disputes into a rule requiring indefinite unpaid representation until an arbitrator ordered payment to be made—which the law and rules of professional responsibility do not require.

## III. THE PRESENT SCHEDULE IN THIS ACTION DOES NOT WEIGH AGAINST WITHDRAWAL.

Plaintiffs do not oppose Fenwick's withdrawal, nor assert that it would unfairly prejudice them.  Their Response does notify the Court that they intend to file a motion for partial summary judgment on or before February 25, 2013.  They further explain that they plan to notice a hearing date sufficient to allow new counsel to prepare a response, and are prepared to discuss in good faith a revised schedule for response to that motion if requested by new counsel.  Response at 2.

Plaintiffs' proposed future motion does not weigh against granting withdrawal.  First, Fenwick has moved to withdraw during a lull in this litigation, before learning of Plaintiffs' intended date for filing their summary judgment motion, at a time that permits conversion of counsel with minimal disruption to the clients and Court schedule.  Pulgram Reply Decl. ¶ 18.  The present is as convenient a time as there could be.  Engagement of new counsel now will coincide with this action's transition to its next phases of discovery on the claims and counterclaims, entry of a case management order and trial schedule, dispositive

F&W REPLY ISO MOTION TO WITHDRAW     10     CASE NO. 11-cv-04147 GAF (MANx)

motions, and trial.

The motion that Plaintiffs describe is not one that would dispose of the case by any means. It would be limited to liability on two of twelve causes of action in the First Amended Complaint (contributory trademark infringement and counterfeiting), directed to the two corporate defendants only. Response at 1. Even if filed and granted (which Defendants do not expect), it would not address ten causes of action, available remedies, the two individual defendants, and the counterclaims. Pending motions are generally, without more, insufficient reason to deny a motion to withdraw. *Hamilton*, 2007 WL 1174434 at * 3 ("Because the requirements to withdraw as an attorney have been met, the court declines to force [counsel] to work on pending motions").

For the record, Defendants (through Fenwick) have disagreed that Plaintiffs may properly seek partial summary judgment at this time in the case. As Defendants noted when Plaintiffs first suggested their intention to file such a motion, Plaintiffs have refused to provide any discovery to date, claiming that discovery was not open because Plaintiffs have also refused to participate in a Rule 26(f) conference for case planning. Pulgram Reply Decl. ¶ 18, Ex. 1. Plaintiffs have not even made initial disclosures in the case. At least to the extent that Plaintiffs intend to rely on testimony of their investigators and personnel as "evidence of past infringement" (Kayser Declaration in support of Response ¶ 4), or on communications with former TradeKey employees, Defendants will require discovery from those investigators, personnel and the former employees—making the filing of a motion premature before the discovery planning, document production, and deposition process even commences.[6]

---

[6] Plaintiffs chose not to proceed to file any summary judgment motion for three months after they first broached that idea and Defendants' rebuked it. To the extent that Plaintiffs delayed doing so to concentrate on three "other pleadings" during those three months, as asserted in their Response, this undermines any claim of any particular urgency to this motion.

F&W REPLY ISO MOTION TO WITHDRAW            11            CASE NO. 11-cv-04147 GAF (MANx)

In all events, Defendants' new counsel will need to address the propriety and procedure for Plaintiffs' motion, as well as the numerous activities that will follow to resolve this action. Plaintiffs' commitment to attempt to reach an agreeable schedule with such counsel (Response at 2) after filing a motion is a step in the right direction. In the alternative, however, at the time it rules on Fenwick's Motion to Withdraw, this Court may choose to direct a more orderly procedure from the outset: that a summary judgment motion not be filed prior to Plaintiffs' meeting and conferring with new counsel about case management and scheduling.

## IV.   CONCLUSION

For the foregoing reasons, moving counsel Fenwick & West LLP respectfully requests the Court grant its motion to withdraw and provide Defendants with a reasonable time to appear through new counsel of their choice.

Dated: February 11, 2013                    FENWICK & WEST LLP

By:   */s/ Laurence F. Pulgram*
           Laurence F. Pulgram

Attorneys for Defendants and Counterclaimants Sawabeh Information Services Co., TradeKey (Pvt) Ltd. *and* Defendants Waleed Abalkhail and Junaid Mansoor