LINK: 599

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4147 GAF (MANx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Chloe SAS et al v. Sawabeh Information Services Co | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER RE: EX PARTE APPLICATION TO STAY

### I.
### INTRODUCTION & BACKGROUND

     Several owners of luxury brands and associated trademarks brought this trademark action against Sawabeh Information Services Co., and TradeKey (Pvt) Ltd. (collectively, the "Corporate Defendants"), as well as Waleed Abalkhail and Junaid Mansoor (collectively, the "Individual Defendants"). The Court has previously denied the Corporate Defendants' motion to dismiss for lack of personal jurisdiction and granted partial summary judgment in Plaintiffs' favor. The Corporate and Individual Defendants (collectively, the "Moving Defendants") now ask the Court to stay all proceedings in this action pending the outcome of an appeal of those rulings currently before the Ninth Circuit.[1] (Docket No. 599 [Memorandum in Support of <u>Ex Parte</u> Appl. to Stay ("Mem.")].)

     The Moving Defendants argue that "[s]ignificant [proceedings] will occur in the near future if proceedings are not stayed." (Mem. at 1.) They recite a litany of developments expected to occur over the coming months: filing of motions, oppositions to motions, preparation and deposition of expert witnesses, and trials. (<u>Id.</u> at 1–2.) And they insist that all of this preparation will have been pointless if the Ninth Circuit overturns either the order denying the Corporate Defendants' motion to dismiss or the order granting Plaintiffs' motion for partial summary judgment. (<u>Id.</u> at 2.)

---

[1] Although only the Corporate Defendants are directly involved in the appeal, its results will have implications for the case against the Individual Defendants. They therefore join in this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4147 GAF (MANx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Chloe SAS et al v. Sawabeh Information Services Co | | |

However, this type of preparation does not necessarily constitute an 'irreparable injury,' and there has been virtually no showing that the appeal is likely to succeed. Accordingly, the Moving Defendants' ex parte application to stay is **DENIED**.

## II. DISCUSSION

### A. LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result." Virginian Ry. Co. v. U.S., 272 U.S. 658, 672 (1926). Rather, a stay is a matter of "judicial discretion," which requires an individualized analysis based on the circumstances of each particular case. Id. at 672–73; Hilton v. Braunskill, 481 U.S. 770, 777 (1987). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009).

A district court considers four factors when determining whether to issue a stay pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton, 481 U.S. at 776; see also Guifi Li v. A Perfect Day Franchise, Inc., 2011 WL 2293221 at *2 (N.D. Cal. June 8, 2011) (applying Hilton factors in context of motion for stay pending appeal of denial to compel arbitration); Bradberry v. T-Mobile USA, Inc., 2007 WL 2221076, at *2 (N.D. Cal. Aug. 2, 2007) (same); Stern v. Cingular Wireless Corp., 2006 WL 2790243, at *1 (C.D. Cal. Sept. 11, 2006) (same).

The Ninth Circuit has held that courts should engage in a "general balancing approach" of the Hilton factors when considering a motion to stay. Leiva-Perez v. Holder, 640 F.3d 962, 965–66 (9th Cir. 2011). When balancing the factors, the court must be cognizant that the first two are the "most critical" to the disposition of a motion to stay. Nken, 556 U.S. at 434. While no single factor is sufficient for a stay to be granted, there must be a "threshold showing" for each factor before a court can even begin balancing them. See Leiva-Perez, 640 F.3d at 965–66. Accordingly, a party seeking a stay "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [party's] favor." Id. at 970.

### B. APPLICATION

LINK: 599

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4147 GAF (MANx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Chloe SAS et al v. Sawabeh Information Services Co | | |

    The Hilton factors are fatal to the Moving Defendants' application. Their so-called showing of likely success on the merits of the appeal is almost nonexistent. The Moving Defendants direct the Court's attention to five cases which supposedly support an outcome at variance with this Court's prior orders. (Mem. at 4.) However, each of these has either been directly refuted by recent Ninth Circuit precedent or derives its apparent distinction from the fact that different underlying circumstances may yield different outcomes in different cases. In short, none of the cases relied upon by the Moving Defendants supports their contention that the appeal is likely to succeed.

    The Moving Defendants have also made no showing that they will suffer an irreparable injury absent a stay in the proceedings. They point only to the expenditure of money: "attorney time, expert witness fees, and deposition costs."[2] (Mem. at 5.) However, other district courts have found that the addition of some pretrial litigation costs does not constitute irreparable harm. See Guifi Li, 2011 WL 2293221 at *4–5; R&L Ltd. Investments, Inc. v. Cabot Inv. Properties, LLC, 2010 WL 3789401, at *2 (D. Ariz. Sept. 21, 2010); Bradberry, 2007 WL 2221076 at *3–4. This is especially true in this case, where discovery has all but concluded, and the Moving Defendants have presented the Court with no explanation as to why their appeal is likely to succeed. Moreover, to the extent that litigation costs stemming from trial may present legitimate support for an attempt to stay proceedings, the current application is premature. As the Moving Defendants point out, it may not be possible for a trial to "occur[] in the near future." (Mem. at 2.)

    Additionally, contrary to the Moving Defendants' assertion, the public interest does not "clearly point[] to granting a stay." (Mem. at 6.) Their arguments boil down to two points: unnecessary costs may be avoided if the Ninth Circuit overturns this Court's prior orders, and "the public interest in this case in general is lessened because every party is a foreign national." (Id.) The first point has already been dismissed above. The second point is likewise unfounded. As Plaintiffs point out, the public interest favors judicial economy. (Opp. at 7–8.) And judicial economy would be benefitted by not prolonging this case unnecessarily, regardless of the arties' nationalities.

---

    [2] In light of the third Hilton factor, directing a district court to consider possible prejudice to "other parties interested in the proceedings," it should be noted that Plaintiffs will face the exact same preparation costs. They, however, oppose this application for a stay. (Docket No. 600 [Opp. to Ex Parte Appl.].) In light of this divergence, it can hardly be said that the balance of hardships "tips sharply" in the Moving Parties' favor. See Leiva-Perez, 640 F.3d at 970.

LINK: 599

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4147 GAF (MANx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Chloe SAS et al v. Sawabeh Information Services Co | | |

## III.
## CONCLUSION

For the foregoing reasons, the <u>Hilton</u> factors do not favor the Moving Defendants. The Court therefore **DENIES** the application to stay.

**IT IS SO ORDERED.**