**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHLOE SAS, et al., | **Case No. CV 11-04147 GAF (MANx)** |
| Plaintiff, | |
| v. | JUDGMENT AND PERMANENT INJUNCTION |
| SAWABEH INFORMATION SERVICES CO., et al., | |
| Defendant. | |

Upon consideration of Plaintiffs' Motion for Default Judgment, the Memorandum of Points and Authorities in support thereof, the Declarations of Susan M. Kayser and Jason Holmes and exhibits attached thereto, and the pleadings in this matter, the Court issues the following Order for Default Judgment and Permanent Injunction.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment be entered for the Plaintiffs Chloé SAS, Alfred Dunhill Limited, Officine Panerai AG, Montblanc-Simplo GmbH, Cartier International A.G. and Lange Uhren GmbH and against Defendants Superoceans Co., Ltd., Vertex Online Co. Ltd., Yongchuang Trade Corp. and Season-online Co. Ltd. ("Defaulting Defendants") on their claims for direct

trademark infringement, unfair competition, false designation of origin, trademark dilution, and counterfeiting.

IT IS FURTHER ORDERED that:

(a) the Defaulting Defendants, their officers, agents, servants, employees, and attorneys, and all other persons acting in concert and participation with any of them, including but not limited to Internet Service Providers ("ISPs"), and any successor in interest or future owners of the Defaulting Defendants, who receive actual notice of this Order, are restrained and enjoined from:

(1) using any of Plaintiffs' Marks, attached hereto as Exhibit 1, or any colorable imitation thereof or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof, in advertising, marketing, promoting, selling, offering for sale, designing, creating, manufacturing, distributing, delivering, shipping, importing, or exporting any goods or services or facilitating, inducing, or assisting any of the activity set forth above;

(2) using any of Plaintiffs' Marks, or any colorable imitation thereof or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof, in any text or content including, without limitation, any part of keywords; mobile application or optimization; applications (apps); metatags; metadata; creating, buying or selling of links; blogs; on-line postings; domain names; forums; social media; or otherwise in any way that directs customers to Defaulting Defendants or Defaulting Defendants' websites including search engine optimization; or in any way that constitutes or leads to advertising or optimizing;

(3) operating or hosting any websites used by the Defaulting Defendants to sell or offer goods using any of Plaintiffs' Marks or any colorable imitation thereof or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof;

(4) making or employing any other use of Plaintiffs' Marks, or any colorable imitation thereof or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof;

(5) using any false designation of origin, false description or representation, or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Defaulting Defendants' activities, including the sale of goods bearing counterfeit Plaintiffs' Marks, are in any way sponsored, licensed, endorsed, authorized, affiliated, or connected with and/or originated from Plaintiffs;

(6) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defaulting Defendants emanate from or originate with Plaintiffs or their licensees, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with Plaintiffs and/or originate from Plaintiffs;

(7) secreting, destroying, altering, removing, deleting any electronic copies, or otherwise dealing with the unauthorized products or offers to sell or means of making such marks and products, or any books, documentation or records thereto (electronic or otherwise) which contain any information relating to selling, marketing, offering for sale, advertising, promoting, displaying, designing, creating, importing, manufacturing, producing, distributing, or circulating of all unauthorized products which infringe Plaintiffs' marks;

(8) otherwise competing unfairly with Plaintiffs or any of their authorized retailers or dealers in any manner; and

(9) facilitating, inducing, assisting, aiding, abetting, or supplying the means for any other person or business entity to engage in or perform any of the activities referred to in the above subparagraphs (1) through (8), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the

1 purpose of circumventing or otherwise avoiding the prohibitions set forth in
2 subparagraphs (1) through (8).

IT IS FURTHER ORDERED that:

    (b)    Defaulting Defendants are directed to:

    (1)    permanently delete, remove and recall from all web sites, blogs, online auctions, stores, shops, markets, outlets, catalogues, or other channels of commerce (and all of the foregoing applying to electronic forms in addition to brick and mortar or paper), any listings for goods bearing Plaintiffs' Marks, or replicas/copies of goods bearing Plaintiffs' Marks, or that otherwise bear, contain, display, or utilize Plaintiffs' Marks, or any mark confusingly similar thereto, or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof;

    (2)    in accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, deliver up for destruction all counterfeit goods that bear Plaintiffs' Marks, and/or any replicas/copies of goods bearing Plaintiffs' Marks, or that otherwise bear, contain, display, or utilize Plaintiffs' Marks, or any mark confusingly similar thereto, or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof, that are in Defaulting Defendants' possession, custody, or control and all means of making the same;

    (3)    in accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, receptacles, advertising and promotional matter, electronic files, and other materials in the possession or control of Defaulting Defendants (and all of the foregoing applying to electronic files and copies in addition to paper copies) bearing Plaintiffs' Marks, or any mark confusingly similar thereto, or likely to dilute by blurring and/or tarnishing any of Plaintiffs' Marks, or counterfeit reproductions thereof;

///
///
///

IT IS FURTHER ORDERED that:

(c) Defaulting Defendants shall file with the Court and serve on counsel for Plaintiffs within thirty (30) days after service on the Defaulting Defendants of this Order, a report in writing under oath, setting forth in detail the manner and form in which each of the Defaulting Defendants has complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

IT IS FURTHER ORDERED that:

(d) modified statutory damages pursuant to 15 U.S.C. § 1117(c) be awarded to Plaintiffs and against the Defaulting Defendants as follows:

| Defendant | Cartier | Chloé | Alfred Dunhill | Panerai | Montblanc |
|---|---|---|---|---|---|
| Superoceans Co., Ltd. (Bulk counterfeiting of 5 different brands, 19 federally registered marks, 5 different types of goods, for a total of 19 registered mark/good combinations) | 6 total unique mark/good combinations<br><br>Award: $600,000 | 3 total unique mark/good combinations<br><br>Award: $300,000 | 1 total unique mark/good combinations<br><br>Award: $100,000 | 7 total unique mark/good combinations<br><br>Award: $700,000 | 2 total unique mark/good combinations<br><br>Award: $200,000 |
| Vertex Online Co., Ltd. (Bulk sale and manufacturing of counterfeits of 5 different brands, 15 federally registered marks, on 2 different types of goods, for a total of 15 registered mark/good combinations) | 3 total unique mark/good combinations<br><br>Award: $300,000 | 1 total unique mark/good combinations<br><br>Award: $100,000 | 2 total unique mark/good combinations<br><br>Award: $200,000 | 8 total unique mark/good combinations<br><br>Award: $800,000 | 1 total unique mark/good combinations<br><br>Award: $100,000 |
| Yongchuang Trade Corp. (Wholesaler of counterfeits of Chloe handbags, for a total of 1 registered mark/distinct good combinations) | N/A | 1 total unique mark/good combinations<br><br>Award: $100,000 | N/A | N/A | N/A |

| | | | | | |
|---|---|---|---|---|---|
| Season-online Co., Ltd. (Bulk counterfeiting of 4 different brands, 11 federally registered marks, on 3 different types of goods, for a total of 11 registered mark/ good combinations) | 2 total unique mark/good combinations<br><br>Award: $200,000 | 1 total unique mark/good combinations<br><br>Award: $100,000 | N/A | 5 total unique mark/good combinations<br><br>Award: $500,000 | 3 total unique mark/good combinations<br><br>Award: $300,000 |
| **Total per Plaintiff** | **$1,100,000** | **$600,000** | **$300,000** | **$2,000,000** | **$600,000** |

**IT IS SO ORDERED.**

DATED: December 6, 2013

*[signature: Gary Feess]*

Judge Gary Allen Feess
United States District Court

6