ERIK S. SYVERSON (221933)
esyverson@millerbarondess.com
STEVEN T. GEBELIN (261507)
sgebelin@millerbarondess.com
SCOTT M. LESOWITZ (261759)
slesowitz@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:  (310) 552-8400

Attorneys for Defendants and Counterclaimants
Sawabeh Information Services Co. and
TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail
and Junaid Mansoor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHLOE SAS, *et al.*<br><br>   Plaintiffs,<br><br>v.<br><br>SAWABEH INFORMATION SERVICES CO., *et al.*,<br><br>   Defendants.| CASE NO. 11-CV-04147 GAF (MANx)<br><br>[Assigned to the Honorable Gary A. Feess]<br><br>**FILED UNDER SEAL**<br><br>**DECLARATION OF STEVEN T. GEBELIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMARY JUDGMENT FOR STATUTORY DAMAGES AGAINST SAWABEH INFORMATION SERVICES CO. AND TRADEKEY (PVT) LTD**<br><br>Date:         January 6, 2013<br>Time:         9:30 a.m.<br>Crtrm:        740<br><br>Action Filed:  May 13, 2011<br>Trial Date:    Not Set |
| SAWABEH INFORMATION SERVICES CO., *et al.*,<br><br>   Counterclaimants,<br><br>v.<br><br>RICHEMONT INTERNATIONAL LIMITED, CHLOE SAS; ALFRED DUNHILL LIMITED; OFFICINE PANERAI AG, and MONTBLANC-SIMPLO GMBH; LANCE ELIOT SLOVES; COMPUTER FORENSIC SERVICES, INC.; JONES DAY; and Does 1 through 10, inclusive,<br><br>   Counter Defendants. | |

I, Steven T. Gebelin, declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California. I am an associate with the law firm Miller Barondess, LLP, counsel of record in this matter for Defendants and Counterclaimants Sawabeh Information Services Co. and TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail and Junaid Mansoor ("Defendants"). I make this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment for Statutory Damages (the "Motion"). Based on a review of the case file for this matter and my personal knowledge, I have knowledge of all of the facts contained in this Declaration and, if called as a witness, I could and would competently testify to all said facts.

2. Attached as **Exhibit A** is a true and correct copy of excerpts of the deposition transcript of Weston Anson, taken on December 18, 2013 in this matter.

3. Attached as **Exhibit B** is a true and correct copy of a document produced by Plaintiffs in this matter on December 23, 2013 and Bates-stamped CHLOE039890-CHLOE039913.

4. Attached as **Exhibit C** is a true and correct copy of an August 13, 2009 Minute Order filed in the Central District of California in the matter of *Beatrice Welles v. Turner Entertainment Company*, Case No. CV 08-1399-JFW (PJWx).

5. Attached as **Exhibit D** is a true and correct copy of excerpts of an August 14, 2009 Notice of Motion and Motion to Substitute Rebuttal Expert Witness and supporting documents filed in the Central District of California in the matter of *Beatrice Welles v. Turner Entertainment Company*, Case No. CV 08-1399-JFW (PJWx).

6. Attached as **Exhibit E** is a true and correct copy of excerpts of the trial transcript of Weston Anson, recorded on February 14, 2011 in the Circuit Court for the Sixth Judicial Circuit in the matter of *Mark J. Horne v. World Publications, LLC, and Terry Snow*, Case No. 07-005798-CI-008.

7. Attached as **Exhibit F** is a true and correct copy of screen shots taken from the A. Lange & Sohne website at http://www.alange-soehne.com/retailers-and-boutiques/#boutiques.

8. Attached as **Exhibit G** is a true and correct copy of an excerpt of the Richemont Annual Report and Accounts for 2013, available at the Richemont website at http://www.richemont.com/investor-relations/reports.html.

9. This case has not entered the open discovery period pursuant to Federal Rule of Civil Procedure 26(d)(1), as there has been no pre-trial conference pursuant to Rule 16, or conference of the parties pursuant to Rule 26(f). As a result, Defendants have been unable to take discovery in this matter except pursuant to certain agreements made with Plaintiffs.

10. In preparation for their opposition to the instant motion, Defendants requested certain discovery relevant to the motion from Plaintiffs pursuant to Federal Rule of Civil Procedure 56(d), notifying Plaintiffs of their request the day after Plaintiffs filed the motion and asking for a telephonic meet and confer the following day. Attached as **Exhibit H** is a true and correct copy of the December 6, 2013 email from Mr. Erik Syverson, counsel for Defendants, sent to counsel for Plaintiffs, describing the general scope of discovery sought.

11. In response, Plaintiffs ultimately agreed to some limited discovery, permitting Defendants to take the deposition of their expert Weston Anson, and providing certain redacted emails and pleadings exchanged between Anson and counsel pursuant to Federal Rule of Civil Procedure 26(b)(4)(C).

12. Defendants also sought discovery relating to the facts presented by Plaintiffs through the declaration of Mr. Richard Graham, including discovery relating to Plaintiffs' anti-counterfeiting activity and expenditures, the recognition and valuation of Plaintiffs' goods or marks, the volume and market value of genuine and counterfeit goods bearing each of Plaintiffs' marks placed into commerce, and Plaintiffs' awareness of third party infringement on Tradekey.com and their use of the

website to identify counterfeiters. During negotiations regarding these discovery topics, counsel for Plaintiffs suggested that an expedient form of discovery would be either a deposition of Mr. Graham or a person most knowledgeable, or to provide responses to certain interrogatories.

13. In an attempt to reach an agreement, Defendants limited the discovery to interrogatories and requested a timetable for Plaintiffs to respond to the discovery. Plaintiffs sent a response indicating that they would respond and provide documents by December 23, 2013. Defendants subsequently sent interrogatories and requests for related documents to Plaintiffs. Attached as **Exhibits I and J** are true and correct copies of the discovery requests sent by Defendants.

14. Plaintiffs ultimately refused to respond to Defendants' discovery requests, instead electing to produce some approximately 180 pages of publically available documents and information regarding Plaintiffs' businesses, including a few printouts of websites mentioning Plaintiffs. Attached as **Exhibit K** is a true and correct copy of the December 23, 2013 email I sent to counsel for Plaintiffs after they refused to respond to the discovery requests.

15. Based on the Plaintiffs' refusal to provide discovery responses, Defendants have been unable to obtain information to challenge Plaintiffs' assertions in support of their motion regarding damages to Plaintiffs marks, the value or recognition of Plaintiffs' brands or marks, and the extent of Plaintiffs' anti-counterfeiting efforts and digital anti-counterfeiting efforts (which correspond to actual damage to the marks). Defendants have also been prevented from taking discovery regarding mitigating circumstances such as Plaintiffs' use of Tradekey.com to find and stop third party counterfeiters, and facts regarding Plaintiffs' prior awareness of infringement on the Tradekey.com website that would support a statute of limitations or laches defense.

16. Based on Plaintiffs' assertion of certain facts in this motion and their refusal to provide relevant discovery, Defendants have a good faith basis to believe

1 that discovery will uncover information that will assist them in resisting Plaintiffs'
2 motion.
3      I declare under penalty of perjury pursuant to the laws of the United States that
4 the foregoing is true and correct. Executed on this the 30th day of December, 2013 in
5 Los Angeles, California.

              /s/ Steven T. Gebelin
              Steven T. Gebelin