ERIK S. SYVERSON (221933)
esyverson@millerbarondess.com
STEVEN T. GEBELIN (261507)
sgebelin@millerbarondess.com
SCOTT M. LESOWITZ (261759)
slesowitz@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants and Counterclaimants
Sawabeh Information Services Co. and
TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail
and Junaid Mansoor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHLOÉ SAS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SAWABEH INFORMATION SERVICES CO., *et al.*,<br><br>    Defendants.<br><br>SAWABEH INFORMATION SERVICES CO., *et al.*,<br><br>    Counterclaimants,<br><br>v.<br><br>RICHEMONT INTERNATIONAL LIMITED, *et al.*,<br><br>    Counterclaim Defendants. | CASE NO. 11-cv-04147 GAF (MANx)<br>[Assigned to the Honorable Gary A. Feess]<br><br>**COUNTERCLAIMANTS SAWABEH INFORMATION SERVICES CO. AND TRADEKEY (PVT) LTD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE A RESPONSE TO COUNTERCLAIMANTS' SUPPLEMENT TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 681)**<br><br>Date:         January 27, 2014<br>Time:        9:30 AM<br>Crtrm:       740<br>Action Filed:   May 13, 2011<br>Trial Date:     Not Set |

Plaintiffs have filed an improper *ex parte* application seeking leave to file a supplemental response to Docket No. 681, Defendants' supplemental brief on Plaintiffs' Motion for Judgment on the Pleadings against Defendants' counter-claim for wrongful seizure under the Lanham Act, after electing not to file their own supplemental briefing on the motion as invited by the Court. Plaintiffs' application is improper because it has improperly used the *ex parte* procedure to skip the motion process and actually file its brief, it cites no legal authority that would support their application and flouts this district's standard for *ex parte* applications, cites no legal authority in support of the argument advanced in their improperly filed sur-reply, and misrepresents the factual basis underpinning the argument advanced in their improperly filed sur-reply.

**Plaintiffs' *Ex Parte* Application is Improper.**

First, Plaintiffs' application skips over the basic procedural posture of an *ex parte* motion, condensing both the application and the (assumed) motion for leave to file their sur-reply into the *ex parte* application itself, and then filing (not lodging) the sur-reply without actually receiving leave of the court. This is procedurally improper; an *ex parte* application is simply a request to bypass noticed motion procedures, the "proposed" motion and initiating papers must be a separate document that is lodged with the motion. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Next, Plaintiffs fall well short of the standard for *ex parte* relief in this district. In their applications, Plaintiffs must present evidence to prove that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that it is "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Plaintiffs will not suffer "irreparable prejudice" nor are they "without fault in creating the crisis."

**Plaintiffs Will Suffer No "Irreparable Harm."**

Plaintiffs seek to have the Court give post-hoc permission for the sur-reply

improperly filed with their *ex parte* application.  This sur-reply serves to advance a single argument against Defendants' opposition to Plaintiffs' motion for judgment on the pleadings.  Plaintiffs fail to address the standard for filing a sur-reply and ignore the district's strict rule against filing such papers without **prior** leave of court.  L.R. 7-10.  Even if Plaintiffs were to provide meet the standard for filing a sur-reply, and assuming that Plaintiffs' sur-reply argument was absolutely necessary and would carry the day by leading the Court to grant their motion, Plaintiffs would suffer no **irreparable** harm from losing their motion to dismiss Defendants' counterclaim.  Instead, litigation would simply continue on the claim, and Defendants might be able to proceed to discovery.

Moreover, Plaintiffs' argument in their sur-reply appears to be that Defendants have waived argument or discovery on the bad faith portion of their wrongful seizure claim.  Plaintiffs provide no legal authority for their position and badly misconstrue the record and the facts to reach their improbable conclusion.

Plaintiffs' argument is that their prior notice pursuant to Rule 11 sought the removal of specific factual allegations regarding their bad faith intent (or secret motivation) from the Defendants' counterclaims.  In response, and despite making clear their disagreement with Plaintiffs' position and arguments, the Defendants agree to remove the factual allegations that were superfluous to the well plead wrongful seizure claim in order to avoid unnecessary motion practice.  Despite the clear exchange, Plaintiffs now argue that they would have brought the Rule 11 motion if they knew that Defendants meant to retain their "bad faith" claims.

Defendants did not agree to waive any portion of their wrongful seizure claim, let alone all recovery based on "bad faith" allegations, nor did Defendants agree to forgo discovery on "bad faith," but instead decided to moot Plaintiffs' threatened Rule 11 motion by removing some unnecessary allegations.  *See, e.g.* 10-6-12 Letter from L. Pulgram to S. Kayser (at Dkt. No. 691-2, Ex. C) and 10-9-12 Letter from L. Pulgram to S. Kayser (attached hereto as **Exhibit 1**).  Defendants did remove the

challenged language from their counterclaims. *See, e.g.* Dkt. No. 408 (Joint Stip. on filing the SACC). At that point, Rule 11 makes clear their motion "must not be filed *or be presented to the court*" because the challenged contention was omitted from the pleading. F.R.C.P. 11(c)(3). Plaintiffs' current presentation of the previously unfiled motion to the Court is in violation of Rule 11. As such, they would suffer no irreparable harm from the Court's denial of their improper *ex parte* application.

### Plaintiffs Are Not "Without Fault."

First and foremost, Plaintiffs have long been on notice that Defendants maintained their allegations that Plaintiffs acted in "bad faith" by "seeking" and "obtaining" the *ex parte* seizure order in this case. *See, e.g.* Defendants' Third Amended Counterclaims, Dkt. No. 510 at ¶¶ 2(a), 2(f), 23; *see also* Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings, Dkt. No 601, p. 3-4, 7 ("the manner of execution of the order and the information omitted from the application evidence an intent to do something other than simply prevent a "bad faith tactic" of destruction or transfer of counterfeit merchandise"). Plaintiffs could have addressed Defendants' assertions regarding their bad faith intent in their prior reply, or in the supplemental briefing on the motion that they elected not to file. They did not, and even if their claims were correct, this "emergency" has been part of the case since before they filed their motion for judgment on the pleadings.

Separate and apart from their failure to object to prior assertions of bad faith, Plaintiffs waited ten days from filing the "offending" brief to demand action from Defendants, and then filed their *ex parte* motion on the next day. Plaintiffs' actions clearly reflect the lack of any true emergency that would warrant ex parte relief or excuse their failure to follow the Federal and Local Rules of Civil Procedure.

///
///
///
///

**Conclusion.**

Defendants respectfully request that the Court deny Plaintiffs' *ex parte* application and strike Plaintiffs' improper response and attachments thereto pursuant to L.R. 7-10 and F.R.C.P. 11.

DATED:  January 24, 2014        Respectfully submitted,

MILLER BARONDESS, LLP

By: _____/s/_____
    ERIK S. SYVERSON
    STEVEN T. GEBELIN
    SCOTT M. LESOWITZ
Attorneys for Defendants and Counterclaimants Sawabeh Information Services Co. and TradeKey (Pvt) Ltd., and Defendants Waleed Abalkhail and Junaid Mansoor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# Fenwick
## FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL: 415.875.2300   FAX: 415.281.1350   WWW.FENWICK.COM

October 9, 2012

LAURENCE F. PULGRAM

EMAIL LPULGRAM@FENWICK.COM
Direct Dial (415) 875-2390

**VIA E-MAIL AND U.S. MAIL**

Susan M. Kayser, Esq.
skayser@jonesday.com
Jones Day
51 Louisiana Ave. NW
Washington, DC 20001-2113

Re:   Chloe SAS, et al. v. TradeKey, et al.

Dear Susan:

This is in response to your letter and our telephone call of this afternoon.

First, you confirmed that your clients have agreed not to file any Rule 11 motion with respect to your arguments regarding the statute of limitations. Thank you.

Second, we reached agreement in principle, subject to your review of the Second Amended Counterclaim ("SACC") that we propose here, that Counterdefendants will stipulate to the filing of a SACC, and that the SACC will be treated as the pleading to be addressed in the pending motions to dismiss. This will obviate the need for any motion to amend. Counterdefendants have not, pending receipt of that document (which is attached showing redlines against the prior FACC), stated whether they will file any Rule 11 Motion on the other issue raised in their proposed Motion.

Third, we disagreed as to whether or not Counterdefendants' proposed Rule 11 Motion has been adequately addressed by the proposed SACC. We reject your argument that the proposed Motion raised issues beyond the intent of the Counterdefendants to mislead or conceal information from the Court at the time of their filing of the *ex parte* applications. Your Rule 11 Motion itself did not even identify the "specific conduct that allegedly violates Rule 11(b)," a fact that your letter does not address. *See* Rule 11(c)(2). For its part, the section heading in your Memorandum of Points and Authorities on page 8 identified the issue as: "The TradeKey Defendants Have No Factual Basis For Claiming That Jones Day, Its Agents, and Plaintiffs Lied To This Court And Intended To Deceive This Court." MPA, Argument Heading, at 8. Throughout that section, the MPA addresses only the Counterclaims' allegations of intent to deceive the Court at the time of filing the *ex parte* motion. Your letter's assertion that new allegations, beyond those identified in your Rule 11 Motion, will be challenged or "must be removed" is contrary to Rule 11. The Rule is unambiguous in providing that the motion "must not be filed or presented to the Court" if the "specific conduct" identified in the motion is

Susan M. Kayser, Esq.
Jones Day
October 9, 2012
Page 2

withdrawn or appropriately corrected. Moreover, as explained by phone, the allegations that have not been withdrawn have support in the factual record and/or after a reasonable opportunity for further investigation or discovery.[1]

After reviewing your letter, we have completed the attached Second Amended Counterclaims, which we propose to file by stipulation. We look forward to hearing before or at our call scheduled for 11:00 a.m. tomorrow whether you agree not to file your Rule 11 Motion. If you contend that any allegation specified in your Motion can still give rise to a claim under Rule 11, please specify by that time the precise words of the allegation that you claim can give rise to such a Motion. Counterdefendants reserve all rights in the event that you persist with filing a Motion in violation of the Rule.

Very truly yours,

FENWICK & WEST LLP

Laurence F. Pulgram

LFP:dw
Attachment

cc:   Mark Finkelstein (w/attach.)

---

[1] As noted in my prior letter, Counterdefendants do not agree that any allegations in the First Amended Counterclaims were improper, but as some were unneeded, the issue is mooted by their withdrawal.